UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CA 04-30189-MHP

------------------------------X
PAUL T. PAPADAKIS,
       Plaintiff,         :   CIVIL ACTION
                                 NO.
-vs-                          :

CSX TRANSPORTATION, INC.,     :
       Defendant
------------------------------X

U. S. DISTRICT COURT
N. D. OF N. Y.
FILED
MAR 16 2004
AT_____O'CLOCK___M
LAWRENCE K. BAERMAN, Clerk
UTICA

COMPLAINT

COUNT I

    1.   The plaintiff is a resident of Feeding Hills, Massachusetts, and brings this action against the defendant, CSX Transportation, Inc., a railroad corporation duly established by law and having an usual place of business in Albany, New York for injuries suffered by him while in the employ of the defendant, CSX Transportation, Inc. This action is brought by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.A., Section 51, et seq.

    2.   During all the times herein mentioned, the defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Albany, New York and Massachusetts; and, at the time the plaintiff received the injuries

ECF DOCUMENT
I certify that this is a printed copy of a document which was electronically filed with the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK.
LAWRENCE K. BAERMAN, CLERK
Dated: 9/9/04
By: _____ Deputy Clerk

complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.

3. On or about June 13, 2001, the plaintiff was employed as an I&R Foreman by the defendant and was engaged in his duties as an I&R Foreman operating a motor vehicle owned, leased, rented or otherwise under the defendant's control, which vehicle had been inspected, repaired and/or maintained by agents, employees and/or contractors of the defendant in Selkirk, New York, and as a result of the negligence of the defendant, its agents, servants or employees, in connection with the inspection, maintenance and/or repair of said vehicle, the plaintiff was injured at or near Warren, Massachusetts.

4. As a result of the said accident, the plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will so continue to suffer for an indeterminate period of time in the future; that prior to said accident, the plaintiff was earning the wages of an I&R Foreman as an employee of the defendant; that as a result of the said accident; that the

plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

COUNT II

1. The plaintiff is a resident of Feeding Hills, Massachusetts, and brings this action against the defendant, CSX Transportation, Inc., a railroad corporation duly established by law and having an usual place of business in Albany, New York, for injuries suffered by him while in the employ of the defendant, CSX Transportation, Inc.. This action is brought by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.A., Section 51, et seq.

2. During all the times herein mentioned, the defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Albany, New York and Massachusetts; and, at the time the plaintiff received the injuries complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.

3. On or about June 13, 2001, the plaintiff was employed as an I&R Foreman by the defendant and was engaged in his duties as an I&R Foreman operating a motor vehicle owned, leased, rented or otherwise under the defendant's control, which vehicle had been inspected, repaired and/or maintained by agents, employees and/or contractors of the defendant in Selkirk, New York, and as a result of the failure of the defendant, its agents, servants or employees to use reasonable care to provide the plaintiff a safe place in which to work and to furnish him with safe and suitable tools, appliances and equipment, including a reasonably safe vehicle, the plaintiff was injured at Warren, Massachusetts.

4. As a result of the said accident, the plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will so continue to suffer for an indeterminate period of time in the future; that prior to said accident, the plaintiff was earning the wages of an I&R Foreman as an employee of the defendant; that as a result of said accident, the plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said

injuries.

<u>PLAINTIFF REQUESTS TRIAL BY JURY</u>.

PAUL T. PAPADAKIS,
By his attorneys,

_____
Robert T. Naumes

_____
Robert M. Byrne, Jr.
THORNTON & NAUMES LLP
100 Summer St., 30th Fl.
Boston, MA 02110
(617) 720-1333

_____
Dale M. Thuillez
THUILLEZ, FORD, GOLD
 & JOHNSON LLP
20 Corporate Woods Blvd.
6th Floor
Albany, New York 12211
(518) 455-9952

DATE: March 15, 2004

FELA\PAPADAKIS\COMPLAINT.USDC\ALBANY,NY

-5-

JS 44
(Rev. 3/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

PAUL T. PAPADAKIS

**DEFENDANTS**

CSX TRANSPORTATION, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   HAMPDEN
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)   617-720-1333

Robert M. Byrne, Jr., Esq.
Robert T. Naumes, Esq.
Thornton & Naumes LLP, 100 Summer St., Boston, MA 02110

ATTORNEYS (IF KNOWN)

Dale M. Thuillez, Esq., Thuillez, Ford, Gold & Johnson
20 Corporate Wood Blvd., Albany, NY 12211  518-455-9952

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 510 Motions to Vacate Sentence | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Tort for negligence under the Federal Employers' Liability Act, 45 U.S.C.A., Section 51 et seq.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $1,000,000.

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 3/15/04  SIGNATURE OF ATTORNEY OF RECORD [signatures]

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT OF NEW YORK

PAUL T. PAPADAKIS

V.

CSX TRANSPORTATION, INC.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

TO: (Name and address of defendant)

CSX TRANSPORTATION, INC.
RISK MANAGEMENT, GENERAL CLAIMS DEPARTMENT
116 PLEASANT STREET, ROOM 3314B
EASTHAMPTON, MA  01027-2741

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ROBERT M. BYRNE, JR., ESQ.
ROBERT T. NAUMES, ESQ.
THORNTON & NAUMES LLP
100 SUMMER ST., 30TH FL.
BOSTON, MA 02110

DALE M. THUILLEZ, ESQ.
THUILLEZ, FORD, GOLD & JOHNSON
20 CORPORATE WOODS BLVD., 6TH FL.
ALBANY, NEW YORK  12211

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(BY) DEPUTY CLERK