UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------X
PAUL T. PAPADAKIS,
Plaintiff,                          :

                                                             CIVIL ACTION
                                                             NO: 04-30189-MAP

                                     :
   -vs-
                                     :

CSX TRANSPORTATION, INC.,
 Defendant.                         :

-------------------------------------------X

## PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Now comes the plaintiff in the above captioned matter pursuant to Rule 37.1 (B) of the Local Rules for the United States District Court of Massachusetts, and respectfully moves the court for an order to compel the defendant to provide substantive responses to the plaintiff's interrogatories.

### FACTS

Plaintiff, Paul T. Papadakis, commenced this action to recover monetary damages from the defendant, CSX Transportation, Inc. (CSX), pursuant to the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, et seq. for injuries sustained on June 13, 2001, while working within the scope of his employment as a track inspector. The Plaintiff says that the pick up truck he was provided by CSX had a mechanical problem with the so called "hy-rail" gear. While he was attempting to make a temporary repair to the hy-rail gear, he sustained an injury to his back.

On February 8, 2005 the attorney for Mr. Papadakis, Robert Byrne Jr., sent a letter to Attorney Michael B. Flynn requesting that the parties discuss issues relating to the defendant's objections to certain interrogatories. Exhibit A. The letter identified thirteen questionable objections to interrogatories, and tried to narrow the objections. The letter also asked Mr. Flynn to advise Mr. Byrne of his positions. It is now

March 3, 2005, and there has been no response to this discovery request by the defendants as required by Rule 37.1(a) of the Local Rules of Massachusetts District Court. The reason that a discovery conference has not been held is because counsel for the defense has not responded to the plaintiff's request for a discovery conference.

The incident in question occurred almost four years ago, and the matter has been in litigation since. CSX was issued a summons for this case on March 16, 2004, nearly a year has passed since CSX became aware of this claim. The defendant has had ample time to search for information responsive to the interrogatories, and should be ordered to do so.

## STATEMENT OF LAW

Rule 37.1(A) of the Local Rules for the United States District Court states

> **"Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the conference. Conferences may be conducted over the telephone. Failure of opposing counsel to respond to a request for a discovery conference within (7) days of the request shall be grounds for sanctions which may include automatic allowance of the motion."**

The plaintiff's attorney has attempted to resolve issues pertaining to objections by the defendant's counsel to certain interrogatories. The defense counsel has failed to respond to the request for a discovery conference within the stated time period, therefore the plaintiff seeks an automatic allowance of the motion to compel answers to interrogatories.

## CONTESTED INTERROGATORRIES

### INTERROGATORY # 3

Please describe in detail the nature of the plaintiff's assigned duties on June 13, 2001.

## ANSWER #3

Objection. The defendant objects to this interrogatory on the grounds that it is overly broad, vague, and unduly burdensome. The defendant further objects to this interrogatory on the ground that it calls for information which is known to, in the possession of, or equally or more readily available to the plaintiff. Without waiving these objections, the defendant states that it is diligently searching for information which may be responsive to this interrogatory and agrees to provide any such non-objectionable responsive information when, and if, it becomes available.

## REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that, there is nothing broad, vague, or unduly burdensome in asking the nature of the plaintiff's duties on the day his injury, which is the subject of this lawsuit. This information is certain to lead to the discovery of admissible evidence. Furthermore, the defendant has had ample time to search for information responsive to this interrogatory, and should be ordered to do so.

## INTERROGATORY #4

Please identify with specificity all devices, equipment, tools, and vehicles provided to the plaintiff by the defendant to be used by the plaintiff in the performance of his assigned duties on June 13, 2001

## ANSWER #4

Objection. The defendant objects to this interrogatory on the grounds that it is overly broad in both time, and scope, vague, and unduly burdensome. The defendant further objects to this interrogatory on the grounds that it calls for information which is known to, in possession of, or equally more readily available to the plaintiff.

## REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days

is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that, there is no legal basis to withhold this type of information. The defendant is in a superior position to identify the devices, equipment, tools, and vehicles that the plaintiff was using on the day of the accident. Furthermore, the defendant has had ample time to search for information responsive to this interrogatory, and should be ordered to do so.

### INTERROGATORY #5

Please identify by name, address and position with the defendant the members of the Safety Committee responsible for maintenance of the safe work practices and safety rule compliance at or about the location of the plaintiff's accident and/or in the area on and prior to June 13, 2001.

### ANSWER #5

Objection. The defendant objects to this interrogatory on the grounds that it is overly broad and vague, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the defendant states that it is diligently searching for information which may be responsive to this interrogatory and agrees to provide any such non-objectionable responsive information when, and if, it becomes available.

### REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that, there is no legal basis for this objection. Clearly members of the defendant's Safety Committee would have information pertaining to the hy-rail equipment, or any other equipment that was used during the accident in which the plaintiff was injured. This information could lead to the discovery of admissible evidence.

### INTERROGATORY #6

Please identify any employee of the defendant who inspected, maintained and/or repaired the subject vehicle or any component thereof, or identify hy-rail vehicle by # attachment

thereto including but not limited to its hy-rail equipment within the 12 month period of the alleged incident of June 13, 2001.

## ANSWER #6

Objection. The defendant objects to this interrogatory on the grounds that it is overly broad and vague, and not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects to this interrogatory on the grounds that it seeks information which is protected from discovery by the attorney client privilege and as work-product prepared in anticipation of litigation. Without waiving these objections, the defendant states that it is diligently searching for information which may be responsive to this interrogatory and agrees to provide any such non-objectionable responsive information when, and if, it becomes available.

## REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that, there is no legal basis for this objection. The plaintiff is merely asking for the names of any employee who had worked on the hy-rail, the piece of machinery that caused the plaintiff's injury. The names of these employees are not protected by the attorney/client privilege, nor are the names of any employee subject to the work product doctrine. The defendant has had ample time to supplement this answer, yet has chosen not to. This information would be more than likely to lead to the discovery of admissible evidence.

## INTERROGATORY #14

If the defendant contends that on June 13, 2001 the plaintiff violated a company practice, procedure, or rule, which violation caused or contributed to his alleged injuries of June 13, 2001, please identify the rule, practice, or procedure and/or describe the practice or procedure which was allegedly violated.

## ANSWER #14

Objection. The defendant objects to this interrogatory on the grounds that it is overly broad, vague, and unduly burdensome. The defendant further objects to this interrogatory on the ground that it calls for information which is known to, in the possession of, or equally or more readily available to the plaintiff. Without waiving these objections, the

defendant states that it is diligently searching for information which may be responsive to this interrogatory and agrees to provide any such non-objectionable responsive information when, and if, it becomes available. The defendant further refers the plaintiff to the documents produced in the defendant's *Initial Disclosures* in § B, as Exhibit E

### REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that, there is no legal basis for this objection. Furthermore, the defendant has had ample time to search for information responsive to this interrogatory, and should be ordered to do so.

### INTERROGATORY #15

Please describe in detail the factual basis for defendant's contention that the plaintiff violated or failed to comply with company rule, practice, or procedure and thereby caused or contributed to his alleged injury of June, 13, 2001.

### ANSWER #15

Objection. The defendant refers the plaintiff to the defendant's *Answer to Interrogatory No.14* above.

### REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that, there is no legal basis for this objection. Furthermore, the defendant has had ample time to search for information responsive to this interrogatory, and should be ordered to do so.

### INTERROGATORY #16

If the defendant is aware of any inspection, maintenance, or repair that was performed on the subject vehicle within the six month period following the alleged incident that identified a condition that required repair, adjustment, or modification of the tires, or hy-rail equipment of the subject vehicle, then please:
    a. Describe the condition in detail;
    b. Indicate who identified the condition;
    c. When the condition was discovered; and
    d. What was done, if anything, to repair, adjust, or modify it.

## ANSWER #16

Objection. The defendant objects to this interrogatory on the grounds that it is overly broad in both time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the defendant refers the plaintiff to the documents which were previously produced in the defendant's *Initial Disclosures* in § B, as Exhibit D, and further states that it is diligently searching for information which may be responsive to this interrogatory and agrees to provide any such information when, and if, it becomes available.

## REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that, there is no legal basis for this objection. Furthermore, the defendant has had ample time to search for information responsive to this interrogatory, and should be ordered to do so.

## INTERROGATORY #17

Please identify all employees of the defendant who have performed any inspection, maintenance and/or repair of the subject vehicle.

## ANSWER # 17

Objection. The defendant objects to this interrogatory on the grounds that it is overly broad in both time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the defendant states that it is diligently searching for information which may be responsive to this interrogatory and agrees to provide any such non-objectionable information when, and if, it becomes available.

## REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that, there is no legal basis for this objection. The plaintiff once again is merely asking for the names of any employee who has worked on the subject vehicle. Any employee that has performed maintenance on the vehicle in question would have information that is reasonably calculated to lead to admissible evidence. Furthermore, the defendant has had ample time to search for information responsive to this interrogatory, and should be ordered to do so.

## INTERROGATORY #18

Please identify any employee of the defendant known to have within 24 months of the alleged incident operated the subject vehicle.

## ANSWER #18

Objection. The defendant objects to this interrogatory on the grounds that it is overly broad in both time and scope. Without waiving these objections, the defendant states that it is diligently searching for information which may be responsive to this interrogatory and agrees to provide any such non-objectionable information when, and if, it becomes available.

## REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that, there is no legal basis for this objection. The plaintiff once again is merely asking for the names of any employee who has operated on the subject vehicle. Any

employee that has operated the vehicle in question would have information that is reasonably calculated to lead to admissible evidence.

## INTERROGATORY #19

Please describe in detail what instruction and/or training, if any, was provided to the plaintiff by the defendant regarding:

 a. Inspection of the subject vehicle
 b. Maintenance of the subject vehicle
 c. Repair of the subject vehicle; and
 d. Operation of the hy-rail on the subject vehicle

### Answer #19

The defendant objects to this interrogatory on the grounds that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects to this interrogatory on the grounds that it calls for information which is known to, in the possession of, or equally or more readily available to the plaintiff.

## REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that, information pertaining to the plaintiff's training and instruction with regards to the subject vehicle and equipment is more than likely to lead to the discovery of admissible evidence. Furthermore the defendant is in the position to provide copies of manuals, and or safety booklets used during this training.

## INTERROGATORY #20

If the defendant or any of its employees have stated that the plaintiff was injured when he attempted to reposition the rail gear on the subject vehicle, which rotated past the normal position resulting in the hy-rail wheels locking in the down position and further stated that the over-rotation was attributable to the plaintiff's used of used, and improper hand lever to lower the hy-rail gear, then please:
 a. Identify any employee who has made this statement; and
 b. The factual basis for this contention

## ANSWER #20

Objection. The defendant objects to this interrogatory on the grounds that it seeks information which is protected from discovery by the attorney/client privilege and as work/product prepared in anticipation of litigation. The defendant further objects to this interrogatory on the grounds that it is overly broad in both time and scope and vague.

## REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that the plaintiff is once again simply asking for the name of any employee that was injured in a similar fashion, with the same equipment. The names of these employees are not protected by the work product doctrine because just providing a name does not rise to the level of work prepared in the anticipation of litigation. Similarly the plaintiff is not asking to defendant to provide information as to conversations protected by the attorney client privilege. The plaintiff is just asking for names, not protected information.

## INTERROGATORY #21

Please describe in detail what complaints, if any, have been made by the plaintiff or any other of the defendant's employees during the twelve month period preceding and following the alleged incident concerning:
   a. the condition of the hy-rail gear; and
   b. the lack of proper hand-lever to reposition
            the rail gear.

## ANSWER #21

Objection. The defendant objects to this interrogatory on the grounds that it seeks information which is protected from discovery by the attorney/client privilege and as work product prepared in the anticipation of litigation. The defendant further objects to this interrogatory on the grounds that it is overly broad in both time, and scope, and vague. Without waiving said objections, the defendant states that it is diligently searching for information which may be responsive to this interrogatory and agrees to provide any such non-objectionable responsive information, when and if it becomes available.

## REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that there is no legal basis for this objection the complaints were not prepared by the defense counsel in anticipation of litigation. These complaints would lead to discoverable information because they could show that the defendant was aware of defective equipment, yet failed to address the issue. This request is not overbroad because it pertains solely to the equipment that is subject to this litigation.

### INTERROGATORY #22

Please identify the last known addresses for D.J. Evers, and Dick Ross.

### ANSWER # 22

Objection. The defendant objects to this interrogatory on the grounds that it is overly broad and vague, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the defendant states that it is diligently searching for information which may be responsive to this interrogatory and agrees to provide any such non-objectionable responsive information, when, and if, it becomes available.

### REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that there is no legal basis for this objection. The plaintiff is asking for the addresses of two employees of the defendant railroad company. Both employees have information pertaining to the accident. The defendant has had ample time to provide the plaintiff with these two individuals' addresses yet has failed to do so.

### INTERROGATORY #23

If prior to June, 13 2001, the plaintiff or any other employee complained about the one-man I&R crews, and the need for one or two additional employees working with those crews, please:
    a. Identify the person who was complained to;
    b. When that complaint was complained; and
    c. Is there a written record of the complaint.

## ANSWER #23

Objection. The defendant objects to this interrogatory on the grounds that it seeks information which is protected from discovery by the attorney/client privilege and as work-product prepared in anticipation of litigation. The defendant further objects to the interrogatory on the grounds that it is both overly broad in both time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the defendant states that it is diligently searching for information which may be responsive to this interrogatory and agrees to provide any such non-objectionable responsive information, when, and if, it becomes available.

## REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answers the interrogatory on the grounds that there is no legal basis for this objection. Complaints made to the defendant are not protected by the work product doctrine because they were not prepared by an attorney in anticipation of litigation, they are merely complaints, that may lead to admissible evidence. Furthermore, the defendant has had ample time to search for responsive answers to these interrogatories, and should be ordered by the court to do so.

## INTERROGATORY #24

If at the time of the alleged incident, the defendant assigned two or more employees to any of its so called inspection or repair crews working anywhere on its' divisions, please:
    a. Identify the divisions; and
    b. Explain why the plaintiff was assigned to work alone on June 13, 2001.

## ANSWER #24

Objection. The defendant objects to this interrogatory on the grounds that it is overly broad in both time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

## REASON TO COMPEL

The defendant has failed to respond to the plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. The plaintiff contends that his injury was partially caused by being forced to work alone. Furthermore, the defendant has had ample time to search for responsive answers to these interrogatories, and should be ordered by the court to do so.

## CERTIFICATE:

I, Robert M. Byrne Jr. have complied with the provisions of Local Rule 37.1, I have attempted in good faith to narrow and resolve discovery issues with the defendant, have allowed seven days to pass after a request for a discovery conference before filing this motion to compel answers to interrogatories.

PAUL T. PAPADAKIS

By his attorney,

DATE: 3/7/05

Robert M. Byrne, Jr.
BBO#: 068620
**THORNTON & NAUMES, LLP**
100 Summer Street
Boston, MA 02110
(617) 720-1333

Certificate of Service

I hereby certify that on March 7, 2005, I served the foregoing Plaintiff's Motion to Compel Answers to Interrogatories by mailing a copy of same, postage prepaid, to:

Michael B. Flynn, Esq
Flynn & Associates
400 Crown Colony Drive, Suite 200
Quincy, MA 02169

Robert M. Byrne, Jr., Esq.

**Exhibit A**

ATTORNEYS AT LAW

# Thornton & Naumes LLP

100 Summer St. • 30th Floor • Boston, MA 02110 • 617-720-1333
Toll Free 800-431-4600   FAX# 617-720-2445
www.tenlaw.com

Michael P. Thornton (NH, ME & MA)
John T. Barrett (NH & MA)
Robert T. Naumes
Neil T. Leifer (ME, NJ & MA)
David J. McMorris (NY & MA)
Edwin L. Wallace
Robert M. Byrne, Jr.
David C. Strouss
Joseph R. Donohue (ME & MA)
Patricia M. Flannery
Andrew S. Wainwright
Michael A. Lesser
Marilyn T. McGoldrick
Garrett J. Bradley
Brad J. Mitchell
Kristen Marquis Fritz
Zoran Malesevic
Allyson S. Hauck

Of Counsel
Elizabeth M. Shost
Admitted in NY & PA only

February 8, 2005

Michael B. Flynn, Esquire
Flynn & Associates, PC
400 Crown Colony Drive, Suite 200
Quincy, Massachusetts 02169

RE:   Paul T. Papadakis vs. CSX Transportation, Inc.
      United District Court/Massachusetts C.A. No.: 04-30189-MAP

Dear Mr. Flynn,

Thank you for your responses to the plaintiff's discovery including Interrogatories and Rule 34 Request for Documents. I have reviewed same and note your objections to my many of the discovery request and take issue with your objection in a number of instances. Specifically, your responses to Interrogatory #'s 3 – 6 and 14 – 24, are, in my opinion, without legal basis. In many instances, the interrogatories merely ask for the names and identities of witnesses, information regarding the particular vehicle and tools the plaintiff was assigned to work with, the mechanical history of the vehicle and the identity of those who performed inspections and/or repairs and the basis for one or more of your affirmative defenses. I would ask that you would reconsider your objection to providing substantive responses to these interrogatories and advise me of your position accordingly.

If you have any questions or comments concerning the above, please do not hesitate to contact me. Otherwise, I look forward to hearing from you with your substantive responses at your earliest convenience.

Very truly yours,

Robert M. Byrne, Jr.

RMB/cal