UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. PAPADAKIS<br>Plaintiff<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br>Defendant | C.A. No.:04-30189-MAP |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT CSX TRANSPORTATION, INC.'S ADEQUATE AND COMPLETE RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Here comes the Plaintiff in the above captioned matter pursuant to Rule 37.1 (B) of the Local Rules for the United States District Court of Massachusetts with a motion to compel the defendant to adequately and completely respond to the Plaintiff's request for admissions.

## STATEMENT OF FACTS

The Plaintiff Paul T. Papadakis (Mr. Papadakis) worked as a track inspector for Defendant CSX Transportation, Inc., a railroading corporation. The Defendant operates a fleet of pick-up trucks outfitted with devices known as hy-rails that enable track inspectors to drive the trucks on both roadways and railway tracks. The inspectors must insert a lever bar into the device's socket to either lower the hy-rail's wheels into position for railway travel or raise them for roadway driving. Each hy-rail model requires a distinctive lever bar that is characterized by its bend configuration.

On June 13, 2001, Mr. Papadakis was operating a hy-rail-equipped truck at a railway crossing in Warren, Massachusetts. When the time came to raise the hy-rail's wheels and secure them in highway mode, Mr. Papadakis retrieved the lever bar stored in his vehicle. Unbeknownst to him, the lever bar in his truck was intended for use on a

1

different hy-rail model. The incompatible lever bar caused the socket to pass over center and prevent Mr. Papadakis from securing the wheels in the upward position. To compensate for the hy-rail's malfunction, Mr. Papadakis hoisted and fastened the hy-rail wheels manually using a chain. While doing so, he sustained serious back injuries.

Mr. Papadakis sued the Defendant for negligence in maintaining the vehicle and also for providing an unsafe work environment. Mr. Papadakis submitted a Request for Admissions to the Defendant in accordance with Fed. R. Civ. P. 36, and the Defendant objected to several of the Requests. The Defendant objected to Requests Nos. 1, 3, 9, 10 through 12, 19 through 22, 25, 28, 33, 35, and 36, contending that they are overly broad in time or vague. The Defendant objected to Request Nos. 15, 18, and 40, which relate to functionality and maintenance of the pivot stop arm assembly and socket in which the lever bar inserts. The Defendant grounds its objections in the assertion that the wheel did not pass over center. The Defendant objected to Request Nos. 41 through 45, which concern annual statements of fringe benefits, citing its unfamiliarity with the statements' source and accuracy.

After receiving the Defendants Response to the Plaintiff's Request for Admissions, the Plaintiff's attorney, Mr. Robert Byrne Jr. called the Defendant's Attorney Bethnany Machacek to discuss her client's response to the Rule 36 Request for Admissions. Ms. Machacek informed Mr. Byrne that she would discuss the matter with Attorney Michael Flynn and then call him back. One week later on August 9, 2005 Attorney Byrne sent a follow up letter seeking to initiate a discovery conference. To this date there has been no response from the Defendant's attorney.

## DISCUSSION

After compliance with the local prerequisites for filing discovery motions, the party requesting admissions may file a motion to compel to determine the sufficiency of the answers or objections. Rule 37.1(A) of the Local Rules for the United States District Court states

> **"Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the conference. Conferences may be**

2

**conducted over the telephone. Failure of opposing counsel to respond to a request for a discovery conference within (7) days of the request shall be grounds for sanctions which may include automatic allowance of the motion."**

The Plaintiff's attorney has attempted to resolve issues pertaining to objections by the Defendant's counsel to certain requests for admissions. The defense counsel has failed to respond to the request for a discovery conference within the stated time period, therefore the plaintiff seeks an automatic allowance of the motion to compel complete and accurate answers to admissions.

Federal Rule of Civil Procedure 36(a) controls parties' Request for Admissions, and requires that the answering party state its reason for objecting to Requests. Fed. R. Civ. P. 36. The requesting party may move thereafter to determine the objections' sufficiency. Id. If the court deems a party's objection unjustified, it may order the answering party to submit an amended answer. Id.

The Defendant's attorney failed to respond to the request for a discovery conference within 7 days of the request, therefore the motion should be automatically granted. In the alternative of an automatic allowance of the motion, the Defendant's objections on the whole are not justifiable and the Court should require the Defendant to submit appropriate answers.

## CONTETSTED REQUESTS FOR ADMISSIONS

### I. OBJECTIONS TO REQUEST NOS. 1, 3, 9, 10, 11, 12, 19, 20, 21, 22, 25, 28, 33, 35, AND 36

**REQUEST NO. 1:**
At all times material hereto, the Defendant, CSX Transportation, Inc., has been a railroad within the meaning of 45 USC§ 51 et seq. Federal Employers' Liability Act.

**RESPONSE NO. 1:**
Objection. The defendant objects to this question on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant admits that it is a railroad within the meaning of the Federal Employer's Liability Act.

**REASON TO COMPEL:**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not

automatically allowed the defense should be forced to admit because the Request is not broad or vague. Mr. Papadakis has set forth with specificity all dates and information with enough detail to allow the defendant to formulate a response. The Defendant cannot sustain its burden in showing that the objection is justified and therefore the Court should require the defendant to submit a complete answer to this request.

**REQUEST NO. 3:**
At all times material hereto, the Defendant, CSX Transportation, Inc., has been engaged in interstate commerce.

**RESPONSE NO. 3:**
Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant admits that it is engaged in interstate commerce.

**REASON TO COMPEL:**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to admit because the Request is not broad or vague. Mr. Papadakis has set forth with specificity all dates and information with enough detail to allow the defendant to formulate a response. The Defendant cannot sustain its burden in showing that the objection is justified and therefore the Court should require the defendant to submit a complete answer to this request.

**REQUEST NO. 9:**
The hy-rail equipment on truck #TC 500285 had been retrofitted with an "easy lift conversion kit" some time prior to June 13, 2001

**RESPONSE NO. 9:**
Objection. The defendant objects to this question on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is either insufficient to enable the defendant to admit or deny the request.

**REASON TO COMPEL**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to admit because the incident in question occurred almost four years ago, and the matter has been in litigation since. The information would be readily known and available to the Defendant, because CSX owns the truck in question. CSX was issued a summons for this case on March 16, 2004, over a year has passed since CSX became aware of this claim. The defendant has had ample time to search for information that would enable them to admit or deny this request.

**REQUEST NO. 10:**
At a point in time prior to June 13, 2001 the hy-rail gear on truck #TC 500285 was series 0307 "Hy-Rail Pilot Unit without gears".

**RESPONSE NO. 10:**
Objection. The defendant objects to this question on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is either insufficient to enable the defendant to admit or deny the request.

**REASON TO COMPEL**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to admit because the incident in question occurred almost four years ago, and the matter has been in litigation since. The information would be readily known and available to the Defendant, because CSX owns the truck in question. CSX was issued a summons for this case on March 16, 2004, over a year has passed since CSX became aware of this claim. The defendant has had ample time to search for information that would enable them to admit or deny this request.

**REQUEST NO. 11:**
At a point in time prior to June 13, 2001, the hy-rail gear on truck #TC 500285 was series 0307 "Hy-Rail Pilot Unit with gear".

**RESPONSE NO. 11:**
Objection. The defendant objects to this question on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is either insufficient to enable the defendant to admit or deny the request.

**REASON TO COMPEL**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to admit because the incident in question occurred almost four years ago, and the matter has been in litigation since. The information would be readily known and available to the Defendant, because CSX owns the truck in question. CSX was issued a summons for this case on March 16, 2004, over a year has passed since CSX became aware of this claim. The defendant has had ample time to search for information that would enable them to admit or deny this request.

**REQUEST NO. 12:**
At some time prior to June 13, 2001, the installation of the easy lift conversion kit on truck #TC 500285 was performed by employees of CSX Transportation, Inc.

**RESPONSE NO. 12:**
Objection. The defendant objects to this question on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is either insufficient to enable the defendant to admit or deny the request.

**REASON TO COMPEL**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to admit because the incident in question occurred almost four years ago, and the matter has been in litigation since. The information would be readily known and available to the Defendant, because CSX owns the truck in question. CSX was issued a summons for this case on March 16, 2004, over a year has passed since CSX became aware of this claim. The defendant has had ample time to search for information that would enable them to admit or deny this request.

**REQUEST NO. 19:**
The proper hand lever bar for use with the hy-rail gear on truck #TC 500285 on June 13, 2001 had a single bend on each end.

**RESPONSE NO. 19:**
Objection. The defendant objects to this request on the grounds that it is vague. The defendant also objects to this request on the grounds that it is irrelevant to the issues in this case since the plaintiff was using the single bend end of the hand level bar at the time of his accident and since he did not leverage the bar past the bumper at the time of his accident.

**REASON TO COMPEL**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to admit because the Plaintiff is merely asking the Defendant to admit or deny whether the proper hand level bar for the hy-rail gear has a single bend on each end. The Defendant's answer is non-responsive because the request for admission makes no mention of leveraging the bar past the bumper, therefore the objection is not well taken.

**REQUEST NO. 20:**
Use of an improper hand level bar to lower and lock the guide wheel on truck #TC 500285 in the rail position creates the potential that the operator may leverage the bar past the bumper.

6

**RESPONSE NO. 20:**
Objection. The defendant objects to this request on the grounds that it is vague. The defendant also objects to this request on the grounds that it is irrelevant to the issues in this case since the plaintiff was using the single bend end of the hand level bar at the time of his accident and since he did not leverage the bar past the bumper at the time of his accident.

**REASON TO COMPEL**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to answer because the objection again is non-responsive. The Plaintiff is merely asking the Defendant to admit or deny if the improper hand level bar creates the potential that the operator may leverage the bar past the bumper therefore the objection is not well taken.

**REQUEST NO. 21:**
Use of an improper bar to lower and lock the pilot wheel in the rail position on truck #TC 500285 creates the potential of causing the socket to pass over center.

**RESPONSE NO. 21:**
Objection. The defendant objects to this request on the grounds that it is vague and that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of plaintiff's accident.

**REASON TO COMPEL**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. The Defendant's objection is misinformed due to a misreading of the Request's text. The Plaintiff's concern is not whether the *guide wheel* "passed over center," but rather whether the *socket* "passed over center," and occurrence the pivot stop assembly is designed to prevent. The Defendant's objection is therefore non-responsive, and should be forced to admit or deny this request.

**REQUEST NO. 22:**
A hand lever bar with a single bend at each end (as drawn by Peter Eberts at his deposition on March 31, 2005 where it was marked as Exhibit 1) has a configuration that prevents the operator from leveraging the bar past the bumper of the truck and causing the socket to pass over center.

**RESPONSE NO. 22:**
Objection. The defendant objects to this request on the grounds that it is vague and that it is not reasonably calculated to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident. The defendant also objects to this request on the grounds that it is irrelevant to the issues in this case since the plaintiff

7

was using the single-bend end of the hand lever bar at the time of his accident and since he did not leverage the bar past the bumper at the time of his incident.

**REASON TO COMPEL**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. The Defendant's objection is misinformed due to a misreading of the Request's text. The Plaintiff's concern is not whether the *guide wheel* "passed over center," but rather whether the *socket* "passed over center," and occurrence the pivot stop assembly is designed to prevent. The Defendant's objection is therefore non-responsive, and should be forced to admit or deny this request.

**REQUEST NO. 25:**
When the socket on the hy-rail gear of truck #TC 500285 goes over center, the locking paul handle will not lock and the guide wheel will not secure in the highway position.

**RESPONSE NO. 25:**
Objection. The defendant objects to this request on the grounds that it is vague and that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of plaintiff's accident.

**REASON TO COMPEL**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. The Defendant's objection is misinformed due to a misreading of the Request's text. The Plaintiff's concern is not whether the *guide wheel* "passed over center," but rather whether the *socket* "passed over center," and occurrence the pivot stop assembly is designed to prevent. The Defendant's objection is therefore non-responsive, and should be forced to admit or deny this request.

**REQUEST NO. 28:**
Prior to June 14, 2001, James Santillo's railroad duties included maintenance, installation and repair of hy-rail gear.

**RESPONSE NO. 28:**
Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant denies this request on the grounds that while Mr. Santillo's railroad duties at one time involved maintaining, installing, and repairing hy-rail gear, Mr. Santillo stopped conducting those duties when Conrail was taken over by CSX on June 1, 1999.

**REASON TO COMPEL**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to admit because the Request is not broad

8

or vague. Mr. Papadakis has set forth with specificity all dates and information with enough detail to allow the defendant to formulate a response. The Defendant cannot sustain its burden in showing that the objections are justified and therefore the Court should require the defendant to submit a complete answer to this request.

### REQUEST NO: 33:
In June 2001, after the incident reported by Plaintiff, Peter Eberts determined that the left front hy-rail gear of truck #TC 500285 had gone over center.

### RESPONSE NO. 33:
Objection. The defendant objects to this request on the grounds that it is overbroad and vague. without waiving this objection, the defendant admits that Peter Ebert determined that the left front hy-rail gear of truck #TC 500285 was "over center" at the time of his inspection.

### REASON TO COMPEL
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to admit because the Request is not broad or vague. Mr. Papadakis has set forth with specificity all dates and information with enough detail to allow the defendant to formulate a response. The Defendant cannot sustain its burden in showing that the objection is justified and therefore the Court should require the defendant to submit a complete answer to this request.

### REQUEST NO. 35:
After June 13, 2001 CSX Transportation, Inc., Albany Division Engineers office directed that only bars with the single bend at each end be used to operate 0307 hy-rail gear.

### RESPONSE NO. 35:
Objection. The defendant objects to this request on the grounds that it is overly broad and vague. The defendant also objects to this request on the grounds that this request pertains to evidence of subsequent remedial measures which are inadmissible at trial. Without waiving these objections, the defendant admits this request.

### REASON TO COMPEL
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed the defense should be forced to admit or deny this request because whether or not the subsequent remedial measures would be admissible at trial is not the standard for admissions. The request is not overly broad or vague, and therefore the Defendant should admit or deny this Request for Admission.

### REQUEST NO. 36:

9

The single bend at each end hand lever bar for 0307 hy rail gear of the type on truck #TC 500285 on June 13, 2001 will be stopped during use by the truck's bumper before the socket can be forced over center.

**RESPONSE NO. 36:**
Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REASON TO COMPEL**
The Defendant has failed to respond to the Plaintiff's request for a discovery conference. Pursuant to Rule 37.1 (A), the failure to respond to a discovery request within seven days is automatic grounds for the allowance of the motion. In the event that the motion is not automatically allowed, the Defendant's objection is misinformed due to a misreading of the Request's text. The Plaintiff's concern is not whether the *guide wheel* "passed over center," but rather whether the *socket* "passed over center."

## II. OBJECTIONS TO REQUEST NOS. 15, 18, AND 40

**REQUEST NO. 15:**
The pivot stop arm assembly on truck #TC 500285 was intended to prevent the socket from passing over center when lowering and locking the guide wheels in the rail position.

**RESPONSE NO. 15:**
Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REASON TO COMPEL**
The Defendant's objections to Request Nos. 15, 18, and 40, each relating to the Hy-Rail's functionality, are baseless for two reasons. Mr. Papadakis's Requests are predicated on language used in a Manual on which the Defendant's own maintenance staff relies. (See *Appendix, Fairmont Operator's Service, and Part's Manual; 0307 Series; Universal Hy-Rail Group; Manually Operated*, at section 9-87, page 5, attached herein as Exhibit A; see also *Deposition of Peter Ebert*, March 31, 2005, at Exhibit 1). Furthermore, the Defendant's objection is misinformed due to a misreading of the Requests' text. The Plaintiff's concern is not whether the *guide wheel* "passed over center," but rather whether the *socket* "passed over center," an occurrence the pivot stop assembly is designed to prevent. The wheel and socket are separate components with unique functionalities, which the Manual illustrates in detail. See Id. After reviewing the Manual and the Requests' text, the Defendant will be positioned to offer an answer.

**REQUEST NO. 18:**
If the clearance between the pivot stop arm assembly screw and the cross channel on the hy-rail gear of truck #TC 500285 is more than ¼" then the socket may pass over center when lowering and locking the guide wheels in the rail position.

10

**REQUEST NO. 40:**
The Defendant is unaware of any individual who has first hand knowledge that prior to June 14, 2001 the Plaintiff had been instructed that should the hy-rail gear go passed over the center then he should drive the vehicle onto a wood block and then rotate the hy-rail mechanism back into its normal position.

**RESPONSE NO. 40:**
Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REASON TO COMPEL:**
The Defendant's objections to Request Nos. 15, 18, and 40, each relating to the Hy-Rail's functionality, are baseless for two reasons. Mr. Papadakis's Requests are predicated on language used in a Manual on which the Defendant's own maintenance staff relies. (See *Appendix, Fairmont Operator's Service, and Part's Manual; 0307 Series; Universal Hy-Rail Group; Manually Operated*, at section 9-87, page 5, attached herein as Exhibit A; see also *Deposition of Peter Ebert*, March 31, 2005, at Exhibit 1). Furthermore, the Defendant's objection is misinformed due to a misreading of the Requests' text. The Plaintiff's concern is not whether the *guide wheel* "passed over center," but rather whether the *socket* "passed over center," an occurrence the pivot stop assembly is designed to prevent. The wheel and socket are separate components with unique functionalities, which the Manual illustrates in detail. See Id. After reviewing the Manual and the Requests' text, the Defendant will be positioned to offer an answer.

### III. OBJECTIONS TO REQUEST NOS. 41, 42, 43, 44, 45

**REQUEST NO. 41:**
Plaintiff's Exhibit B is a true and accurate statement of the 2000 monthly cost for fringe benefits that Mr. Paul Papadakis was entitled to receive as a CSX track inspector.

**RESPONSE NO. 41**
Denied. The defendant is unaware of the origin of Exhibit B and therefore cannot truthfully admit that it is a true and accurate statement of the 2000 monthly cost fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

**REASON TO COMPEL:**
The Defendant's objection to Request No. 41 relates to fringe benefits owed to Mr. Papadakis in 2000. Mr. Papadakis's Request does not require the Defendant to identify or authenticate the document of origin. Instead, it requires the Defendant to merely admit or deny the fringe benefit values stated therein. These figures are known to the Defendant because the Defendant paid the benefits. The Defendant cannot substantiate its objection to this Request, and the court should therefore require the Defendant to answer.

**REQUEST NO. 42:**
Plaintiff's Exhibit C is a true and accurate statement of the 2001 monthly cost for fringe benefits that Mr. Paul Papadakis was entitled to receive as a CSX track inspector.

**RESPONSE NO. 42:**
Denied. The defendant is unaware of the origin of Exhibit C and therefore cannot truthfully admit that it is a true and accurate statement of the 2001 monthly cost fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

**REASON TO COMPEL:**
The Defendant's objection to Request No. 42 relates to fringe benefits owed to Mr. Papadakis in 2001. Mr. Papadakis's Request does not require the Defendant to identify or authenticate the document of origin. Instead, it requires the Defendant to merely admit or deny the fringe benefit values stated therein. These figures are known to the Defendant because the Defendant paid the benefits. The Defendant cannot substantiate its objection to this Request, and the court should therefore require the Defendant to answer.

**REQUEST NO. 43:**
Plaintiff's Exhibit D is a true and accurate statement of the 2002 monthly cost for fringe benefits that CSX track inspectors were entitled to receive.

**RESPONSE NO. 43:**
Denied. The defendant is unaware of the origin of Exhibit D and therefore cannot truthfully admit that it is a true and accurate statement of the 2002 monthly cost fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

**REASON TO COMPEL:**
The Defendant's objection to Request No. 43 relates to fringe benefits owed to Mr. Papadakis in 2002. Mr. Papadakis's Request does not require the Defendant to identify or authenticate the document of origin. Instead, it requires the Defendant to merely admit or deny the fringe benefit values stated therein. These figures are known to the Defendant because the Defendant paid the benefits. The Defendant cannot substantiate its objection to this Request, and the court should therefore require the Defendant to answer.

**REQUEST NO. 44:**
Plaintiff's Exhibit E is a true and accurate statement of the 2003 monthly cost for fringe benefits that CSX track inspectors were entitled to receive.

**RESPONSE NO. 44:**
Denied. The defendant is unaware of the origin of Exhibit E and therefore cannot truthfully admit that it is a true and accurate statement of the 2000 monthly cost fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

**REASON TO COMPEL**

The Defendant's objection to Request No. 44 relates to fringe benefits owed to Mr. Papadakis in 2003. Mr. Papadakis's Request does not require the Defendant to identify or authenticate the document of origin. Instead, it requires the Defendant to merely admit or deny the fringe benefit values stated therein. These figures are known to the Defendant because the Defendant paid the benefits. The Defendant cannot substantiate its objection to this Request, and the court should therefore require the Defendant to answer.

**RESQUEST NO. 45:**
Plaintiff's Exhibit E is a true and accurate statement of the 2004 monthly cost for fringe benefits that CSX track inspectors were entitled to receive.

**RESPONSE NO. 45:**
Denied. The defendant is unaware of the origin of Exhibit F and therefore cannot truthfully admit that it is a true and accurate statement of the 2004 monthly cost fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

**REASON TO COMPEL**
The Defendant's objection to Request No. 45 relates to fringe benefits owed to Mr. Papadakis in 2004. Mr. Papadakis's Request does not require the Defendant to identify or authenticate the document of origin. Instead, it requires the Defendant to merely admit or deny the fringe benefit values stated therein. These figures are known to the Defendant because the Defendant paid the benefits. The Defendant cannot substantiate its objection to this Request, and the court should therefore require the Defendant to answer.

## CONCLUSION

For the reasons explained herein, the Plaintiff urges the Court to grant his Motion to Compel Adequate and Complete Responses to his Request for Admissions.

## CERTIFICATE

I, Robert M. Byrne Jr. have complied with the provisions of Local Rule 37.1,

I have attempted in good faith to narrow and resolve discovery issues with the defendant,

have allowed seven days to pass after a request for a discovery conference before filing

this motion to compel adequate and complete responses to admissions requests.

PAUL T. PAPADAKIS
By his attorney,

Robert M. Byrne, Jr.
THORNTON & NAUMES
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333
Attorney for Plaintiff
B.B.O. #068620

# EXHIBIT A



# OPERATOR'S, SERVICE AND PARTS MANUAL

**0307 SERIES
UNIVERSAL HY-RAIL® GROUP
MANUALLY OPERATED**



## FAIRMONT RAILWAY MOTORS

BULLETIN 942G

ISSUED 12-90
REVISED 5-93



PLAINTIFF'S EXHIBIT
#1  3/31/05



A DIVISION OF
**harsco** CORPORATION

## Assembly



FIGURE 4
ASSEMBLY

## Pivot Stop Arm Adjustment

The stop arm must be adjusted to keep the socket from passing over center when lowering and locking the guide wheels in the "rail" position. See Figure 5.

1. Place the vehicle on straight, level track. Apply the parking/emergency brake. Stop the engine.

2. Lower all four guide wheels. Lock the guide wheels in the "rail" position. See "Placing Hy-Rail On Track" instructions in this Service Data Sheet.

3. Measure the distance between the end of the set screw (1) and the channel. The recommended distance is 1/8 - 1/4 inch (3.2 - 6.4 mm). If the distance is within the specified limits, the stop arm is adjusted correct. If the distance is less or greater than the specified limits, adjustment is necessary.

4. To adjust the stop arm, loosen the jam nut (2). Turn the set screw (1) in or out until the end of the screw is 1/8 - 1/4 inch (3.2 - 6.4 mm) away from the cross channel. Tighten the jam nut (2) securely.



FIGURE 5
STOP ARM ADJUSTMENT

PETER EBERT - March 31, 2005

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS
-----------------------------------------------

PAUL T. PAPADAKIS,

                      Plaintiff,

      Vs.

CSX TRANSPORTATION,

                      Defendant.

-----------------------------------------------

        EXAMINATION BEFORE TRIAL of a Non-Party Witness, PETER EBERT, held pursuant to Subpoena, returnable March 31, 2005, commencing at 10:00 a.m. at the Anderson Group, 125 Wolf Road, Albany, New York 12205, before Kyle Alexy, a Shorthand Reporter and Notary Public in and for the State of New York.

APPEARANCES:

        THORNTON & NAUMES, LLP, 100 Summer Street, Boston, Mass. 02110, (ROBERT M. BYRNE, ESQ., of Counsel), Attorneys for the Plaintiff.

        FLYNN & ASSOCIATES, 400 Crown Colony Drive, Suite 200, Quincy, Mass. 02169, (MICHAEL B. FLYNN, ESQ., of Counsel), Attorneys for the Defendant.

ALSO PRESENT: Paul Papadakis, Gary Baker.

**COPY**

PETER EBERT - March 31, 2005

23

```
1   A.      The manual that we receive.

2   Q.      The Fairmont manual?

3   A.      That is correct.

4   Q.      Is this --

5   A.      Yes, that's it.

6                   MR. BYRNE:  I'm going to ask

7   that that manual be marked.

8                   MR. FLYNN:  The one that we

9   produced, Bob?

10                  MR. BYRNE:  I don't think so.

11                  MR. FLYNN:  You don't think so?

12                  MR. BYRNE:  I don't think so.

13              (Plaintiffs's Exhibit 1 was marked

14          for identification.)

15  Q.      We've marked as Exhibit 1 from your

16  deposition, Mr. Ebert, a book.  Do you recognize

17  that to be the Fairmont 0307 manual?

18  A.      Well, the Fairmont name and that truck is the

19  same.  If the rest is the same in there, this is the

20  book.

21  Q.      Okay, that is what you use in your shop to

22  consult as required in order to maintain, repair and

23  inspect the Fairmont gear?
```