

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
            Plaintiff,

v.                                                          C.A. No.: 04-30189-MAP

CSX TRANSPORTATION, INC.,
            Defendant.

## DEFENDANT CSX TRANSPORTATION, INC.'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

**REQUEST NO. 1:**

At all times material hereto, the Defendant, CSX Transportation, Inc., has been a railroad within

the meaning of 45 USC §51 et seq. Federal Employers' Liability Act.

**RESPONSE NO. 1:**

Objection.  The defendant objects to this request on the grounds that it is overly broad in time

and vague.  Without waiving this objection, the defendant admits that it is a railroad within the

meaning of the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq.

**REQUEST NO. 2:**

At the time and place alleged in the Plaintiff's Complaint's he was employed by CSX

Transportation, Inc. as a track inspector.

**RESPONSE NO. 2:**

Admitted.

**REQUEST NO. 3:**

At all times material hereto, the Defendant CSX Transportation, Inc., has been engaged in

interstate commerce.

**RESPONSE NO. 3:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant admits that it is engaged in interstate commerce.

**REQUEST NO. 4:**

At the time and place alleged in the Plaintiff's Complaint, the Plaintiff was engaged in his duties as a track inspector.

**RESPONSE NO. 4:**

Admitted.

**REQUEST NO. 5:**

On June 13, 2001, the hy-rail equipped pick-up truck #TC 500285 was owned or leased by CSX Transportation, Inc.

**RESPONSE NO. 5:**

Admitted.

**REQUEST NO. 6:**

Since August 20, 2000, TNT Repairs, Inc., of South Bethlehem, New York has been engaged by CSX Transportation, Inc., to provide regular mechanical inspections and maintenance to the hy-rail equipment on truck #TC 500285.

**RESPONSE NO. 6:**

Admitted in part and denied in part. Consolidated Rail Corporation ("Conrail") was taken over by CSX on June 1, 1999, and TNT Repairs, Inc. has provided inspection, maintenance and repair for CSX's hy-rail vehicles since that time.

2

**REQUEST NO. 7:**

The hy-rail equipment on truck #TC 500285 on June 13, 2001 was manufactured by Fairmount Railway Motors, a Division of Haroco Corporation.

**RESPONSE NO. 7:**

The defendant admits that the hy-rail equipment on truck #TC 500285 on June 13, 2001 was manufactured by Fairmont Railway Motors, a Division of Harsco Corporation.

**REQUEST NO. 8:**

The hy-rail equipment on truck #TC 500285 on June 13, 2001 was Fairmount series 0307.

**RESPONSE NO. 8:**

The defendant admits that the hy-rail equipment on truck #TC 500285 on June 13, 2001 was Fairmont series 0307, hy-rail pilot unit with easy lift.

**REQUEST NO. 9:**

The hy-rail equipment on truck #TC 500285 had been retrofitted with an "easy lift conversion kit" some time prior to June 13, 2001.

**RESPONSE NO. 9:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request.

**REQUEST NO. 10:**

At a point in time prior to June 13, 2001 the hy-rail gear on truck #TC 500285 was series 0307 "Hy-Rail Pilot Unit without gears."

3

**RESPONSE NO. 10:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and scope and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request.

**REQUEST NO. 11:**

At a point in time prior to June 13, 2001, the hy-rail gear on truck #TC 500285 was series 0307 "Hy-Rail Pilot Unit without gear."

**RESPONSE NO. 11**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and scope and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request.

**REQUEST NO. 12:**

At some time prior to June 13, 2001, the installation of the easy lift conversion kit on truck #TC 500285 was performed by employees of CSX Transportation, Inc.

**RESPONSE NO. 12:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request.

4

**REQUEST NO. 13:**

Fairmont Series 0307 "Easy Lift" hy-rail pilot gear uses a hand lever bar with a different bend configuration than series 0307 hy-rail gear with gear and series 0307 hy-rail gear without gear.

**RESPONSE NO. 13:**

The defendant admits that hand lever bars with different bend configurations exist and that different hand lever bars are depicted in the Fairmont Operator's, Service and Parts Manual with diagrams of the series 0307 "easy lift" hy-rail pilot gear and the series 0307 hy-rail gear without gear.

**REQUEST NO. 14:**

On June 13, 2001 the hy-rail gear at the left front corner on truck #TC 500285 had a pivot stop arm assembly.

**RESPONSE NO. 14:**

Admitted.

**REQUEST NO. 15:**

The pivot stop arm assembly on truck #TC 500285 was intended to prevent the socket from passing over center when lowering and locking the guide wheels in the rail position.

**RESPONSE NO. 15:**

Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REQUEST NO. 16:**

The pivot stop arm assembly on truck #TC 500285 has a set screw which must be adjusted to create a clearance of 1/8" – 1/4" between the cross channel and set screw.

5

**RESPONSE NO. 16:**

Denied.

**REQUEST NO. 17:**

If the socket passes over center when lowering and locking the type of hy-rail gear that was at the left front corner of truck #TC 500285 on June 13, 2001, the operator would nonetheless be able to operate the vehicle over the rail.

**RESPONSE NO. 17:**

Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REQUEST NO. 18:**

If the clearance between the pivot stop arm assembly screw and the cross channel on the hy-rail gear of truck #TC 500285 is more than ¼" then the socket may pass over center when lowering and locking the guide wheels in the rail position.

**RESPONSE NO. 18:**

Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REQUEST NO. 19:**

The proper hand lever bar for use with the hy-rail gear on truck #TC 500285 on June 13, 2001 had a single bend on each end.

6

**RESPONSE NO. 19:**

Objection. The defendant objects to this request on the grounds that it is vague. The defendant also objects to this request on the grounds that it is irrelevant to the issues in this case since the plaintiff was using the single-bend end of the hand lever bar at the time of his accident and since he did not leverage the bar past the bumper at the time of his incident.

**REQUEST NO. 20:**

Use of an improper hand lever bar to lower and lock the guide wheel on truck #TC 500285 in the rail position creates the potential that the operator may leverage the bar past the bumper.

**RESPONSE NO. 20:**

Objection. The defendant objects to this request on the grounds that it is vague. The defendant also objects to this request on the grounds that it is irrelevant to the issues in this case since the plaintiff was using the single-bend end of the hand lever bar at the time of his accident and since he did not leverage the bar past the bumper at the time of his incident.

**REQUEST NO. 21:**

Use of an improper bar to lower and lock the pilot wheel in the rail position on truck #TC 500285 creates the potential of causing the socket to pass over center.

**RESPONSE NO. 21:**

Objection. The defendant objects to this request on the grounds that it is vague and that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REQUEST NO. 22:**

A hand lever bar with a single bend at each end (as drawn by Peter Eberts at his deposition on March 31, 2005 where it was marked as Exhibit 1) has a configuration that prevents the operator from leveraging the bar past the bumper of the truck and causing the socket to pass over center.

**RESPONSE NO. 22:**

Objection. The defendant objects to this request on the grounds that it is vague and that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident. The defendant also objects to this request on the grounds that it is irrelevant to the issues in this case since the plaintiff was using the single-bend end of the hand lever bar at the time of his accident and since he did not leverage the bar past the bumper at the time of his incident.

**REQUEST NO. 23:**

The document attached hereto marked A (previously marked at the deposition of D. J. Evers on April 29, 2005 as Exhibit 4) is a true and accurate copy of a document prepared by a member(s) of the CSX Transportation, Inc., Division Engineering office in Albany, New York in the normal and regular course of their duties.

**RESPONSE NO. 23:**

Admitted.

**REQUEST NO. 24:**

The incident referred to in Exhibit A attached hereto occurred on June 13, 2001 and involved Paul Papadakis.

8

**RESPONSE NO. 24:**

The defendant admits that Exhibit A was meant to refer to Mr. Papadakis' accident, but denies that the accident is accurately described in Exhibit A.

**REQUEST NO. 25:**

When the socket on the hy-rail gear of truck #TC 500285 goes over center, the locking paul handle will not lock and the guide wheel will not secure in the highway position.

**RESPONSE NO. 25:**

Objection. The defendant objects to this request on the grounds that it is vague and that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REQUEST NO. 26:**

The socket on the hy-rail gear of truck #TC 500285 went over center on June 13, 2001 while the Plaintiff was lowering and locking it in the rail position.

**RESPONSE NO. 26:**

Denied.

**REQUEST NO. 27:**

James Santillo is a CSX Transportation, Inc. mechanic.

**RESPONSE NO. 27:**

Admitted.

**REQUEST NO. 28:**

Prior to June 14, 2001, James Santillo's railroad duties included maintenance, installation and repair of hy-rail gear.

9

**RESPONSE NO. 28**:

Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant denies the request on the grounds that while Mr. Santillo's railroad duties at one time involved maintaining, installing and repairing hy-rail gear, Mr. Santillo stopped conducting those duties when Conrail was taken over by CSX on June 1, 1999.

**REQUEST NO. 29**:

On June 14, 2001, James Santillo observed that the clearance between the pivot arm stop screw and the cross channel on the pilot wheel gear that had been chained in a hy-way orientation on truck #TC 500285 was greater than ¼".

**RESPONSE NO. 29**:

The defendant admits that Mr. Santillo observed the clearance between the pivot arm stop screw and the cross channel on the pilot on June 14, 2001 but denies that he measured the clearance.

**REQUEST NO. 30**:

On June 14, 2001, the clearance between the pivot arm stop screw and the cross channel of the left front pilot gear of truck #TC 500285 was more than ¼".

**RESPONSE NO. 30**:

Denied.

**REQUEST NO. 31**:

Truck #TC 500285 was brought to TNT Repairs, Inc. to be inspected following the incident the Plaintiff reported occurring on June 13, 2001.

**RESPONSE NO. 31**:

Admitted.

10

**REQUEST NO. 32:**

The hy-rail gear on truck #TC 500285 was inspected by Peter Eberts of TNT Repairs, Inc. following the incident the Plaintiff reported occurring on June 13, 2001.

**RESPONSE NO. 32:**

Admitted.

**REQUEST NO. 33:**

In June 2001, after the incident reported by Plaintiff, Peter Eberts determined that the left front hy-rail gear of truck #TC 500285 had gone over center.

**RESPONSE NO. 33:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant admits that Peter Ebert determined that the left front hy-rail gear of truck #TC 500285 was "over center" at the time of his inspection.

**REQUEST NO. 34:**

When inspected at TNT Repairs, Inc., following the June 13, 2001 incident reported by the Plaintiff truck #TC 500285 contained a hand lever bar with a bend configuration consisting of a single bend at one end and a double bend at the other.

**RESPONSE NO. 34:**

Admitted.

**REQUEST NO. 35:**

After June 13, 2001 CSX Transportation, Inc. Albany Division Engineers office directed that only bars with the single bend at each end be used to operate 0307 hy rail gear.

11

**RESPONSE NO. 35:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. The defendant also objects to this request on the grounds that this request pertains to evidence of subsequent remedial measures which are inadmissible at trial. Without waiving these objections, the defendant admits this request.

**REQUEST NO. 36:**

The single bend at each end hand lever bar for 0307 hy rail gear of the type on truck #TC 500285 on June 13, 2001 will be stopped during use by the truck's bumper before the socket can be forced over center.

**RESPONSE NO. 36:**

Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REQUEST NO. 37:**

There are no medical, psychological, psychiatric or emotional conditions known to the Defendant that the Plaintiff may have had on June 12, 2001 which would have disqualified him from his employment as a CSX Transportation, Inc. track inspector.

**RESPONSE NO. 37:**

Admitted.

**REQUEST NO. 38:**

The Defendant is unaware of any individual other than the Plaintiff who has knowledge concerning the types of hand lever bar which were actual on truck #TC 500285 on June 13, 2001.

12

**RESPONSE NO. 38:**

Denied.

**REQUEST NO. 39:**

The defendant is unaware of any individual, other than the Plaintiff who has first hand

knowledge concerning whether or not truck #TC 500285 derailed at any time on June 13, 2001.

**RESPONSE NO. 39:**

Admitted.

**REQUEST NO. 40:**

The Defendant is unaware of any individual who has first hand knowledge that prior to June 14,

2001 the Plaintiff had been instructed that should the hy-rail gear go passed over the center then

he should drive the vehicle onto a wood block and then rotate the hy-rail mechanism back into its

normal position.

**RESPONSE NO. 40:**

Objection. The defendant objects to this request on the grounds that it is not reasonably

calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over

center" at the time of the plaintiff's accident.

**REQUEST NO. 41:**

Plaintiff's Exhibit B is a true and accurate statement of the 2000 monthly cost for fringe benefits

that Mr. Paul Papadakis was entitled to receive as a CSX track inspector.

**RESPONSE NO. 41:**

Denied. The defendant is unaware of the origin of Exhibit B and therefore cannot truthfully

admit that it is a true and accurate statement of the 2000 monthly cost for fringe benefits that Mr.

Papadakis was entitled to receive as a CSX track inspector.

13

**REQUEST NO. 42:**

Plaintiff's Exhibit C is a true and accurate statement of the 2001 monthly cost for fringe benefits that Mr. Paul Papadakis was entitled to receive as a CSX track inspector.

**RESPONSE NO. 42:**

Denied. The defendant is unaware of the origin of Exhibit C and therefore cannot truthfully admit that it is a true and accurate statement of the 2001 monthly cost for fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

**REQUEST NO. 43:**

Plaintiff's Exhibit D is a true and accurate statement of the 2002 monthly cost for fringe benefits that CSX track inspectors were entitled to receive.

**RESPONSE NO. 43:**

Denied. The defendant is unaware of the origin of Exhibit D and therefore cannot truthfully admit that it is a true and accurate statement of the 2002 monthly cost for fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

**REQUEST NO. 44:**

Plaintiff's Exhibit E is a true and accurate statement of the 2003 monthly cost for fringe benefits that CSX inspectors were entitled to receive.

**RESPONSE NO. 44:**

Denied. The defendant is unaware of the origin of Exhibit E and therefore cannot truthfully admit that it is a true and accurate statement of the 2003 monthly cost for fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

**REQUEST NO. 45**:

Plaintiff's Exhibit F is a true and accurate statement of the 2004 monthly cost for fringe benefits that CSX track inspectors were entitled to receive.

**RESPONSE NO. 45:**

Denied. The defendant is unaware of the origin of Exhibit F and therefore cannot truthfully admit that it is a true and accurate statement of the 2004 monthly cost for fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

15

Gary M. Baker deposes and says that: he is a Manager of Field Investigations, CSX Transportation, Inc., and that he signs these responses for and on behalf of CSX and is authorized to do so; that the matters stated in the foregoing responses are not all within the personal knowledge of the deponent and that the deponent is informed that there is no officer of CSX who has personal knowledge of all such matters; that such facts as stated in said answers which are not within the personal knowledge of the deponent have been assembled by authorized employees with personal knowledge or agents of CSX and he is informed and believes that the facts stated in and answers are true and so states under the pains and penalties of perjury this 2nd day of August, 2005.

Gary M. Baker
Manager of Field Investigations
CSX Transportation, Inc.

As to Objections,
CSX TRANSPORTATION, INC.,
by its attorneys:

Michael B. Flynn, BBO #559023
Bethany M. Machacek, BBO #657237
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: August 3, 2005

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by hand/mail delivering same, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED August 3, 2005

G:\F & A\CASE FILES\CSX F\Papadakis\Pleadings\CSX's Resp. to Pltff's Req. For Admissions 7-15-05.doc

16



ATTORNEYS AT LAW

# Thornton & Naumes LLP

Michael P. Thornton (NH, ME & MA)
John T. Barrett (NH & MA)
Robert T. Naumes
Neil T. Leifer (ME, NJ & MA)
David J. McMorris (NY & MA)
Edwin L. Wallace
Robert M. Byrne, Jr.
David C. Strouss
Joseph R. Donohue (ME & MA)
Andrew S. Wainwright
Michael A. Lesser
Marilyn T. McGoldrick
Garrett J. Bradley (NY & MA)
Brad J. Mitchell
Kristen Marquis Fritz
Zoran Malesevic

100 Summer St. • 30th Floor • Boston, MA 02110 • 617-720-1333
Toll Free 800-431-4600    FAX# 617-720-2445
www.tenlaw.com

Of Counsel
Elizabeth M. Shost
Admitted in NY & PA only

August 9, 2005

Bethany M. Machacek, Esq.
Flynn & Associates, PC
400 Crown Colony Drive, Suite 200
Quincy, Massachusetts 02169

RE:    <u>Paul T. Papadakis vs. CSX Transportation, Inc.</u>
       <u>United District Court/Massachusetts C.A. No.: 04-30189-MAP</u>

Dear Attorney Machacek:

As you know, I am in receipt of your client's response to Plaintiff's Rule 36 Request for Admissions. As I explained to you during our recent telephone conversation, I believe your objections to Requests No. 9 through 12, 15, 17 through 22, 25, 28, 33, 35 and 36 are not well taken. It is my intention to file a Motion to Compel substantive answers to these requests for Admissions unless your client is willing to withdraw the objection voluntarily and provide a substantive response. Please advise me of your client's position with respect to this matter at your earliest convenience.

If you have any questions or comments, please do not hesitate to contact me.

Very Truly Yours,

Robert M. Byrne, Jr.

RMB/mm