UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
          Plaintiff,

    v.

CSX TRANSPORTATION, INC.,
          Defendant.

C.A. No.: 04-30189-MAP

## CSX TRANSPORTATION, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ADEQUATE AND COMPLETE RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

CSX Transportation, Inc. ("CSX") hereby opposes the *Plaintiff's Motion to Compel Defendant CSX Transportation, Inc.'s Adequate and Complete Responses to the Plaintiff's Requests for Admission.* As grounds therefore, CSX sets forth that: (1) the plaintiff never requested a discovery conference pursuant to L.R. 37.1(A) and that it has sufficiently responded to *Plaintiff's Request for Admissions* pursuant to Mass. R. Civ. P. 36(a) and that no further answers are required.

## I.    FACTUAL BACKGROUND:

### A.    The Basis of the Plaintiff's Claim:

The plaintiff, a track inspector for CSX, alleges that he was injured on June 13, 2001, as he attempted to raise a hy-rail truck wheel in order to drive the hy-rail truck off of the railroad tracks and onto the roadway. Hy-rail trucks operate on railroad tracks and roadways. In order for a hy-rail truck to operate over the railroad tracks the hy-rail wheels must be locked down over the rails. In order for the truck to operate over the roadway the hy-rail wheels must be stored in an

1

upward position. Raising and lowering the wheels is accomplished by manually raising or lowering the hy-rail gear which is done by using a hand lever bar as a fulcrum. The plaintiff alleges that the hy-rail mechanism on the truck which he was responsible for broke on the front left side of the truck and that as he prepared to secure the equipment he was injured as he bent down to place the wooden block under the wheel.

**B.**     **Plaintiff's Requests for Admissions and Contact Between Counsel:**

The plaintiff served upon CSX the *Plaintiff's Requests for Admissions* and, thereafter, CSX responded to, objected to, and/or otherwise answered said requests. Counsel for plaintiff was not satisfied with CSX's responses, objections, and/or answers and initiated discussions concerning same with CSX's counsel during which CSX's counsel stood by the responses, objections, and/or answers to the requests. At no time during the discussion between counsel did plaintiff's counsel indicate that he was initiating a L.R. 37.1(A) discovery conference.

On August 9, 2005, plaintiff's counsel sent to CSX's counsel a letter once again setting forth his position as to CSX's responses, objections, and answers and threatened to file a *Motion to Compel* unless CSX withdrew its objections to some of the requests and provided additional responses. *See* letter from Attorney Robert M. Byrne, Jr, a copy of which is attached hereto as Exhibit "A." Nowhere in plaintiff counsel's letter does he indicate that the letter is sent pursuant to L.R. 37.1(A) or that he was initiating a discovery conference.

After CSX received the August 9, 2005, letter, there were numerous discussions and exchanges between the two offices concerning this matter, as well as other matters, yet plaintiff's counsel never again raised with CSX's counsel the issues addressed in his letter, but, instead, filed the pending motion.

2

## II.     ARGUMENT

### A.     PLAINTIFF'S LACK OF COMPLIANCE WITH L.R. 37.1(A)

#### 1.     Counsel Failed to Initiate a L.R. 37.1(A) Discovery Conference:

Plaintiff's counsel failed to initiate a discovery conference in compliance with L.R. 37.1(A). At no time did plaintiff's counsel make a request to CSX's counsel that the parties conduct or arrange to have such a conference concerning the matter presently in dispute. Plaintiff's counsel made his displeasure known to CSX's counsel concerning CSX's responses, objections, and answers to his client's requests in the telephone communications preceding plaintiff's counsel's August 9, 2005, letter, but CSX's counsel set forth that it was standing by same.

The August 9, 2005, letter merely confirms that plaintiff's counsel's position concerning certain objections, demand that same be withdrawn, and threatens the filing of a *Motion to Compel* should CSX fail to withdraw the objections. Nowhere in the letter does plaintiff's counsel request a discovery conference concerning said issues. It was plaintiff's counsel's responsibility, pursuant to L.R. 37.1, to arrange for the discovery conference which he has failed to do concerning this motion. It is not the responsibility of CSX's counsel to tea leaf read in such a situation as to the intent of plaintiff or his counsel as to whether they were, in fact, going to file a motion to compel or whether they were puffing.

The plaintiff seeks to have the *automatic* allowance of his motion for his counsel's failure to comply with the Local Rules. This request is backward to say the least. The court must not automatically allow the plaintiff's motion and thus reward plaintiff for his counsel's failure to arrange for the discovery conference which was his responsibility to arrange which he has failed

3

to do. If sanctions should be meted out concerning L.R. 37.1 compliance, then the plaintiff's

motion must be denied without prejudice for his counsel's failure to comply with L.R. 37.1.

### 2.    The Parties Fully Discussed their Respective Positions Concerning CSX's Responses, Objections, and Answers:

Even though plaintiff's counsel failed to request or initiate a discovery conference

concerning CSX's responses, objection, and answers to plaintiff's requests, the intent of L.R.

37.1 has been fulfilled by the parties by their telephone discussions which took place before

August 9, 2005. The parties had a good faith telephone discussion of the plaintiff's issues,

concerns, and positions as they related to CSX's responses, objections, and answers to the

plaintiff's requests. The parties were unable to narrow the issues during those discussions and

remained divided as they are presently. This was not the situation where plaintiff called or wrote

and never received a response. The parties exhausted their respective positions in discussions

but could not come to an agreement.

The court must not automatically allow the plaintiff's motion as the parties fully and

completely discussed their respective positions, though not subject to a discovery conference

demand, and the intent and purpose of the Local Rule has been met. No sanctions should be

levied against either party as they fully and completely discussed their respective positions before

the plaintiff filed his motion, thus complied with the intent and purpose of L.R. 37.1.

### B.    CSX'S RESPONSES, OBJECTIONS AND ANSWERS TO THE PLAINTIFF'S REQUESTS ARE COMPLETELY APPROPRIATE PURSUANT TO RULE 36

CSX's responses, objections, and answers are responsive and sufficient to the requests as

propounded by plaintiff in accordance with the requirements of Fed. R. Civ. P. 36. For the

purposes of Fed. R. Civ. P. 36(a), the court must treat the plaintiff's motion as one seeking an

4

order as to the sufficiency of the objections and answers and not as a motion to compel. The plaintiff, by failing to state his requests in simple and concise terms, caused CSX to object to, qualify, discuss, or explain its responses and answers. United Coal Co. v. Powell Constr. Co., 839 F.2d 958, 967-68 (3d Cir. 1998).

CSX specifically addresses the requests subject to the *Plaintiff's Motion to Compel*; as follows:

### Request No. 1:

At all times material hereto, the Defendant, CSX Transportation, Inc., has been a railroad within the meaning of 45 USC § 51, et. seq. *Federal Employers' Liability Act.*

### Response No. 1:

Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant admits that it is a railroad within the meaning of the *Federal Employer's Liability Act*, 45 U.S.C. § 51, et. seq.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objections to this request that it is overly broad in time and vague. CSX's objections to this request are appropriate, in that, the request is overly broad in time and is vague. The plaintiff failed to specify or define what period of time and what event or circumstance to which he is referring to in this request. When determining the sufficiency of answers or objections, the court must consider the phraseology of the requests as carefully as that of the answers or objections. Thalheim v.

Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988). CSX objected to the request, but still

substantively answered same subject to the objection. The court should focus on the specificity

of CSX's response, which is an admission subject to an objection to a poorly drafted request,

when determining the sufficiency of this response. Foretich v. Chung, 151 F.R.D. 3, 5 (D.D.C.

1993). CSX has, in good faith, qualified its answer by the objection due to the poorly drafted

request. *See* Thalheim v. Eberheim, 124 F.R.D. 35-39. CSX's admission that it is a railroad

within the meaning of 45 U.S.C. § 51, et. seq. is accurate and supported by the known evidence

in this case.

### Request No. 3:

At all times material hereto, the Defendant CSX Transportation, Inc., has been

engaged in interstate commerce.

### Response No. 3:

Objection. The defendant objects to this request on the grounds that it is overly

broad in time and vague. Without waiving this objection, the defendant admits

that it is engaged in interstate commerce.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objections to this request

that it is overly broad in time and vague. CSX's objections to this request are appropriate, in

that, the request is overly broad in time and is vague. The plaintiff failed to specify or define

what period of time and what event or circumstance to which he is referring to in this request.

When determining the sufficiency of answers or objections, the court must consider the

phraseology of the requests as carefully as that of the answers or objections. Thalheim v.

Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988). CSX objected to the request, but still

substantively answered same subject to the objection. The court should focus on the specificity of CSX's response, which is an admission subject to an objection to a poorly drafted request, when determining the sufficiency of this response. Foretich v. Chung, 151 F.R.D. 3, 5 (D.D.C. 1993). CSX has, in good faith, qualified its answer by the objection due to the poorly drafted request. *See* Thalheim v. Eberheim, 124 F.R.D. 35-39. CSX's admission that it is engaged in interstate commerce is accurate and supported by the known evidence in this case, as well as its admission in its *Answer* to the *Complaint* at Count I; ¶ 2 and Count II, ¶ 5.

>**Request No. 9:**
>
>The hy-rail equipment on truck #TC 500285 had been retrofitted with an "easy lift conversion kit" some time prior to June 13, 2001.
>
>**Response No. 9:**
>
>Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objections to this request that it is overly broad in time and vague. CSX's objections to this request are appropriate, in that, the request is overly broad in time and is vague referring to "some time prior to June 13, 2001." The plaintiff failed to specify or define when prior to June 13, 2001, the alleged retrofitting occurred. When determining the sufficiency of answers or objections, the court must consider the phraseology of the requests as carefully as that of the answers or objections.

Thalheim v. Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988).

Further, CSX made a reasonable inquiry of the information known to and/or readily obtainable by it which is insufficient to enable it to either admit or deny this request. Fed. R. Civ. P. 36(a); Brown v. Arlen Mgmt. Corp., 663 F.2d 575, 580 (5th Cir. 1981). The information known to and/or readily obtainable by CSX is insufficient to enable it to either admit or deny this request.

**Request No. 10:**

At a point in time prior to June 13, 2001 the hy-rail gear on truck #TC 500285 was series 0307 "Hy-Rail Pilot Unit without gears."

**Response No. 10:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and scope and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objections to this request that it is overly broad in scope, time and when vague. CSX's objections to this request are appropriate, in that, the request is overly broad in time and is vague referring to "some time prior to June 13, 2001." The plaintiff failed to specify or define when prior to June 13, 2001, truck #TC 500285 had the hy-rail gears in question. When determining the sufficiency of answers or objections, the court must consider the phraseology of the requests as carefully as that of the answers or objections. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988).

Further, CSX made a reasonable inquiry of the information known to and/or readily obtainable by it which is insufficient to enable it to either admit or deny this request. Fed. R. Civ. P. 36(a); Brown v. Arlen Mgmt. Corp., 663 F.2d 575, 580 (5th Cir. 1981). After a diligent search for records on the truck #TC 500285, this information could not be obtained, and the information known to and/or readily obtainable by CSX is insufficient to enable it to either admit or deny this request.

**Request No. 11:**

At a point in time prior to June 13, 2001, the hy-rail gear on truck #TC 500285 was series 0307 "Hy-Rail Pilot Unit with gear."

**Response No. 11:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and scope and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objections to this request that it is overly broad in scope, time and when vague. CSX's objections to this request are appropriate, in that, the request is overly broad in time and is vague referring to "some time prior to June 13, 2001." The plaintiff failed to specify or define when prior to June 13, 2001, truck #TC 500285 had the hy-rail gears in question. When determining the sufficiency of answers or objections, the court must consider the phraseology of the requests as carefully as that of the answers or objections. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988).

9

Further, CSX made a reasonable inquiry of the information known to and/or readily obtainable by it which is insufficient to enable it to either admit or deny this request. Fed. R. Civ. P. 36(a); Brown v. Arlen Mgmt. Corp., 663 F.2d 575, 580 (5th Cir. 1981). After a diligent search for records on the truck #TC 500285, this information could not be obtained, and the information known to and/or readily obtainable by CSX is insufficient to enable it to either admit or deny this request.

**Request No. 12:**

At some time prior to June 13, 2001, the installation of the easy lift conversion kit on truck #TC 500285 was performed by employees of CSX Transportation, Inc.

**Response No. 12:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant states that after making reasonable inquiry, the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objections to this request that it is overly broad in scope, time and when vague. CSX's objections to this request are appropriate, in that, the request is overly broad in time and is vague referring to "some time prior to June 13, 2001." The plaintiff failed to specify or define when prior to June 13, 2001, truck #TC 500285 had the hy-rail gears in question. When determining the sufficiency of answers or objections, the court must consider the phraseology of the requests as carefully as that of the answers or objections. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988).

Further, CSX made a reasonable inquiry of the information known to and/or readily obtainable by it which is insufficient to enable it to either admit or deny this request. Fed. R. Civ. P. 36(a); Brown v. Arlen Mgmt. Corp., 663 F.2d 575, 580 (5th Cir. 1981). After a diligent search for records on the truck #TC 500285, this information could not be obtained, and the information known to and/or readily obtainable by CSX is insufficient to enable it to either admit or deny this request.

**Request No. 15:**

The pivot stop arm assembly on truck #TC 500285 was intended to prevent the socket from passing over center when lowering and locking the guide wheels in the rail position.

**Response No. 15:**

Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objection to this request due to the fact that it calls for an admission or denial concerning information which is not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) and 36; United States v. One Tract of Real Prop., 95 F.3d 422, 427 (6th Cir. 1996). When determining the sufficiency of answers or objections, the court must consider the phraseology of the requests as carefully as that of the answers or objections. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988). The information required to be admitted or denied in this request is not related to the incident that occurred and/or allegedly caused plaintiff's injuries.

11

Further, even if the request is reasonably calculated to lead to the discovery of admissible evidence, the information known to and/or readily obtainable by CSX is insufficient to enable it to either admit or deny this request. Plaintiff has been provided with all the documents and information CSX has concerning the hy-rail vehicles, and without further expert testimony, this information cannot be admitted or denied.

### Request No. 18:

If the clearance between the pivot stop arm assembly screw and the cross channel on the hy-rail gear of truck #TC 500285 is more than ¼" then the socket may pass over center when lowering and locking the guide wheels in the rail position.

### Response No. 18:

Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objection to this request due to the fact that it calls for an admission or denial concerning information which is not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) and 36; United States v. One Tract of Real Prop., 95 F.3d 422, 427 (6th Cir. 1996). The information required to be admitted or denied in this request is not related to the incident that occurred and/or allegedly caused plaintiff's injuries.

Further, even if the request is reasonably calculated to lead to the discovery of admissible evidence, the information known to and/or readily obtainable by CSX is insufficient to enable it to either admit or deny this request. Plaintiff has been provided with all the documents and

information CSX has concerning the hy-rail vehicles, and without further expert testimony, this information cannot be admitted or denied.

**Request No. 19:**

The proper hand lever bar for use with the hy-rail gear on truck #TC 500285 on June 13, 2001 had a single bend on each end.

**Response No. 19:**

Objection. The defendant objects to this request on the grounds that it is vague. The defendant also objects to this request on the grounds that it is irrelevant to the issues in this case since the plaintiff was using the single-bend end of the hand lever bar at the time of his accident and since he did not leverage the bar past the bumper at the time of his incident.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objection to this request that it is vague due to the fact that the plaintiff has failed to fully describe the bar he alleges is the "proper bar" and due to the fact that it calls for an admission or denial concerning information which is not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) and 36; United States v. One Tract of Real Prop., 95 F.3d 422, 427 (6th Cir. 1996). When determining the sufficiency of answers or objections, the court must consider the phraseology of the requests as carefully as that of the answers or objections. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988). The information required to be admitted or denied in this request is not related to plaintiff's alleged incident or injuries.

13

**Request No. 20:**

Use of an improper hand lever bar to lower and lock the guide wheel on truck #TC 500285 in the rail position creates the potential that the operator may leverage the bar past the bumper.

**Response No. 20:**

Objection. The defendant objects to this request on the grounds that it is vague. The defendant also objects to this request on the grounds that it is irrelevant to the issues in this case since the plaintiff was using the single-bend end of the hand lever bar at the time of his accident and since he did not leverage the bar past the bumper at the time of his incident.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objection to this request that it is vague due to the fact that the plaintiff has failed to fully describe the bar he alleges is an "improper bar" and due to the fact that it calls for an admission or denial concerning information which is not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) and 36; United States v. One Tract of Real Prop., 95 F.3d 422, 427 (6th Cir. 1996). When determining the sufficiency of answers or objections, the court must consider the phraseology of the requests as carefully as that of the answers or objections. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988). The information required to be admitted or denied in this request is not related to the incident that occurred and/or allegedly caused plaintiff's injuries.

14

**Request No. 21:**

Use of an improper bar to lower and lock the pilot wheel in the rail position on

truck #TC 500285 creates the potential of causing the socket to pass over center.

**Response No. 21:**

Objection. The defendant objects to this request on the grounds that it is vague and

that it is not reasonably calculated to lead to the discovery of admissible evidence, as

the wheel did not "pass over center" at the time of the plaintiff's accident.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objection to this request

that it is vague due to the fact that the plaintiff has failed to fully describe the bar he alleges is an

"improper bar" and due to the fact that it calls for an admission or denial concerning information

which is not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ.

P. 26(b)(1) and 36; United States v. One Tract of Real Prop., 95 F.3d 422, 427 (6th Cir. 1996).

When determining the sufficiency of answers or objections, the court must consider the

phraseology of the requests as carefully as that of the answers or objections. Thalheim v.

Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988). The information required to be admitted or

denied in this request is not related to the incident that occurred and/or allegedly caused

plaintiff's injuries.

**Request No. 22:**

A hand lever bar with a single bend at each end (as drawn by Peter Eberts at his

deposition on March 31, 2005 where it was marked as Exhibit 1) has a

configuration that prevents the operator from leveraging the bar past the bumper

of the truck and causing the socket to pass over center.

15

**Response No. 22:**

Objection. The defendant objects to this request on the grounds that it is vague
and that it is not reasonably calculated to lead to the discovery of admissible
evidence, as the wheel did not "pass over center" at the time of the plaintiff's
accident. The defendant also objects to this request on the grounds that it is
irrelevant to the issues in this case since the plaintiff was using the single-bend
end of the hand lever bar at the time of his accident and since he did not leverage
the bar past the bumper at the time of his incident.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objection to this request
that it is vague due to the fact that the plaintiff has failed to fully describe the bar he alleges is an
"improper bar" and due to the fact that it calls for an admission or denial concerning information
which is not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ.
P. 26(b)(1) and 36; United States v. One Tract of Real Prop., 95 F.3d 422, 427 (6th Cir. 1996).
When determining the sufficiency of answers or objections, the court must consider the
phraseology of the requests as carefully as that of the answers or objections. Thalheim v.
Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988). The information required to be admitted or
denied in this request is not related to the incident that occurred and/or allegedly caused
plaintiff's injuries.

**Request No. 25:**

When the socket on the hy-rail gear of truck #TC 500285 goes over center, the
locking paul handle will not lock and the guide wheel will not secure in the
highway position.

16

**Response No. 25:**

Objection. The defendant objects to this request on the grounds that it is vague and that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objection to this request that it is vague due to the fact that the plaintiff has failed to fully describe the bar he alleges is an "improper bar" and due to the fact that it calls for an admission or denial concerning information which is not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) and 36; United States v. One Tract of Real Prop., 95 F.3d 422, 427 (6th Cir. 1996). When determining the sufficiency of answers or objections, the court must consider the phraseology of the requests as carefully as that of the answers or objections. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988). The information required to be admitted or denied in this request is not related to the incident that occurred and/or allegedly caused plaintiff's injuries.

**Request No. 28:**

Prior to June 14, 2001, James Santillo's railroad duties included maintenance, installation and repair of hy-rail gear.

**Response No. 28:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant denies the request on the grounds that while Mr. Santillo's railroad duties at one time

17

involved maintaining, installing and repairing hy-rail gear, Mr. Santillo stopped

conducting those duties when CSX was taken over by CSX on June 1, 1999.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objections to this request

that it is overly broad in time and vague. CSX's objections to this request are appropriate, in

that, the request is overly broad in time and is vague. The plaintiff failed to specify or define

what period of time and what event or circumstance to which he is referring to in this request.

When determining the sufficiency of answers or objections, the court must consider the

phraseology of the requests as carefully as that of the answers or objections. Thalheim v.

Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988). CSX objected to the request, but still

substantively answered same subject to the objection. The court should focus on the specificity

of CSX's response, which is an admission subject to an objection to a poorly drafted request,

when determining the sufficiency of this response. Foretich v. Chung, 151 F.R.D. 3, 5 (D.D.C.

1993). CSX has, in good faith, qualified its answer by the objection due to the poorly drafted

request. *See* Thalheim v. Eberheim, 124 F.R.D. 35-39. CSX's has admitted that, at one time,

Mr. Santillo's railroad duties involved maintaining, installing and repairing hy-rail gear, but that

those duties ceased when the Consolidated Rail Corporation was taken over by CSX.

**Request No. 33:**

In June 2001, after the incident reported by Plaintiff, Peter Eberts determined that

the left front hy-rail gear of truck #TC 500285 had gone over center.

**Response No. 33:**

Objection. The defendant objects to this request on the grounds that it is overly

broad in time and vague. Without waiving this objection, the defendant admits

18

that Peter Ebert determined that the left front hy-rail gear of truck #TC 500285

was "over center" at the time of his inspection.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objections to this request

that it is overly broad in time and vague. CSX's objections to this request are appropriate, in

that, the request is overly broad in time and is vague. The plaintiff failed to specify or define

when in June such determination was made as referred to in this request. When determining the

sufficiency of answers or objections, the court must consider the phraseology of the requests as

carefully as that of the answers or objections. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (E.D.

Conn. 1988). CSX objected to the request, but still substantively answered same subject to the

objection. The court should focus on the specificity of CSX's response, which is an admission

subject to an objection to a poorly drafted request, when determining the sufficiency of this

response. Foretich v. Chung, 151 F.R.D. 3, 5 (D.D.C. 1993). CSX has, in good faith, qualified

its answer by the objection due to the poorly drafted request. *See* Thalheim v. Eberheim, 124

F.R.D. 35-39. CSX's has admitted, subject to the objection, that Peter Ebert determined that the

left front hy-rail gear of truck #TC 500285 was "over center" at the time of his inspection.

**Request No. 35:**

After June 13, 2001 CSX Transportation, Inc. Albany Division Engineers office

directed that only bars with the single bend at each end be used to operate 0307

hy-rail gear.

**Response No. 35:**

Objection. The defendant objects to this request on the grounds that it is overly

broad in time and vague. The defendant also objects to this request on the

grounds that this request pertains to evidence of subsequent remedial measures which are inadmissible at trial. Without waiving these objections, the defendant admits this request.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objections to this request that it is overly broad in time and vague. CSX's objections to this request are appropriate, in that, the request is overly broad in time and is vague. The plaintiff failed to specify or define when after June 13, 2001, such information was conveyed as referred to in this request. Further, it is unclear what the plaintiff means by directed and to whom the direction was made. When determining the sufficiency of answers or objections, the court must consider the phraseology of the requests as carefully as that of the answers or objections. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988). CSX objected to the request, but still substantively answered same subject to the objection. The court should focus on the specificity of CSX's response, which is an admission subject to an objection to a poorly drafted request, when determining the sufficiency of this response. Foretich v. Chung, 151 F.R.D. 3, 5 (D.D.C. 1993). CSX has, in good faith, qualified its answer by the objection due to the poorly drafted request. *See* Thalheim v. Eberheim, 124 F.R.D. 35-39. CSX's has admitted this request subject to objections.

**Request No. 36:**

The single bend at each end hand lever bar for 0307 hy-rail gear of the type on truck #TC 500285 on June 13, 2001 will be stopped during use by the truck's bumper before the socket can be forced over center.

**Response No. 36:**

Objection. The defendant objects to this request on the grounds that it is not

reasonably calculated to lead to the discovery of admissible evidence, as the wheel

did not "pass over center" at the time of the plaintiff's accident.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objection to this request

that it calls for an admission or denial concerning information which is not reasonably calculated

to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) and 36; United States v.

One Tract of Real Prop., 95 F.3d 422, 427 (6th Cir. 1996). When determining the sufficiency of

answers or objections, the court must consider the phraseology of the requests as carefully as that

of the answers or objections. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (E.D. Conn. 1988). The

information required to be admitted or denied in this request is not related to the incident that

occurred and/or allegedly caused plaintiff's injuries.

**Request No. 40:**

The Defendant is unaware of any individual who has first hand knowledge that

prior to June 14, 2001 the Plaintiff had been instructed that should the hy-rail gear

go passed over the center then he should drive the vehicle onto a wood block and

then rotate the hy-rail mechanism back into its normal position.

**Response No. 40:**

Objection. The defendant objects to this request on the grounds that it is not

reasonably calculated to lead to the discovery of admissible evidence, as the wheel

did not "pass over center" at the time of the plaintiff's accident.

CSX is permitted, pursuant to Fed. R. Civ. P. 36(a), to assert its objection to this request

that it calls for an admission or denial concerning information which is not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) and 36; <u>United States v. One Tract of Real Prop.</u>, 95 F.3d 422, 427 (6th Cir. 1996). When determining the sufficiency of answers or objections, the court must consider the phraseology of the requests as carefully as that of the answers or objections. <u>Thalheim v. Eberheim</u>, 124 F.R.D. 34, 35 (E.D. Conn. 1988). The information required to be admitted or denied in this request is not related to the incident that occurred and/or allegedly caused plaintiff's injuries.

**Request No. 41:**

Plaintiff's Exhibit B is a true and accurate statement of the 2000 monthly cost for fringe benefits that Mr. Paul Papadakis was entitled to receive as a CSX track inspector.

**Response No. 41:**

Denied. The defendant is unaware of the origin of Exhibit B and therefore cannot truthfully admit that it is a true and accurate statement of the 2000 monthly cost for fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

CSX's objections to this request are appropriate, in that the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request. CSX does not have any record of these documents or any way to verify their origin.

**Request No. 42:**

Plaintiff's Exhibit C is a true and accurate statement of the 2001 monthly cost for fringe benefits that Mr. Paul Papadakis was entitled to receive as a CSX track inspector.

**Response No. 42:**

Denied.  The defendant is unaware of the origin of Exhibit C and therefore cannot truthfully admit that it is a true and accurate statement of the 2001 monthly cost for fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

CSX's objections to this request are appropriate, in that the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request.  CSX does not have any record of these documents or any way to verify their origin. Further, the document attached is completely void of any reference which would make it identifiable or relevant to this case.

**Request No. 43:**

Plaintiff's Exhibit D is a true and accurate statement of the 2002 monthly cost for fringe benefits that CSX track inspectors were entitled to receive.

**Response No. 43:**

Denied.  The defendant is unaware of the origin of Exhibit D and therefore cannot truthfully admit that it is a true and accurate statement of the 2002 monthly cost for fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

23

CSX's objections to this request are appropriate, in that the information known to and/or readily obtainable by CSX is insufficient to enable it to either admit or deny this request. CSX does not have any record of these documents or any way to verify their origin. Further, the document attached is completely void of any reference which would make it identifiable or relevant to this case.

**Request No. 44:**

Plaintiff's Exhibit E is a true and accurate statement of the 2003 monthly cost for fringe benefits that CSX inspectors were entitled to receive.

**Response No. 44:**

Denied. The defendant is unaware of the origin of Exhibit E and therefore cannot truthfully admit that it is a true and accurate statement of the 2003 monthly cost for fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

CSX's objections to this request are appropriate, in that the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request. CSX does not have any record of these documents or any way to verify their origin. Further, the document attached is completely void of any reference which would make it identifiable or relevant to this case.

**Request No. 45:**

Plaintiff's Exhibit F is a true and accurate statement of the 2004 monthly cost for fringe benefits that CSX track inspectors were entitled to receive.

24

**Response No. 45:**

Denied.  The defendant is unaware of the origin of Exhibit F and therefore cannot truthfully admit that it is a true and accurate statement of the 2004 monthly cost for fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

CSX's objections to this request are appropriate, in that the information known to and/or readily obtainable by the defendant is insufficient to enable the defendant to either admit or deny this request.  CSX does not have any record of these documents or any way to verify their origin. Further, the document attached is completely void of any reference which would make it identifiable or relevant to this case.

**WHEREFORE**, CSX respectfully requests that this Honorable Court deny plaintiff's motion.

## REQUEST FOR HEARING

CSX respectfully requests a hearing on *CSX Transportation, Inc.'s Opposition to Plaintiff's Motion to Compel Defendant's Adequate and Complete Responses to Plaintiff's Requests for Admissions.*

> Respectfully submitted,
> CSX TRANSPORTATION, INC.,
> by its attorneys,
>
> /s/  Michael B. Flynn
> Michael B. Flynn          BBO #559023
> Valerie A. Murphy         BBO #661460
> FLYNN & ASSOCIATES, P.C.
> 400 Crown Colony Drive, Suite 200
> Quincy, MA 02169
> (617) 773-5500

Dated: September 28, 2005

25

# EXHIBIT

# "A"

ATTORNEYS AT LAW
# Thornton & Naumes LLP



Michael P. Thornton (NH, ME & MA)
John T. Barrett (NH & MA)
Robert T. Naumes
Neil T. Leifer (ME, NI & MA)
David J. McMorris (NY & MA)
Edwin L. Wallace
Robert M. Byrne, Jr.
David C. Strouss
Joseph R. Donohue (ME & MA)
Andrew S. Wainwright
Michael A. Lesser
Marilyn T. McGoldrick
Garrett J. Bradley (NY & MA)
Brad J. Mitchell
Kristen Marquis Fritz
Zoran Malesevic

100 Summer St. • 30th Floor • Boston, MA 02110 • 617-720-1333
Toll Free 800-431-4600    FAX# 617-720-2445
www.tenlaw.com

Of Counsel
Elizabeth M. Shost
Admitted in NY & PA only

August 9, 2005

Bethany M. Machacek, Esq.
Flynn & Associates, PC
400 Crown Colony Drive, Suite 200
Quincy, Massachusetts 02169

RE:    Paul T. Papadakis vs.  CSX Transportation, Inc.
       United District Court/Massachusetts C.A. No.: 04-30189-MAP

Dear Attorney Machacek:

        As you know, I am in receipt of your client's response to Plaintiff's Rule 36 Request for
Admissions. As I explained to you during our recent telephone conversation, I believe your
objections to Requests No. 9 through 12, 15, 17 through 22, 25, 28, 33, 35 and 36 are not well
taken. It is my intention to file a Motion to Compel substantive answers to these requests for
Admissions unless your client is willing to withdraw the objection voluntarily and provide a
substantive response. Please advise me of your client's position with respect to this matter at
your earliest convenience.

        If you have any questions or comments, please do not hesitate to contact me.

                                            Very Truly Yours,

                                            Robert M. Byrne, Jr.

RMB/mm