UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. PAPADAKIS,<br>       Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br>       Defendant. | C.A. No.: 04-30189-MAP |

### THE DEFENDANT, CSX TRANSPORTATION, INC.'S, MOTION TO EXCUSE EXPERT DISCLOSURES REQUIREMENTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(B) FOR PETER EBERT

The defendant, CSX Transportation, Inc. ("CSX") hereby submits this *Motion to Excuse Expert Disclosure Requirements Pursuant to Fed. R. Civ. P 26(a)(2)(B) for Peter Ebert* ("*Motion*").  As grounds therefore, the defendant states as follows:

This is a personal injury case which has been brought pursuant to the Federal Employers' Liability Act (the "FELA").  The plaintiff claims that he was injured while operating a "hi-rail" device which was affixed to his company-issued pickup truck.  A hi-rail device is a piece of equipment which allows a truck to be operated on railroad tracks.  It consists of steel or rubber-coated railroad "pilot" wheels which can be lowered down onto the tracks when the vehicle is to be operated on the tracks, and a manually operated mechanism for raising and lowering the pilot wheels.  The pilot wheels are raised up and locked when the vehicle is being used on roadways.  The plaintiff claims to have been injured as a result of a malfunction of the hi-rail device, which he claims was caused by CSX's negligence.

Within days of the plaintiff's accident, the "hi-rail" device was inspected by Peter Ebert.  Mr. Ebert owns a company, TNT Repairs, which had for several years prior to the plaintiff's

accident, conducted the routine maintenance and repairs on the plaintiff's vehicle, including its hi-rail device. Mr. Ebert determined, as a result of his post-accident inspection, that the hi-rail device was working properly and that it was not malfunctioning.

Mr. Ebert has been performing periodic maintenance and repairs of railroad vehicles for more than 17 years. He has been performing inspection, maintenance and repairs of hi-rail gear for various railroads, including CSX, for more than six years. He inspects, maintains and repairs over 100 hi-rail vehicles each year, and was personally trained by Fairmont Harsco (the manufacturer of the hi-rail device in question) to repair and maintain hi-rail devices.

Although Mr. Ebert has not been specially retained as an expert, CSX plans to elicit from him, at trial, a number of expert opinions, all of which are expected to be based on Mr. Ebert's qualifications, his training on hi-rail devices and his extensive experience in inspecting, maintaining and repairing these devices, as well as his personal involvement with the incident which is the subject of this case. More specifically, it is expected that Mr. Ebert will testify that, in his opinion:

- It was impossible that the accident could have occurred in the manner described by the plaintiff;

- The hi-rail device was neither defective nor malfunctioning at the time of the plaintiff's accident;

- The hi-rail device was working properly at the time of the post-accident inspection and did not need any repairs or maintenance;

- The plaintiff's accident was caused by his own negligent operation of the vehicle and/or hi-rail device; and

- The hi-rail device can "cam over center" as the result of a derailment of the hi-rail vehicle.

He is also expected to testify as to the proper procedure for putting the pilot wheel back into position in the event it "cams over center."

Mr. Ebert was deposed by the plaintiff's counsel (as a lay witness) on March 30, 2005. During his deposition, Mr. Ebert testified as to his opinion on a number of issues pertaining to the plaintiff's accident.

The Federal Rules of Civil Procedure state that

> <u>Except as otherwise stipulated or directed by the court</u>, this disclosure shall, <u>with respect to a witness who is retained or specially employed to provide expert testimony</u> in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis supplied). The rule distinguishes between specially retained experts and other witnesses from whom expert testimony might be elicited. <u>Thomas v. Consolidated Rail Corp</u>, 169 F.R.D. 1 (D. Mass. 1996). The requirement of a written report only applies to those experts who are "retained or specially employed" to provide opinion testimony. <u>Id</u>. It does not apply to witnesses who may be qualified by their experience, training, education and background to render expert opinions, but who have not been specially retained by a party to do so. The rule also gives the Court discretion to relax the disclosure requirements.

Peter Ebert has not been retained or specially employed to provide expert testimony, and he is not an employee of CSX. He has personal knowledge of the case, specifically, he inspected the hi-rail vehicle in question, and was deposed at some length on March 31, 2005. CSX wishes to elicit expert opinion testimony from Mr. Ebert, but is of the position that it should not be forced to meet Rule 26's disclosure requirements. Mr. Ebert does not customarily testify in litigation – he is a mechanic. CSX has not paid Mr. Ebert for his services as a witness. He has

not been retained or specially employed to provide expert testimony, yet he has personal knowledge of the case, and the requisite qualifications to give expert testimony, and therefore should be exempt from the written reporting requirements of Fed. R. Civ. P. 26(a)(2)(B).

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that its *Motion* be GRANTED and that the Court direct the disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B) be excused as to Peter Ebert, in that he not be required to produce a written report, a curriculum vitae, a list of publications and/or prior testimony or evidence of his compensation schedule, and that CSX be allowed to disclose Peter Ebert as an expert to testify at trial and elicit from him, at trial, expert opinion testimony.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the defendant respectfully states that oral argument may assist the Court and requests a hearing on its *Motion to Excuse Expert Disclosure Requirements Pursuant to Fed. R. Civ. P 26(a)(2)(B) for Peter Ebert.*

Respectfully submitted,
CSX TRANSPORTATION, INC.,
By its attorneys,

 /s/ Valerie A. Murphy
Michael B. Flynn, BBO #559023
*mbflynn@flynnassoc.com*
Valerie A. Murphy, BBO #661460
*vmurphy@flynnassoc.com*
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: _____
G:\F & A\CASE FILES\CSX PI\Papadakis\Pleadings\Motion re identify witness without exp discl..doc