UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
         Plaintiff,

v.

CSX TRANSPORTATION, INC.,
         Defendant.

C.A. No.: 04-30189-MAP

## THE DEFENDANT, CSX TRANSPORTATION, INC.'S, MOTION TO EXTEND DISCOVERY DEADLINE FOR LIABILITY EXPERT DISCLOSURES

The defendant, CSX Transportation, Inc. ("CSX") hereby submits this *Motion to Extend Discovery Deadline for Liability Expert Disclosures* ("*Motion*"). As grounds therefore, CSX states as follows:

This is a personal injury case which has been brought pursuant to the Federal Employers' Liability Act (the "FELA"). The plaintiff claims that he was injured while operating a "hi-rail" device which was affixed to his company-issued pickup truck. A full understanding of how a hi-rail device operates is essential to this case.

The plaintiff's liability expert, Ernest Gailor, was deposed on October 11, 2005, and was retained to testify on the operation and the alleged defect of the hi-rail device. Although Mr. Gailor's report was received August 31, 2005, from plaintiff's counsel, he was not made available for deposition until October 11, 2005, just a few days before the expert disclosure discovery deadline.

Mr. Gailor's testimony differed from his written report, and he also testified as to significant issues which were not included in his report. Perhaps most importantly, he testified

that in his opinion the manner in which the accident occurred, as discussed by the plaintiff, was not possible under the circumstances of this case, and that he has completely disregarded the plaintiff's own testimony in order to develop his opinion. The deposition also revealed that Mr. Gailor may not be qualified to testify about hi-rail devices, given that he has no in-depth experience or training on these devices, having operated them a handful of times in the early 1980's and examined one as a forensic investigator one time several years ago.

In addition to the above, the plaintiff has not yet submitted to an *Independent Medical Examination* (IME) and CSX filed its *Motion to Order that Plaintiff Submit to a Physical Exam* on October 4, 2005. Also, CSX filed its *Motion to Excuse Expert Disclosures Requirements Pursuant to Fed. R. Civ. P. 26(a)(B)(6) for Peter Ebert* on September 12, 2005. Neither motion has yet been ruled on. Thus, there are currently a number of other reasons for extending the expert disclosure deadline

CSX needs the opportunity to review Mr. Gailor's testimony and decide if further expert testimony will be necessary, and asks for a 45-day extension of the expert witness disclosure deadline, as it pertains to liability experts. Such an extension would not interfere with the trial schedule. A case management conference is currently scheduled to take place on January 5, 2006, and will not be affected by the allowance of this motion.

WHEREFORE, for all of the foregoing reasons, the defendant respectfully requests that its *Motion* be GRANTED and that the Court extend the deadline for expert disclosure (on liability) for an additional 45 days.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the defendant respectfully states that oral argument may assist the Court and requests a hearing on its *Motion to Extend Discovery Deadline for Expert Disclosure Requirements.*

    Respectfully submitted,
CSX TRANSPORTATION, INC.,
By its attorneys,

/s/ Valerie A. Murphy
Michael B. Flynn, BBO #559023
*mbflynn@flynnassoc.com*
Valerie A. Murphy, BBO #661460
*vmurphy@flynnassoc.com*
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: October 14, 2005
G:\F & A\CASE FILES\CSX PI\Papadakis\Pleadings\Motion to extend time for expert disclosures..doc