UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. PAPADAKIS,<br>        Plaintiff | )<br>)<br>) |
| v. | ) Civil Action No. 04-30189-MAP<br>)<br>) |
| CSX TRANSPORTATION, INC.,<br>        Defendant | )<br>)<br>) |

MEMORANDUM AND ORDER WITH REGARD TO
PLAINTIFF'S MOTION TO COMPEL (Document No. 31)
October 14, 2005

NEIMAN, U.S.M.J.

Presently before the court is Paul T. Papadakis ("Plaintiff")'s motion to compel CSX Transportation Inc. ("Defendant") to provide "complete and adequate" responses to certain requests for admission propounded by Plaintiff pursuant to Fed. R. Civ. P. 36. For the reasons which follow, the motion will be denied.

Although requests for admission constitute "discovery," they are unique. By asking the respondent to merely respond to "the truth" of a particular fact, Fed. R. Civ. P. 36(a), requests for admissions assume that the requesting party already knows the answer. *See also Workman v. Chinchinian*, 807 F. Supp. 634, 646 (E.D. Wash 1992) (noting that "if the plaintiffs wish to discover what the facts are they should resort to other discovery rules rather than [R]ule 36"). Accordingly, requests for admission ought not be employed as a means to establish facts which are clearly and overtly in dispute. *See Lakehead Pipe Line Co. v. American Home Assurance*, 177 F.R.D. 454,

458 (D. Minn. 1997).

Here, in the court's view, Defendant has adequately responded to each of the requests now at issue in accord with the requirements of Rule 36(a). In other words, Defendant has either "admitted" (Request Nos. 1, 3 and 33), "denied" (Request No. 28), "object[ed with] reasons" (Request Nos. 15, 18, 19, 20, 21, 22, 25, 36 and 40), "qualifi[ed]" a response in "good faith" (Request No. 35), or expressed that it is not "able" to respond substantively (Request Nos. 9 - 12; see also Request Nos. 41-45). *See* Fed. R. Civ. P. 36(a).

For example, in response to requests concerning an "improper" hand level bar (Request Nos. 20 and 21), Defendant interposed an objection for vagueness. In the court's view, Defendant's objection is proper. *See United Coal Companies v. Powell Construction Co*, 839 F.R.D. 958, 967-68 (3rd Cir. 1988) ("Regardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification.") (*quoting Havenfield Corp. v. H & R Block, Inc.*, 67 F.R.D. 93, 96 (W.D. Mo. 1973). Similarly, Defendant repeatedly objected to Plaintiff's requests that it admit that a socket "pass[ed] over center," (see, e.g., Request Nos. 21, 22, and 25), explaining that the wheel at issue did not "pass over center" at the time of Plaintiff's accident. Again, in the court's estimation, Defendant's objection is proper. *See Foretich v. Chung*, 151 F.R.D. 3, 5 (D.D.C. 1993) (observing that the court is not authorized, at this stage of proceedings, to make factual determinations regarding the accuracy of a denial). Accordingly, the court is not inclined to direct Defendant to

supplement these challenged responses, nor any of the others to which similarly proper objections have been interposed.

Defendant's responses to many of Plaintiff's other requests for admissions are also sufficient, Plaintiff's arguments to the contrary. For example, in Request Nos. 41 through 45, Plaintiff seek admissions as to the truth and accuracy of certain documents, as well as the information contained therein regarding fringe benefits. In each instance, Defendant has indicated that it is unaware of the origin of the document and, therefore, is unable to truthfully admit to its contents. Those responses, in the court's view, are appropriate -- "not because Requests which seek admissions, as to the requester's interpretation of documents, are improper," *Lakehead Pipeline*, 177 F.R.D. at 457 (citing cases) -- but because they effectuate the purpose of Rule 36(a).

To be sure, requests for admissions are usually designed to promote both efficiency and economy in the litigation process. But requests which are vague and open to multiple interpretation do not accomplish these ends. As Chief Judge Lagueux of the Rhode Island District Court has explained,

> [r]equests for admissions are not intended for factual discovery that should be done through interrogatories and depositions. They are a cruder device because a party may accept, deny or object to facts phrased by the opposition. They exist to narrow the issues at trial where the parties unambiguously agree. The fact is that parties in litigation conflict. They believe different things and they have different interpretations of both words and events. The party that proffers the requests must recognize that its opponent may read those words differently.

*Russo v. Baxter Healthcare Corp.*, 51 F. Supp. 2d 70, 79 (D.R.I. 1999). That,

unfortunately, is what has occurred here.

In sum, the court has reviewed the responses which Plaintiff describes as inadequate and concludes that Defendant's responses are sufficient under Rule 26(a). Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

DATED: October 14, 2005

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge