UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
                    Plaintiff,

v.                                                    C.A. No.: 04-30189-MAP

CSX TRANSPORTATION, INC.,
                    Defendant.

## DEFENDANT, CSX TRANSPORTATION, INC.'S, OPPOSITION TO PLAINTIFF'S MOTION TO PERMIT SUPPLEMENTAL EXPERT DISCLOSURES

The Defendant, CSX Transportation, Inc. ("CSX"), hereby opposes the Plaintiff, Paul T.

Papadakis' ("Mr. Papadakis") Motion to Permit Supplemental Expert Disclosures regarding

Richard Sanderson.  As grounds therefore, CSX sets forth the following: (1) the plaintiff's

request is untimely; (2) the plaintiff is not prepared to meet Fed. R. Civ. P. R. 26, Expert

Disclosure Requirements regarding Mr. Sanderson; and (3) CSX would be unfairly prejudiced

by said disclosure.


**I.  FACTUAL BACKGROUND:**

This is a personal injury case which has been brought pursuant to the Federal Employers'

Liability Act (the "FELA").  The plaintiff claims that he was injured while operating a "hi-rail"

device which was affixed to his company-issued pickup truck.  A full understanding of how a hi-

rail device operates is essential to this case.

The plaintiff has retained a liability expert, Ernest Gailor, to testify on the operation and

the alleged defect of the hi-rail device.  Mr. Gailor was deposed on October 11, 2005.  The

deposition revealed that Mr. Gailor may not be qualified to testify about hi-rail devices, given that he has no in-depth experience or training on these devices, having operated them a handful of times in the early 1980's and examined one as a forensic investigator once several years ago. *See* excerpts from the Deposition of Ernest Gailor attached as Exhibit "A," pp. 17-19, 29-31, 40-43, 59-60, 95-101. The deposition also revealed that Mr. Gailor's report and his testimony were based in large part on his "consultation" with Mr. Sanderson.  *See* Exhibit A at pp. 179-206.

 Mr. Gailor stated that Mr. Sanderson was more experienced with hi-rail devices and was more of an expert as to the operation of hi-rail devices. Ex. A, pp. 178-79.  Plaintiff's counsel had referred Mr. Sanderson to Mr. Gailor to use as a "resource." Ex. A, pp. 170-72, 181.  The plaintiff did not identify Mr. Sanderson as a witness (expert or otherwise) at any time prior to Mr. Gailor's deposition.  This left defendant's counsel at a distinct disadvantage during Mr. Gailor's deposition.  Defendant's counsel had no notice of the level or extent of Mr. Sanderson's involvement and was required to discover this issue during Mr. Gailor's deposition.[1]   Only now, after Mr. Gailor has been subjected to cross examination has the plaintiff attempted to identify Mr. Sanderson as an expert.

## II. <u>DISCUSSION OF LAW</u>:

### A.  <u>The Plaintiff's Request is Untimely</u>:

The plaintiff has waited too long to disclose Mr. Sanderson.  This Honorable Court has already explicitly ruled on expert disclosures in an *Order* dated October 14, 2005, in which it

---

[1] Mr. Sanderson's name appeared in this case through the plaintiff's production of Mr. Gailor's file on August 31, 2005.  This file had been demanded on March 22, 2005, and its production was considerably delayed.  This file contains a memorandum Mr. Sanderson authored.  Mr. Sanderson was also mentioned on Mr. Gailor's expert report which was also produced on August 31, 2005.

stated that, "[t]here shall be no further extensions" regarding expert disclosures. *See Electronic Order* attached as Exhibit "B." Thus, the plaintiff has had sufficient time to disclose its experts. The plaintiff has been well aware of Mr. Sanderson's involvement since at least June 21, 2005. Ex. A, at p. 178. It was only after the deposition of the plaintiff's current expert, Mr. Gailor, that Mr. Sanderson was disclosed as any type of witness, either factual or expert. The plaintiff made a decision to disclose Mr. Gailor only (perhaps for strategic reasons) but not Mr. Sanderson. He cannot now be allowed to identify Mr. Sanderson, after the time for doing so has expired.

### B.  The Plaintiff is Not Prepared to Meet Rule 26's Expert Disclosure Requirements Regarding Mr. Sanderson:

Even if the plaintiff is allowed to identify Mr. Sanderson at this late state of the litigation, he nevertheless does not plan to meet Rule 26's disclosure requirements. More specifically, Rule 26 clearly requires that any expert who is retained or specially employed to provide expert testimony submit:

> …[A] written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

The plaintiff, in his *Motion*, has specifically stated that he has no intention of obtaining a report from Mr. Sanderson. *See* the plaintiff's *Motion to Permit Supplemental Expert Disclosures* at p. 2. Instead, in an attempt to satisfy Rule 26's requirements, the plaintiff intends

3

to rely on Mr. Gailor's report, which plaintiff's counsel <u>now</u> states was "co-authored" by Mr. Sanderson. *See* the plaintiff's *Motion to Permit Supplemental Expert Disclosures* at p. 2. However, Mr. Gailor's report does not list any author other than Mr. Gailor himself. *See* Mr. Gailor's report, attached as Exhibit "C," at p.1.  In addition, in a cover letter which was sent with Mr. Gailor's report, plaintiff's counsel identified the report as Mr. Gailor's only.  *See Letter* dated August 31, 2005, attached as Exhibit "D."  Mr. Gailor, at his deposition did not identify Mr. Sanderson as a co-author; instead, Mr. Sanderson was referred to as a "resource" and a "contributor."  *See* Ex. A, p. 180-190, 202-06.

This leaves only two conclusions:  (1) Mr. Sanderson's identity as a "co-author" was purposely concealed and is now being represented in this fashion only because of Mr. Gailor's deposition testimony; or (2) Mr. Sanderson simply was not a "co-author" as is now being represented.  Either way, the plaintiff has taken great liberty with the Court's disclosure requirements, to the defendant's disadvantage.  This should not be rewarded by allowing Mr. Sanderson to now be disclosed as an expert.

Rule 26 does not allow for an expert to be disclosed in this fashion.  Each expert must file their own report.  This is extremely relevant in this case given that the Court has recently made a ruling strictly interpreting the expert reporting and disclosure requirements, by requiring that Peter Ebert (a lay witness who may be asked to give opinion testimony) provide the written report required by Rule 26.  *See* Ex. B.

Mr. Sanderson has not provided information sufficient to determine whether he would qualify as an expert under Rule 26.  The plaintiff has not met the reporting requirements of the rule; he does not list what documents and data Mr. Sanderson used in forming his opinion, nor

his educational background and experience, and the "co-authored" report is not even signed by Mr. Sanderson. Nor does he intend to do so. Under these circumstances, the plaintiff should not be allowed to identify Mr. Sanderson as an expert because he has not met Rule 26's requirements.

C.     **CSX Will Be Unfairly Prejudiced:**

CSX will also be prejudiced should Mr. Sanderson be permitted to testify as an expert witness. CSX did not have the benefit of the knowledge of the supplemental disclosure at the time of Mr. Gailor's deposition. This affected CSX's ability to properly depose Mr. Gailor, forcing defense counsel to learn about Mr. Sanderson's involvement through Mr. Gailor's testimony. In addition, CSX has revealed its trial strategy regarding cross-examination of the plaintiff's liability experts. In essence, Mr. Gailor's deposition has given the plaintiff a roadmap by which to prepare Mr. Sanderson. This would give the plaintiff an unfair advantage should Mr. Sanderson now be disclosed as an expert.

Allowing Mr. Sanderson's late identification as an expert would essentially give the plaintiff two bites at the apple. Their first expert did not pass muster at his deposition, so now the plaintiff wants to identify a replacement, even though he was aware of Mr. Sanderson's involvement (and in fact referred Mr. Gailor to Mr. Sanderson) as early as June 2, 2005. Allowing the plaintiff to identify Mr. Sanderson now would greatly prejudice CSX's defense of the liability issues on this case.

WHEREFORE, for all of the above stated reasons, CSX respectfully requests that the plaintiff's *Motion to Permit Supplemental Expert Disclosures* be denied.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the defendant respectfully states that oral argument may assist the Court and requests a hearing on its *Opposition to Plaintiff Paul T. Papadakis'*

*Motion to Permit Supplemental Expert Disclosures.*

The defendant,
CSX Transportation, Inc.,
By its attorneys,


/s/ Michael B. Flynn
Michael B. Flynn, BBO #559023
Valerie A. Murphy, BBO #661460
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500

DATED: _____

G:\F & A\CASE FILES\CSX Pl\Papadakis\Pleadings\Opposition to Plaintiff's Motion to Permit Suppl Expert Disclosures.doc