# Exhibit "B"

**Valerie Murphy**

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Friday, October 14, 2005 3:50 PM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 3:04-cv-30189-MAP Papadakis v. CSX Transportation, Inc. "Order on Motion for Extension of Time to Complete Discovery"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Neiman, Kenneth entered on 10/14/2005 at 3:49 PM EDT and filed on 10/14/2005
**Case Name:**   Papadakis v. CSX Transportation, Inc.
**Case Number:**   3:04-cv-30189
**Filer:**
**Document Number:**

**Docket Text:**
Judge Kenneth P. Neiman : ElectronicORDER entered granting in part and denying in part [39] Defendant's Motion for an Order that Plaintiff Submit to a Physical Examination and to Extend Discovery as follows: (a) Defendant may require Plaintiff to submit to an examination by Dr. Feldmann at a mutually agreeable time, but no later than November 15, 2005, and (b) Dr. Feldmann, if retained as an expert, shall be designated and his expert report produced no later than December 2, 2005; in all other respects, Defendant's motion is denied. The court also denies [41] Defendant's Motion to Excuse Expert Disclosures Regarding Peter Ebert, it being evident that he will be offering testimony beyond the routine maintenance he had been providing. See Garcia v. City of Springfield Police Department, -- F.R.D. --, 2005 WL 1952864 (D. Mass. August 16, 2005) (modifying Thomas v. Consolidated Rail Corp., 169 F.R.D. 1 (D. Mass 1996)). Mr. Ebert's expert disclosures ahall be produced no later! than December 2, 2005. Finally, the court hereby grants [42] Defendant's Motion for Extension of Time to Disclose Liability Expert, said disclosures to be made no later than December 2, 2005. There shall be no further extensions. (Neiman, Kenneth)

The following document(s) are associated with this transaction:

**3:04-cv-30189 Notice will be electronically mailed to:**

Robert M. Byrne , Jr   rbyrne@tenlaw.com

Michael B. Flynn   mbflynn@flynnassoc.com

Valerie A. Murphy   vmurphy@flynnassoc.com

11/1/2005

Robert T. Naumes    rnaumes@tenlaw.com

**3:04-cv-30189 Notice will not be electronically mailed to:**

Scott A. Barbour
McName, Lochner, Titus & Williams
75 State Street
PO BOx 459
Albany, NY 12201-0459

11/1/2005

# Exhibit "C"

Report of Accident Review
Paul Papadakis

Prepared for:
Thorton & Naumes, LLP
100 Summer Street
30th Floor
Boston, Massachusetts 02110

By:
Ernest J. Gailor, P.E.

August 24, 2005

The correct hand lever was not available to Papadakis when he engaged the hi-rail gear.

It is clear from the accident description that, for this type of mechanical failure to occur, the hi-rail gear was improperly adjusted and maintained. It would have been nearly impossible for Papadakis to discover this from his normal cursory inspection.

The use of the incorrect hand lever allowed Papadakis to go over center with the pivot arm when he engaged the hi-rail gear into the rail position. When he attempted to raise the guide wheel at the end of his inspection he experienced free movement of the upper socket when he pushed down to release the wheel. He pushed the locking lever forward and moved the hand lever down to the lower socket. When he pushed down to raise the guide wheel to the highway position, he could not lock it into position because the pivot arm was over center. He would have to raise the wheel by other means and chain it to the frame in the upper position for highway travel.

There are safety features of the hi-rail gear that are built into this unit to prevent it from going over center or over cam. The correct lever, as identified in the hi-rail gear literature has bends in it which cause the lever to hit the frame or the ground before allowing the gear to over cam. Additionally, a stop arm is attached to the upper socket. When maintained and properly adjusted, it provides a second level of protection in that it does not allow over camming to occur. The mounting height of the guide wheels must be within operational limits. If it is too high, it allows over camming to occur.

The vehicle did not have an operational manual in the vehicle for Papadakis to consult at the time of this accident. There are no service or maintenance records available to review for the time period both prior to and after the accident. Indeed, the maintenance records fail to show the inspection or repair completed after the accident. This is in direct violation of the requirements of the Federal Railroad Administration, 49CFR 214.523. These records must be maintained and made available by CSX as per part 212 of the same regulation. Lack of proper record keeping by CSX creates a hazardous condition for the operators of hi-rail gear. It would be impossible for an operator to be aware of problems or maintenance issues with his equipment. It is also impossible for the maintenance crew to track a recurring condition on a piece of equipment such as the hi-rail gear involved with this accident.

29 CFR 1926.5(a)(1) is the section of OSHA dealing with safe workplaces. Employers must furnish employment and a place of employment that is free from recognized hazards that cause or are likely to cause injury. Injury from a poorly adjusted hi-rail gear would be foreseeable. Subsequent injury is predictable.

CSX Transportation, Inc. improperly maintained the hi-rail gear. By offering an unsafe vehicle, they created a safety hazard for anyone working with the truck and hi-rail gear. They failed to provide the safe place of employment.

## FINDINGS

Within the bounds of reasonable engineering certainty and subject to change if additional information becomes available, it is my professional opinion that:

1. The failure of CSX Transportation to properly inspect, maintain and repair the hi-rail gear on the truck used by Papadakis created a hazardous condition for workman. The failure of CSX Transportation, Inc. to provide safe hi-rail gear was a dangerous oversight that was the cause of Papadakis' accident and injury.

2. CSX Transportation failed to provide the correct hi-gear hand lever needed for Papadakis' safe operation of the hi-rail gear. The failure of CSX Transportation, Inc. to provide the proper hand lever for the hi-rail gear was a dangerous oversight that was the cause of Papadakis accident and injury.

Respectfully Submitted,

Ernest J. Gailor, P.E.

Richard Sanderson

# Exhibit "D"

ATTORNEYS AT LAW
# Thornton & Naumes LLP

100 Summer St. • 30th Floor • Boston, MA 02110 • 617-720-1333
Toll Free 800-431-4600   FAX# 617-720-2445
www.tenlaw.com

Michael P. Thornton (NH, ME & MA)
John T. Barrett (NH & MA)
Robert T. Naumes
Neil T. Leifer (ME, NH & MA)
David J. McMorris (NY & MA)
Edwin L. Wallace
Robert M. Byrne, Jr.
David C. Strouss
Joseph K. Donohue (ME & MA)
Andrew S. Wainwright
Michael A. Lesser
Marilyn T. McGoldrick
Garrett J. Bradley (NY & MA)
Brad J. Mitchell
Kristen Marquis Fritz
Zoran Malesevic

Of Counsel
Elizabeth M. Shout
Admitted in NY & PA only

August 31, 2005

*VIA FACSIMILE*

Bethany M. Machacek, Esq.
Flynn & Associates, PC
400 Crown Colony Drive, Suite 200
Quincy, Massachusetts 02169

RE:   Paul T. Papadakis vs. CSX Transportation, Inc.
      United District Court/Massachusetts C.A. No.: 04-30189-MAP

Dear Attorney Machacek:

Transmitted herewith please find the expert report and disclosure of Mr. Ernest Gailor concerning the above entitled matter. Please be advised that Plaintiff will designate Mr. Gailor as an expert witness who will testify in accordance with his report. A hardcopy of this transmission will be sent to you via first class mail.

If you have any questions or comments concerning this matter, please do not hesitate to contact me.

Very Truly Yours,

Robert M. Byrne, Jr.

RMB/mm
Enclosures