UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
          Plaintiff,

    v.

CSX TRANSPORTATION, INC.,
          Defendant.

C.A. No.: 04-30189-MAP

## CSX TRANSPORTATION, INC.'S MOTION FOR AN ORDER PERTAINING TO PLAINTIFF'S REFUSAL TO SUBMIT TO THE DEFENDANT'S COURT-ORDERED INDEPENDENT MEDICAL EXAMINATION

The defendant, CSX Transportation, Inc. ("CSX"), in the above-captioned matter hereby moves that this Honorable Court issue an order either :  (1) excluding the plaintiff from presenting medical experts or opinion testimony; or (2) Compelling the plaintiff, Paul T. Papadakis to submit to a physical examination by Dr. Edward Feldmann, M.D., the defendant's medical expert, pursuant to the Court Order dated October 14, 2005, at a time and date of Dr. Feldmann's choosing, and that he be ordered to answer questions pertaining to his medical history, his condition, and the mechanics of his injury.  The defendant also requests that the plaintiff pay the costs associated with the IME.   As grounds therefore, the defendant states the following:

1.    The plaintiff's physical condition is in controversy, as he has claimed injuries allegedly caused by the defendant's negligence and/or failure to use reasonable care;

2.    This Honorable Court, on October 14, 2005, ordered that the defendant may require the plaintiff to submit to a physical examination by Dr. Feldmann at a mutually agreeable time no later than November 15, 2005, and that his report must be disclosed by December 2, 2005 (see order dated October 14, 2005, a copy of which is attached as Exhibit "A");

3.     The parties thereafter reached an agreement on October 24, 2005, that the plaintiff would submit to an Independent Medical Examination ("IME") on November 8, 2005, at 11:00 A.M, by Dr. Feldmann in his office 110 Lockwood Street, Providence, Rhode Island;

4.     Dr. Feldmann attempted to conduct the IME on November 8, 2005.  The plaintiff arrived as scheduled, but then refused to answer any questions about his medical condition  (see affidavit of Dr. Edward Feldmann, M.D., attached as Exhibit "B");

5.     Moreover, the plaintiff informed Dr. Feldmann that his attorney had instructed him not to answer any questions at all (Id.);

6.     Dr. Feldmann is unable to conduct an IME without asking the individual questions pertaining to his medical history, his condition, and the mechanics of his injury, and informed the plaintiff of same (Dr. Feldmann also gave the plaintiff an opportunity to call his attorney to discuss the matter)( Id.);

7.     The plaintiff again stated that his attorney had instructed him not to answer any questions, and left Dr. Feldmann's office (Id.);

8.     The plaintiff's actions prevented Dr. Feldmann from conducting the IME, as ordered by this Honorable Court October 14, 2005;

9.     The plaintiff's actions were based on instructions from his attorney not to answer any of Dr. Feldmann's questions;

10.    The plaintiff has subverted the interests of fair play and substantial justice by refusing to cooperate with his physical examination just before the court-ordered deadline of November 15, 2005;

11.    The defendant has been prejudiced in its discovery process by the clear, intentional and pre-meditated obstruction of a legitimate court order to submit to said exam;

12.    There is insufficient time for the defendants to reschedule the appointment and comply with the expert disclosure requirements ordered by the Court on October 14, 2005;

13.     The defendants are placed at a clear disadvantage, as the plaintiff has fully cooperated

with his treating doctors and his experts, by answering their questions but by refusing to

give the defendant's expert the same cooperation.


WHEREFORE, for all of the above-stated reasons, the defendant requests that the

plaintiff be excluded from offering at trial any medical expert and/or opinion testimony, or in the

alternative, that the plaintiff: (1) submit to an IME by Dr. Feldmann at his time and choosing; (2)

be ordered to answer any questions concerning his medical history, his condition, or the

mechanics of his injury; and (3) that the plaintiff pay Dr. Feldmann's fee.


## REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7.1(D), the defendants believe that oral argument may

assist the Court and wish to be heard and therefore request that the Court schedule a hearing on

their *Motion*.


Respectfully submitted,
CSX TRANSPORTATION, INC.,
by its attorneys,

 /s/   Valerie A. Murphy
Michael B. Flynn,      BBO #559023
Valerie A. Murphy,     BBO #661460
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: November 8, 2005