UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
        Plaintiff,

v.                                                                                                        C.A. No.: 04-30189-MAP

CSX TRANSPORTATION, INC.,
        Defendant.

### THE DEFENDANT, CSX TRANSPORTATION, INC.'S, MOTION FOR RECONSIDERATION OF THE ORDER ON ITS MOTION TO EXCUSE EXPERT DISCLOSURES REQUIREMENTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(B) FOR PETER EBERT

The defendant, CSX Transportation, Inc. ("CSX") hereby submits this *Motion For Reconsideration of the Court's Order its Motion to Excuse Expert Disclosure Requirements Pursuant to Fed. R. Civ. P 26(a)(2)(B) for Peter Ebert* ("*Motion*"). As grounds therefore, the defendant states that: 1) the *Decision and Order* ("Order") mischaracterizes Mr. Ebert's expected testimony 2) the *Order* cites *Garcia v. City of Springfield Police Department*, which supports not requiring a report from Mr. Ebert and 3) the *Order* fails to address the fact that Mr. Ebert is not a paid expert, and the defendant has no control or authority to order him to write a report. As further grounds, the defendant states as follows:

### I.     FACTUAL BACKGROUND

This is a personal injury case which has been brought pursuant to the Federal Employers' Liability Act (the "FELA"). The plaintiff claims that he was injured while operating a "hi-rail" device which was affixed to his company-issued pickup truck. *See* the defendant's *Motion to Excuse Expert Disclosures Requirements Pursuant To Fed. R. Civ. P. 26(A)(2)(B) For Peter Ebert,* Document number 41, which is specifically incorporated by this reference.

The first inspection of the hi-rail device was within days of the plaintiff's accident, and was conducted by Peter Ebert, who had also been performing the routine maintenance and repairs on this truck for a number of years prior to the plaintiff's accident. Mr. Ebert is not a specially retained expert; instead he is a percipient witness who may be asked to give opinion testimony.

Mr. Ebert's qualifications were provided in both the defendant's *Motion to Excuse Expert Disclosures Requirements Pursuant To Fed. R. Civ. P. 26(A)(2)(B) For Peter Ebert* (Document No. 41) and in the *Defendant's Disclosure Of Expert Witness Peter Ebert* provided to the plaintiff on October 14, 2005. A copy of the disclosure is attached as Exhibit "A."

Mr. Ebert was deposed by the plaintiff's counsel (as a lay witness) on March 30, 2005. During his deposition in response to plaintiff's counsel's questions, Mr. Ebert testified as to his opinion on a number of issues pertaining to the plaintiff's accident.

The defendant filed a *Motion to Excuse Expert Disclosures Requirements Pursuant To Fed. R. Civ. P. 26(A)(2)(B) For Peter Ebert* on October 12, 2005, which the Court denied on October 14, 2005.

## II.    DISCUSSION OF LAW:

**A.    The *Order* Mischaracterizes Mr. Ebert's Expected Testimony:**

Mr. Ebert's testimony is expected to provide information on the routine maintenance and repairs on the hi-rail vehicle, his first hand knowledge of the inspection performed by him following the plaintiff's accident, as well as testimony on causation based on his personal knowledge and observations obtained during the post-accident inspection and pre-accident maintenance and repair of the vehicle. In its October 14, 2005 *Order*, the court states that it was evident that Mr. Ebert will be offering testimony beyond the routine maintenance he had been

providing *See Order* dated October 14, 2005, attached as Exhibit "B." While this statement is correct, it does not address all of the issues of which Mr. Ebert is expected to testify that do not require Rule 26 disclosures, including his post-accident inspection and his personal knowledge of the incident.

B.  *Garcia v. City of Springfield Police Department*, **Supports Not Subjecting Mr. Ebert to Rule 26(a)(2)(B) Requirements**:

The Federal Rules of Civil Procedure state that:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis supplied). The rule distinguishes between specially retained experts and other witnesses from whom expert testimony might be elicited.

In declaring that Mr. Ebert must prepare a report under Rule 26, this Court, on its October 14, 2005 cited to the case of Garcia v. City of Springfield Police Department, 2005 U.S. Dist. LEXIS 16944 (2005) as supporting authority. However, Judge Ponser, in *Garcia*, actually noted that the requirement of a written report only applies to those experts who are "retained or specially employed" to provide opinion testimony. Id. More *s*pecifically, Judge Ponser noted that a witness can testify on issues such as causation and prognosis without first providing a report where: 1) these opinions are based on the witness's personal knowledge and observations; and 2) the witness was not specially retained for litigation or for trial. Id. at *6.

3

If the court is to apply *Garcia* to the present situation, Mr. Ebert would be allowed to testify (without first providing a report) as to opinions he developed based on his personal knowledge and observations during the course of his maintenance, repair and post-accident inspection, since he has not been specially retained for litigation or for trial.

Peter Ebert has personal knowledge of the case, he does not customarily testify in litigation, CSX has not paid Mr. Ebert for his services as a witness, and therefore he should be exempt from the written reporting requirements of Fed. R. Civ. P. 26(a)(2)(B).

**C.**     **Mr. Ebert Is Not A Paid Expert**:

Mr. Ebert is not a paid expert. While he qualifies as one of the most knowledgeable people regarding the maintenance and repair of hi-rail vehicles, he was the person who inspected the vehicle after the accident. He has not been specially retained by CSX, and CSX does not have the authority to order Mr. Ebert to write a report.

In *Garcia*, one of the practical realities that supports the courts' decision directly applies to the present case. "The requirement that a treating physician submit an expert report under Rule 26 may provoke refusal from the treating physician." *Garcia* at *7. Mr. Ebert has refused to write a report. See Affidavit of Counsel, attached as Exhibit "C." CSX has no authority to order him to write a report, as he has not been specially retained. CSX cannot comply with Rule 26's requirements and cannot comply with this Court's October 14, 2005, *Order*. Consequently, if required to comply with the *Order*, CSX will be precluded from offering at trial, important testimony regarding causation.

WHEREFORE, for all of the foregoing reasons, the defendant respectfully requests that it reconsider the defendant's *Motion to Excuse Expert Disclosures Requirements Pursuant To Fed. R. Civ. P. 26(A)(2)(B) For Peter Ebert* and that the Court direct that disclosure pursuant to Fed.

R. Civ. P. 26(a)(2)(B) be excused as to Peter Ebert, in that he not be required to produce a written report, a curriculum vitae, a list of publications and/or prior testimony or evidence of his compensation schedule, and that CSX be allowed to disclose Peter Ebert as an expert to testify at trial and elicit from him, at trial, expert opinion testimony.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the defendant respectfully states that oral argument may assist the Court and requests a hearing on its *Motion for Reconsideration on Its Motion to Excuse Expert Disclosure Requirements Pursuant to Fed. R. Civ. P 26(a)(2)(B) for Peter Ebert.*

Respectfully submitted,
CSX TRANSPORTATION, INC.,
By its attorneys,

 /s/ Valerie A. Murphy
Michael B. Flynn, BBO #559023
*mbflynn@flynnassoc.com*
Valerie A. Murphy, BBO #661460
*vmurphy@flynnassoc.com*
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: November 23, 2005
G:\F & A\CASE FILES\CSX PI\Papadakis\Pleadings\Motion for reconsideration Ebert without exp discl..doc