Exhibit "A"

FILE COPY

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
        Plaintiff,

v.

CSX TRANSPORTATION, INC.,
        Defendant.

C.A. No.: 04-30189-MAP

### DEFENDANT'S DISCLOSURE OF EXPERT WITNESS
### PETER EBERT

The defendant, CSX Transportation, Inc. ("CSX"), hereby submit the following disclosure of expert witness Peter Ebert. The defendant is not submitting, with this disclosure, a report – the defendant has recently filed a motion seeking relief from this requirement of Rule 26(a)(2). This motion is currently pending. Mr. Ebert has not been specially retained as an expert in this case, nor is he an employee of CSX.

Mr. Ebert's address is TNT Repairs, 435 Newry Road, Greenville, NY. His education, experience and qualifications are as follows: Richmondville Central High School, New York, graduated 1978. Mr. Ebert graduated from a one-year program at Ohio Diesel Technical, Cleveland, Ohio, 1979. He has attended numerous training sessions given by heavy equipment and vehicle manufacturers, including training by Harsco-Fairmount on the inspection, repair and maintenance of hi-rail devices. Caterpillar Corp., Manands, NY, 1979-1980, truck mechanic; New Baltimore Maintenance, Port of Albany, NY, 1980-1983, road mechanic; TNT Repairs, Selkirk, NY, 1983 to present, principal, owner and chief mechanic. Mr. Ebert has owned TNT for 23 years. He currently has seven employees, and for the past seventeen years has performed

mechanical repairs on all types of machinery for the railroad. He has been performing hi-rail maintenance, repairs and inspections for over six years for numerous railroads, including CSX. He has been trained by Fairmont Harsco with respect to the maintenance, repair and inspection of hi-rail vehicles, and his company works on over 100 hi-rail vehicles per year.

The defendant expects that Peter Ebert will testify about his inspection of the hi-rail vehicle in question, both prior to and after the alleged incident, in addition to prior and subsequent repairs and maintenance of said vehicle. Mr. Ebert is expected to describe the hi-rail device question, identify and describe its external and internal components and explain how the device functions. He will describe the proper method for putting the hi-rail device into the "down" or "on-track" position and also the "up" or "highway" position. Mr. Ebert will also explain the Fairmount manual and the required factory-recommended tolerances and adjustments and settings. He is also expected to testify as to the proper procedure for putting the pilot wheel back into position in the event it "cams over center."

Mr. Ebert will also describe his post-accident inspection of the vehicle. He will identify and explain the inspection he performed and describe the invoice concerning this inspection. He will testify that the hi-rail device was not defective, was working properly and had no damaged or malfunctioning parts, and was within acceptable manufacturer's standards and settings. Mr. Ebert is also expected to testify as to his opinion:

- that it was impossible that the accident could have occurred in the manner described by the plaintiff;
- that the hi-rail device was neither defective nor malfunctioning at the time of the plaintiff's accident;

- that the hi-rail device was working properly at the time of the post-accident inspection and did not need any repairs or maintenance;

- that the plaintiff's accident was caused by his own negligent operation of the vehicle and/or hi-rail device; and

- that the hi-rail device can "cam over center" as the result of a derailment of the hi-rail vehicle.

Mr. Ebert is further expected to testify regarding the maintenance and repair history of the hi-rail device. More specifically, he will testify that the device was inspected and routinely maintained approximately every six (6) months and that the device had not experienced, at any time prior to the plaintiff's alleged accident, any "over-camming" nor had it experienced the problem described by the plaintiff at his deposition (the failure of the pilot wheel to lock back into the "highway" position). Mr. Ebert will also testify that the device has also not experienced these problems at any time since the plaintiff's accident.

The defendant reserves the right to supplement/amend this *Disclosure* prior to trial.

Respectfully submitted,
CSX TRANSPORTATION, INC.,
By their attorneys,

_____
Michael B. Flynn, BBO# 559023
Valerie A. Murphy, BBO#661463
Flynn & Associates, P.C.
189 State Street, 6th Floor
Boston, MA 02109
(617) 722-8253

Dated: October 18, 2005
G:\F & A\CASE FILES\CSX PI\Papadakis\Pleadings\EbertDisclosure 10-18-05.doc

# Exhibit "B"

From: ECFnotice@mad.uscourts.gov
Sent: Friday, October 14, 2005 3:50 PM
To: CourtCopy@mad.uscourts.gov
Subject: Activity in Case 3:04-cv-30189-MAP Papadakis v. CSX Transportation, Inc. "Order on Motion for Extension of Time to Complete Discovery"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Neiman, Kenneth entered on 10/14/2005 at 3:49 PM EDT and filed on 10/14/2005
**Case Name:**       Papadakis v. CSX Transportation, Inc.
**Case Number:**     3:04-cv-30189
**Filer:**
**Document Number:**

**Docket Text:**
Judge Kenneth P. Neiman : ElectronicORDER entered granting in part and denying in part [39] Defendant's Motion for an Order that Plaintiff Submit to a Physical Examination and to Extend Discovery as follows: (a) Defendant may require Plaintiff to submit to an examination by Dr. Feldmann at a mutually agreeable time, but no later than November 15, 2005, and (b) Dr. Feldmann, if retained as an expert, shall be designated and his expert report produced no later than December 2, 2005; in all other respects, Defendant's motion is denied. The court also denies [41] Defendant's Motion to Excuse Expert Disclosures Regarding Peter Ebert, it being evident that he will be offering testimony beyond the routine maintenance he had been providing. See Garcia v. City of Springfield Police Department, -- F.R.D. --, 2005 WL 1952864 (D. Mass. August 16, 2005) (modifying Thomas v. Consolidated Rail Corp., 169 F.R.D. 1 (D. Mass 1996)). Mr. Ebert's expert disclosures ahall be produced no later! than December 2, 2005. Finally, the court hereby grants [42] Defendant's Motion for Extension of Time to Disclose Liability Expert, said disclosures to be made no later than December 2, 2005. There shall be no further extensions. (Neiman, Kenneth)

The following document(s) are associated with this transaction:

**3:04-cv-30189 Notice will be electronically mailed to:**

Robert M. Byrne , Jr    rbyrne@tenlaw.com

Michael B. Flynn    mbflynn@flynnassoc.com

Valerie A. Murphy    vmurphy@flynnassoc.com

Robert T. Naumes    rnaumes@tenlaw.com

**3:04-cv-30189 Notice will not be electronically mailed to:**

Scott A. Barbour
McName, Lochner, Titus & Williams
75 State Street
PO BOx 459
Albany, NY 12201-0459

# Exhibit "C"

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. PAPADAKIS,<br>　　　　Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br>　　　　Defendant. | C.A. No.: 04-30189-MAP |

### AFFIDAVIT OF VALERIE A. MURPHY, ESQ.

I, Valerie A. Murphy, of Boston, Massachusetts, do hereby swear and depose as follows:

1. I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts.

2. I represent the defendant, CSX Transportation, Inc., ("CSX"), in the above-captioned matter, which is pending in the United States District Court of Massachusetts.

3. I spoke with Peter Ebert, of TNT Repairs, 435 Newry Road, Greenville, NY on November 21, 2005; he refused to write a report in the above captioned matter.

Signed under the pains and penalties of perjury this 23rd day of November, 2005.

　　　　　　　　　　　　　　　　　　　　　　/s/Valerie A. Murphy
　　　　　　　　　　　　　　　　　　　　　　Valerie A. Murphy, Esq.