UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. PAPADAKIS,<br>Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br>Defendant. | C.A. No.: 04-30189-MAP |

## CSX TRANSPORTATION, INC.'S MOTION FOR PROTECTIVE ORDER REGARDING SURVEILLANCE REPORTS

The defendant, CSX Transportation, Inc. ("CSX"), in the above-captioned matter hereby moves that this Honorable Court issue a protective order regarding surveillance materials its counsel has obtained concerning the plaintiff, Paul T. Papadakis. As grounds therefore, the defendant states the following:

### I. **FACTUAL BACKGROUND**:

This is a personal injury case which has been brought pursuant to the Federal Employers' Liability Act (the "FELA"). The plaintiff claims that he was injured while operating a "hi-rail" device which was affixed to his company-issued pickup truck. The plaintiff's physical condition as well as the nature, existence and extent of his alleged disability is in controversy. The plaintiff has claimed that he has suffered injuries which have disabled him from his previous occupation, and that he has a very limited residual work capacity.

The plaintiff has requested copies of surveillance reports from the defendant. The defendant admits that its counsel has obtained surveillance of the plaintiff. However, photographs or video were not taken of the defendant and only written reports were prepared. These surveillance reports are protected from discovery by attorney/client privilege and work product doctrine. They are to be used purely for impeachment purposes at trial, and should be

excluded from pretrial discovery.

## II. **DISCUSSION OF LAW:**

### A. **The Defendant's Surveillance Reports are Impeachment Evidence:**

Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact. Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513 (5th Cir. 1993) *citing* John P. Frank, *Pretrial Conferences and Discovery — Disclosure or Surprise?*, 1965 Ins.Law J. 661, 664 (1965). Impeachment evidence is that which is offered to "discredit a witness ... to reduce the effectiveness of [his] testimony by bringing forth evidence which explains why the jury should not put faith in [his] or [her] testimony." Klonoski v. Mahlab, 156 F.3d 255 (1998); Chiasson at 517. "When surveillance concerns a personal injury plaintiff, the evidence is most likely to show that their injury is fabricated or exaggerated, and the 'potential perjurer' cannot complain if the defendants choose to disprove the case on trial rather than in discovery." Id. at 516-17, citing Hikel v. Abousy, 41 F.R.D. 152, 154 n. 1 (D.Md. 1966).

The Fifth Circuit in Chiasson (cited with approval by the First Circuit in Klonoski v. Mahlab), discussed the issue of pre-trial discoverability of surveillance reports. Chiasson held that the video surveillance was not solely impeachment evidence. The Chiasson court discussed the factors that warrant consideration before ordering such evidence to be disclosed:

> Those courts requiring that such evidence be disclosed in discovery cite, primarily, the policy of broad discovery, *see, e.g., Daniels v. National R.R. Passenger Corp.,* 110 F.R.D. 160 (S.D.N.Y. 1986), the need of the party seeking disclosure to evaluate the authenticity of such evidence (particularly when ... the impeachment evidence is in the form of photographs or videotape), *see, e.g., Snead v. American Export-Isbrandtsen Lines, Inc.,* 59 F.R.D. 148 (E.D.Pa. 1973), and the reality that revealing all evidence will probably promote settlement. *See, e.g., Martin v. Long Island R.R. Co.,* 63 F.R.D. 53 (E.D.N.Y. 1974). ... Some have held that both the existence and the substance of impeachment evidence are, in all instances, discoverable, *e.g., Daniels,* 110 F.R.D. 160; others have held that while the existence of such evidence is discoverable, the substance need be disclosed only if it will be used at trial, *e.g., DiGiacobbe v. National R.R. Passenger Corp.,* No. 86-534, 1987 WL 11227 (E.D.Pa. May 21, 1987); *Dodson v. Persell,* 390 So.2d 704 (Fla. 1980).

Chiasson at 516. The party wishing to use such material may submit it to the court for determination as to whether the evidence is substantive or impeaching. Bogotay v. Montour Railroad Company, 177 F. Supp. 269 (1959).

The plaintiff has claimed that his injuries limit his ability to work. Given this claim, the defendant should be allowed to refute at trial any fabrications or exaggerations the plaintiff makes regarding his physical disabilities. The substance of the surveillance reports will not be used at trial other than for impeachment purposes if necessary, and therefore are not discoverable. If the plaintiff does not perjure himself, the surveillance reports will never be used. The knowledge that these reports exist would encourage the plaintiff to be truthful and not exaggerate his claims, thereby furthering the interests of justice.

The defendants do not have any surveillance photographs or videos of the plaintiff. See Daniels v. National R.R. Passenger Corp., 110 F.R.D. 160 (S.D.N.Y. 1986). The defendants have only written surveillance reports, which were created specifically for (and at the request of) the defendant's attorney in preparation for litigation. Thus, these reports are protected by the Attorney/client privilege and the work product doctrine.

### B. Impeachment Evidence is Excluded From Pre-Trial Discovery:

The Federal Rules of Civil Procedure clearly exclude, from pretrial discovery, any material that will be used solely for impeachment purposes: "[A] party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment...." Fed. R. Civ. P. Rule 26(a)(3); Denty v. CSX Transportation, Inc., 168 F.R.D. 549 (1996).

The plaintiff has claimed that his physical limitations inhibit his ability to work. The defendant intends to use the surveillance material for impeachment purposes only, should the plaintiff's truthfulness regarding his physical limitations come into question.

WHEREFORE, for all of the above-stated reasons, the defendant requests that the this

Honorable Court issue a Protective Order regarding the surveillance reports; or in the alternative, that the Court conduct an in-camera inspection to determine whether the defendant's surveillance reports contain impeachment evidence that will not be produced to plaintiff's counsel.

### REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7.1(D), the defendants believe that oral argument may assist the Court and wish to be heard and therefore request that the Court schedule a hearing on their *Motion*.

                                                Respectfully submitted,
                                                CSX TRANSPORTATION, INC.,
                                                by its attorneys,

                                                /s/ Valerie A. Murphy
                                                Michael B. Flynn,    BBO #559023
                                                Valerie A. Murphy,   BBO #661460
                                                FLYNN & ASSOCIATES, P.C.
                                                400 Crown Colony Drive, Suite 200
                                                Quincy, MA 02169
                                                (617) 773-5500

Dated: November 28, 2005