UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------X
PAUL T. PAPADAKIS,

        PLAINTIFF                            CIVIL ACTION
                                                    NO.: 04-30189-MAP
VS.

CSX TRANSPORTATION,

        DEFENDANT
------------------------------------------------------X

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
RECONSIDERATION OF PETER EBERT**

Now comes the Plaintiff, Paul Papadakis, in opposition to the Defendant's Motion for Reconsideration of the Court's October 14, 2005 order denying the Defendant's request that Peter Ebert be excused from submitting an expert report pursuant to the provisions of federal and civil procedure 26(a)(2)(b).

I.     FACTUAL BACKGROUND

This is a Federal Employers' Liability Act 45 USC § 51 et sec. The Plaintiff claims an entitlement to compensatory damages for injuries sustained by him on June 13, 2001. The Plaintiff says that on that date he experienced a mechanical problem with the hy-rail gear of this company-provided pickup truck. A guide which wheels allow the truck to travel over the rails would not lock in the retracted position guide wheel of the truck. Consequently, it was necessary for the Plaintiff to lever the wheel into the up position and secure it there with a chain. While in

the process of securing the wheel in this fashion, he sustained an injury to his back that has precluded him from returning to work.

II. <u>ISSUE RAISED BY THE MOTION</u>

The Defendant has indicated an intention to call Peter Ebert, the principal owner of TNT Repair, Inc., of Selkirk, New York to offer expert testimony. According to the Defendant's disclosure statement, the areas of anticipated testimony include the following: "1. That it was impossible that the accident could have occurred in the manner described by the Plaintiff. 2. That the hy-rail device was neither defective nor malfunctioning at the time of the Plaintiff's accident. 3. That the hy-rail device was working properly at the time of the post-accident inspection and did not need repairs or maintenance. 4. That the Plaintiff's accident was caused by his own negligent operation of the vehicle and/or hy-rail device, and 5. The hy-rail device came over center as the result of the derailment of the hy-rail vehicle". Plaintiff's Disclosure of Peter Ebert.

Despite the Defendant's intent to call Mr. Ebert to offer these opinions, the Defendant says that he should be excluded from providing the expert disclosure report because, "Peter Ebert has personal knowledge of the case, he does not customarily testify in litigation, CSX has not paid Mr. Ebert for his services as a witness…". In support of the position, CSX cites the case of Garcia v. City of Springfield Police Department, 2005 Westlaw 1952864. The Defendant relies upon the Garcia case as the legal basis upon which Mr. Ebert should be excluded from providing an expert report.

III.  ARGUMENT

In Garcia, the Defendant sought an order to compel the Plaintiff to provide an expert report under Federal Rules of Civil Procedure 26(a)(2), with regard to a treating physician. Citing the advisory committee notes, Judge Ponser adopted a new approach specific to testimony of treating physicians which excused them from the expert disclosures required by the rule. In doing so, the Court stated that, "…so long as the expert care providers testimony about causation and prognosis is based on personal knowledge and on observation obtained during the course of care and treatment and he or she was not specifically retained in connection with the litigation over trial, a Rule 26 expert report is not necessary".

According to Garcia, "The justification for excusing a treating physician from the requirement of generating a Rule 26 report stems from the fact that the basis of the treating physician's opinions were derived from information learned during actual treatment of the patient as opposed to being subsequently supplied by an attorney involved in litigating a case involving the case or injury", Garcia at page 2 citing Wreath v. United States, 161 Federal Rule Decision 448 at 450. Conversely, "when the physicians proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient, and the witness is specifically retained to develop specific opinion testimony, he becomes a subject of the provisions of Federal Rules of Civil Procedure 26(a)(2)(b)", Garcia, page 2, citing Washington v. Arrapahoe County Department of Social Services, 197 Federal Rules Decisions 439 at 432. Consequently, "if the treating physician offers expert testimony concerning matters which were not based on his or her observations during the course of treating the party

designating them, however, an expert report which complies with the requirements of Rule 26 (a)(2)(b) is required". Garcia citing Sprague v. Liberty Mutual Insurance Co., 177 Federal Rules Decisions 78 at 80.

There are numerous glaring factual reasons to distinguish Garcia from the instant case. During his lay discovery deposition, Mr. Ebert testified that he is the owner and sole share owner in a company called TNT Repair, Inc., page 3, line 16-18. He testified that CSX is one of his accounts, page 6, line 7-11, and has been so for the past six years, page 9, line 1-8. Sometime after the Plaintiff was injured, CSX managers asked him to inspect the subject hy-rail vehicle, page 33, line 2-12. This was not a regularly scheduled inspection, page 39, line 17-20, and he had never done an inspection under these circumstances at the request of CSX previously, page 42, line 16-21. Mr. Ebert testified that he does not remember the Plaintiff being present during the inspection, page 48, line 1-5, and the only knowledge he has regarding the circumstances of the Plaintiff's accident were communicated to him by CSX managers, page 44, line 22-23, page 45, line 1-23, also page 68, line 3-18. Indeed Mr. Ebert says he has never spoken to the Plaintiff regarding the event, page 89, line 8-12. Mr. Ebert did testify that he annually bills CSX approximately $1,000,000.00 for work performed by his company, page 80, line 5-13. Finally, he testified that he has no memory of the subject hy-rail vehicle needing service because of a derailing problem, page 86, line 14-17.

It is apparent from the deposition testimony that Mr. Ebert has no knowledge regarding the circumstances of the Plaintiff's accident other than what was provided to him by the Defendant. Moreover, the fact that he bills CSX approximately $1,000,000.00 annually suggests

that CSX may actually have sufficient control over Mr. Ebert to demand production of a compliant report. In any event, Mr. Ebert certainly has no first hand knowledge upon which he could base an opinion that it was impossible that the accident could have occurred in the manner described by the Plaintiff or that at the time of the incident, that the hy-rail device was neither defective nor malfunctioning, or that the Plaintiff's accident was caused by his own negligent operation of the vehicle and/or hy-rail device. Moreover, an opinion that the hy-rail device came over as a result of derailment of the hy-rail vehicle is irrelevant in the absence of evidence that the vehicle actually did derail at the time the Plaintiff was injured.

In summary, the Defendants intend to call Mr. Ebert to offer expert opinion that is encompassed within the provisions of Fed. R. Civ. P. 26(a)(2)(b), the exception carved out by the Garcia decision is not applicable in this instance because despite the Defendants statements to the contrary, it does have a significant monetary relationship with Mr. Ebert. The basis expressed by the court in the Garcia case for carving out an exception for treating physicians is not applicable here because Mr. Ebert did not obtain any information concerning the circumstances of the Plaintiff's accident from the Plaintiff himself, but rather from CSX management. Consequently, his opinions to the extent he has any concerning the cause of the Plaintiff's accident and/or the Plaintiff's own contributory negligence are predicated upon information supplied to him by CSX and as such he should be considered an expert within the meaning of Fed. R. Civ. P. 26(a)(2)(b).

                                              PAUL T. PAPADAKIS
                                              By his attorney,

*[signature: Robert T Naumes]*

Robert T. Naumes
THORNTON & NAUMES
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333
Attorney for Plaintiff
B.B.O. #367660

Certificate of Service

I hereby certify that on November, 2005, I served the foregoing Plaintiff's Opposition to Defendant's Motion for Reconsideration of Peter Ebert by first class mail to:

Valerie Murphy, Esq.
Flynn & Associates, PC
400 Crown Colony Drive, Suite 200
Quincy, Massachusetts 02169

*[signature: Robert T Naumes]*

Robert T. Naumes.