UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,            )
          Plaintiff      )
                             )
                             )
    v.                 )   Civil Action No. 04-30189-MAP
                             )
                             )
CSX TRANSPORTATION, INC.,     )
          Defendant      )

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT'S
MOTION FOR PROTECTIVE ORDER (Document No. 49)
January 10, 2006

NEIMAN, U.S.M.J.

    This case arises under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* CSX Transportation, Inc. ("Defendant") seeks an order protecting from discovery certain surveillance materials its counsel obtained concerning Paul T. Papadakis ("Plaintiff"). Plaintiff's physical condition as well as the nature, existence and extent of his alleged disability, is in controversy. For the reasons which follow, the court will allow the motion, but in part only.

I. BACKGROUND

    This case was initially brought in June of 2004 in the Northern District of New York and then transferred to this jurisdiction. Defendant's motion was filed in the midst of discovery on November 28, 2005.

    As originally drafted, the motion concerned only certain surveillance *reports*. At the time, Defendant represented to Plaintiff that no surveillance *videos* existed. At oral argument on January 6, 2006, however, Defendant represented that there was a surveillance video (or videos) and asked that its motion for a protective order encompass those videos as well. In essence, Defendant asserts that the requested

materials -- both surveillance videos and reports -- are not discoverable because they are impeachment evidence only under Fed. R. Civ. P. 26(a)(3) and that, in any event, the materials are protected by the work-product doctrine.

## II. DISCUSSION

As an initial matter, Defendant's focus on Rule 26(a)(3) appears misguided. As one court has explained, in a case involving this very defendant," Rule 26(a) is concerned with automatic disclosure of materials, not the scope of discovery." *Ward v. CSX Transportation, Inc.*, 161 F.R.D. 38, 39 (E.D. N.C. 2005) ("defendant is not correct in its contention that Rule 26(a)(3) exempts impeachment materials from discovery"). In contrast, Rule 26(b) governs the scope of discovery and does not exempt impeachment materials. *Id.*

In any event, federal and state courts have fairly uniformly held that video surveillance tapes, even if work product, must be provided in discovery and prior to trial. *See, e.g., Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517-18 (5th Cir. 1993); *Martin v. Long Island R.R. Co.,* 63 F.R.D. 53, 54 (E.D.N.Y. 1974); *Blyther v. Northern Lines, Inc.*, 61 F.R.D. 610, 612 (E.D. Pa. 1973). *See also DiMichel v. South Buffalo Ry. Co.,* 604 N.E.2d 63, 66 (N.Y. 1992); *Cabral v. Arruda*, 556 A.2d 47, 49-50 (R.I. 1989); *Dodson v. Persell*, 390 So.2d 704, 707-08 (Fla. 1980). This court has as well. *See Seaha v. Abdow Corp.*, Civil Action No. 96-30055-MAP (Mem. and Order Mar. 12, 1997). In personal injury cases, surveillance materials are evidence of whether and to what extent a claimant was injured. As the existence and extent of injury is the very essence of Plaintiff's claims in the case at bar, the surveillance tapes need to be produced. *See Snead v. American Export-Isbrandtsen Lines, Inc.*, 59 F.R.D. 148, 150-51 (E.D. Pa. 1973) ("Obviously files which would tend to show a plaintiff's physical condition, how he moves, and the restrictions which are his, are highly relevant -- perhaps they will establish the most important facts in the entire

case."). Moreover, Plaintiff has already been deposed. *See Ward*, 161 F.R.D. at 41 ("allowing discovery of surveillance materials after the deposition of the plaintiff, but before trial, best meets the end of justice and the spirit of the discovery rules to avoid surprise at trial"). Accordingly, to the extent that Defendant is in possession of any surveillance videotapes, that material will be ordered produced forthwith.

The court, however, is reluctant at this time to order the production at this time of the written surveillance reports prepared for Defendant's counsel by his investigators. Plaintiff concedes that such reports are work-product but nonetheless argues that they are subject to a qualified privilege only. *See Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 156 (S.D. Ind. 1993). The work-product doctrine provides that attorney work-product is discoverable only upon a showing of "substantial need" and an inability to obtain the substantial equivalent "without undue hardship." Fed. R. Civ. P. 26(b)(3). The doctrine creates a form of qualified immunity from discovery for such materials, but does not label them "privileged" and, thus, outside the scope of discovery under Rule 26(b)(1). Because the videotapes themselves are to be produced and because the reports likely reflect Defendant's counsel's thought process, the court will allow Defendant's motion with respect to the reports, but without prejudice to Plaintiff filing a motion to compel once he has reviewed the surveillance tapes.

Work-product protection, however, is limited to "documents and tangible things." It does not prohibit the discovery of underlying facts. Thus, the observations of Defendant's investigators, as well as relevant information with respect to the mechanics of the surveillance, are fair game for inquiry. "[F]ilm and video tape are extraordinarily manipulable media." *DiMichel*, 604 N.E.2d at 66. As one court has noted,

> the camera may be an instrument of deception. It can be misused. Distances may be minimized or exaggerated. Lighting, focal lengths, and camera angles all make a difference. Action may be slowed down or speeded up. The editing and splicing of films may change the chronology of events. An emergency situation may be made to appear commonplace. That which has occurred once, can be described as an

3

> example of an event which occurs frequently. . . .
> Thus, that which purports to be a mean to reach the truth may be distorted, misleading, and false.

*Snead*, 59 F.R.D. at 150.  While this court does not presume any ill motive on the part of Defendant's investigators, the potential introduction of surveillance materials at trial could well engender issues of exaggeration or distortion.  Accordingly, the court will further order Defendant to forthwith inform Plaintiff of the names and addresses of the investigators so that Plaintiff, if he wishes, can take their depositions (provided that the reports themselves need not be produced unless the court otherwise orders).  Said depositions, if any, shall be completed by February 15, 2006.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for a protective order is ALLOWED without prejudice with respect to the written surveillance reports, but otherwise DENIED.  As a result, Defendant shall forthwith produce any surveillance videotapes as well as the names and addresses of its investigators so that Plaintiff may depose them no later than February 15, 2006.

IT IS SO ORDERED.

DATED: January 10, 2006

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge