UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------X

PAUL T. PAPADAKIS,

           PLAINTIFF        :        CIVIL ACTION

                           :        NO.: 04-30189-MAP

VS.

                           :

CSX TRANSPORTATION,

                           :

           DEFENDANT

-----------------------------------------------------X

## PLAINTIFF'S REQUEST FOR INSTRUCTIONS TO THE JURY

The Plaintiff in the above entitled matter submits the following Plaintiff's Request for

Instructions to The Jury.

                                           By his attorney,

     4/17/06

DATE

                                         Robert M. Byrne, Jr.
                                         Thornton & Naumes LLP
                                         100 Summer St., 30th Floor
                                         Boston, MA 02110
                                         617-720-1333
                                         BBO#: 068620

### Certificate of Service

        I hereby certify that on
, I served the foregoing Plaintiff's Request for Instructions to The Jury by mailing a copy of same,
postage prepaid, to:

                                         Robert M. Byrne, Jr., Esq.

## REQUEST NO. 1:

This action is brought under the Federal Employers' Liability Act under which the

Plaintiff claims the right to recover damages. The Act provides in part:

> "Every common carrier by railroad while engaging in
> commerce between any of the several states...shall be liable in damages to
> any person suffering injury while he is employed by such carrier in such
> commerce...for such injury...resulting in whole or in part from the
> negligence of any of the officers, agents, or employees of defect or
> insufficiency, due to its negligence in its cars, engines, appliances,
> machinery, track, roadbed, works, boats, wharves or other equipment."

It is agreed that, at the time and place alleged in the Complaint, the Defendant was a

common carrier by railroad, engaged in interstate commerce, that the Plaintiff was then an

employee of the Defendant, engaged in such commerce; and that the Plaintiff's right, if any, to

recover in this case is governed by the provisions of the Federal Employers' Liability Act, 45

U.S.C.A., Section 51.

**REQUEST NO. 2:**

The action is brought under Title 45, U.S.C.A., Section 51, the Federal Employers'
Liability Act, and under this Act, the Defendant railroad shall be liable in damages to any person
suffering injury while his is employed by such railroad for such injuries resulting in while or in
part from the negligence of any of the officers, agents or employees of said railroad or by reason
of any defect or insufficiency, due to its negligence in its cars, engines, appliances or other
equipment.

**REQUEST NO. 3:**

The standard of care imposed upon the railroad employer by the Federal Employers'
Liability Act is such that if an employee gives his labor to the furtherance of the railroad
enterprise, then the railroad employee should be assured that all, combining their exertions with
him in the common pursuit, will conduct themselves in all respects with sufficient care that his
safety while doing his part will not be endangered. <u>Sinkler v. Missouri Pacific Railroad Co.</u>, 356
U.S. 329, 78 S.Ct. 758.

**REQUEST NO. 4:**

The fact that there may have been a number of causes for the Plaintiff's injury is irrelevant under the Federal Employers' Liability Act as long as one cause may be attributable to the railroad's negligence. <u>Heater v. Chesapeake & Ohio Railway Co.</u>, 497 F.2d 1243 (1974), <u>Randall v Reading Company</u>, 344 F. Supp. 879 (1972).

**REQUEST NO. 5:**

In passing on issues of fault and causality in Federal Employers' Liability Act cases, the jury has broad discretion to engage in inferences. Heater v. Chesapeake & Ohio Railway Co., 497 F.2d 1243 (1974).

**REQUEST NO. 6:**

The employing railroad has a continuing and non-delegable duty to use reasonable care to provide employees with reasonably safe cars, appliances and equipment in connection with his work. <u>Shenker v. Baltimore & Ohio Railroad Co.</u>, 196 F. Supp. 108, reserved 303 F. 2d 296, reversed 83 S. Ct. 1667, 374 U.S. 1, 10.

**REQUEST NO. 7:**

A railroad has a duty to inspect and maintain all of its property. Almendorez v. Atchison T. & S.F. Ry. Co., 426 F. 2d 114, cert. denied, 91 S. Ct. 121 (1970). Isgett v. Seaboard Coast Line Railroad, Co., 332 F. Supp. 1127 (1971).

**REQUEST NO. 8:**

The employing railroad has a continuing, non-delegable duty and obligation to furnish a reasonably safe place for employees to work and a continuing non-delegable duty to provide employees instrumentalities, equipment and appliances and to inspect and maintain them so that the employee can carry on his work with reasonable safety, <u>St. Louis Southwestern Ry. Co. v. Greene,</u> 552 SW2d 880.

**REQUEST NO. 9:**

Under the Federal Employers' Liability Act, the Defendant railroad also owed the Plaintiff a duty to use reasonable care to furnish him a safe place in which to perform his work. Bailey v. Central Vermont Railway Co., 319 U.S. 350, 63 S.Ct. 1062.

**REQUEST NO. 10:**

An employer must make proper tests and inspections to discover dangers in places where employees must work and after ascertaining their existence must take reasonable precautions for safety of employees. <u>Isgett v. Seaboard,</u> 332 F. Supp 1127 (1971).

**REQUEST NO. 11:**

Actual notice of an unsafe conditions is unnecessary for recovery under Federal Employers' Liability Act, Section 1, 45 U.S.C.A., Section 51. Nivens v. St. Louis Southwestern Railway Company, 425 F.2d 114, cert. denied, 91 S.Ct. 121; 400 U.S. 879 27 L.Ed. 116.

**REQUEST NO. 12:**

When a railroad knows or has reason to know about a condition which makes it dangerous for its employees to do their jobs and the condition is such that the employees exercise due care may not discover the railroad has a duty to warn them and as such, duty is non-delegable. <u>Bassett v. New York, Chicago & St. Louis Railroad Company</u>, 235 F.2d 900 (1956).

**REQUEST NO. 13:**

A railroad has a duty to establish safety rules for the guidance and protection of its employees, and once promulgated, the employee is generally entitled to rely on these safety rules as the appropriate standard of conduct. Ybarra v. Burlington Northern, Inc. 689 F.2d 147.

**REQUEST NO. 14:**

A Railroad worker may rely on warnings or signals customarily given in the conduct of the railroad's business, and the railroad's failure to give these warnings constitutes negligence. <u>Winegar v. Oregon Short Line Rail Co</u>., 298 F. 948 (1931). <u>St. Louis and San Francisco Railway Co. v. Jeffries</u>, 276 D. 73 (1921).

**REQUEST NO. 15:**

A violation by defendant railroad of its own safety rules is evidence of negligence on the part of the Defendant railroad. <u>Illinois Central R. Co. v. Andre,</u> 267 D. 2d 372.

**REQUEST NO. 16:**

If you find by custom or practice the Defendant did not enforce a safety rule, you are entitle to consider whether that custom or practice constituted negligence on the part of the Defendant railroad, and whether it caused, in whole or in part, the Plaintiff's injury. <u>Ybarra v. Burlington Northern, Inc.</u>, 689 F.2d 147, 150.

**REQUEST NO. 17:**

An employee's claim under this Federal Act does not depend on showing that the injury was caused by a particular negligent act, but may be caused by the cumulative effect of a series of incidents. Fletcher v. Union Pac. R. Co., 621 F22d 902. See also Fowkes v. Pennsylvania Railroad Co., 264 F.2d 397 and Massimiani v. Monogahela Ry. Co., 339 F. Supp. 832.

**REQUEST NO. 18:**

In an action under the Federal Employers' Liability Act, the violation of a railroad company rule does not constitute contributory negligence as a matter of law. It is the function of the jury to consider the entire circumstances of the accident and determine whether or not the violation of a rule constitutes contributory negligence. <u>Teets v. Chicago S.S. and S.B.R.R.</u>, 238 F.2d 223 (1956), <u>Thomas v. Conemaugh Black Lick Railroad</u>, 133 F. Supp. 533, aff. 234 F.2d 429 (1955), <u>Frabutt v. New York Railroad Co.</u>, 88 F. Supp. 821 (1950), <u>Domer v. New York Railroad Co.</u>, 157 F.E. 2d 280, 21 Ill. App. 2d 125 (1959). It is the prerogative of the jury to accept or reject testimony concerning the application of railroad rules when deciding whether a violation of the rules constitutes negligence. <u>Brabeck v. Chicago & Northwest Co.</u>, 117 N.E. 2d 291 (1962).

**REQUEST NO. 19:**

In a claim under 45 U.S.C.A., Section 51, the fact that the employee has been guilty of contributory negligence cannot bar a recovery, 45 U.S.C.A., Section 53. The burden of proving contributory negligence, if any, on the part of the injured railroad employee is on the Defendant railroad.

**REQUEST NO. 20**:

Under the Federal Employers' Liability Act, a railroad employee shall not be held to have assumed the risks of his employment where his injury resulted in whole in part from the negligence of the railroad employee, 45 U.S.C.A., Section 54.

**REQUEST NO. 21:**

Under the Federal Employers' Liability Act, the Plaintiff is entitled to recover damages if you find that negligence of the Defendant played any part, even the slightest, in producing the injury for which damages are sought by the Plaintiff. See <u>Rogers v. Missouri Pacific Railroad Co.,</u> 352 U.S. 500 77 S. Ct. 443.

**REQUEST NO. 22:**

Under the Federal Employers' Liability Act, an injury or damage is proximately caused by an act or failure to act whenever it appears from a preponderance of the evidence in a case that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage. So if you should find from the evidence in the case that any negligence of the Defendant contributed in any way or manner toward an injury or damage sustained by the Plaintiff, you may find that such injury or damage was proximately caused by the Defendant's act or omission. Tyree v. New York Central Railroad Co., 382 F.2d 524 (1967).

**REQUEST NO. 23:**

PAIN, SUFFERING, MENTAL ANGUISH/PAST AND FUTURE

In addition, you should award the Plaintiff a sum which will compensate him reasonably for (a) any pain, suffering, and mental anguish already suffered by him resulting from the injuries in questions.

There are not objective guidelines by which you can measure the money equivalent of this element of injury; the only real measuring stick is your collective conscience. You should consider all of the evidence bearing on the nature of the injuries, both physical and mental, and the severity and duration of both.

**REQUEST NO. 24:**

In considering that part of the claim for damages of the Plaintiff that deals with loss of earning capacity from the time of the accident to the present, you will consider as elements in arriving at the dollar value to fairly compensate the Plaintiff, the following elements: The Plaintiff's normal earning power at the time of the accident and his earning power from the time of the accident to the present. McWeeney v. New York, New Haven and Hartford Railroad Company, 282 F.2d 34, 35 (1960).

**REQUEST NO. 25:**

In considering the part of the claim for damages of the Plaintiff that deals with loss of earning capacity, you may consider the extent of his injuries, his education, his station in life and his character. Baker v. Baltimore & Ohio Railroad Company, 502 F.2d 638, 644 (1974).

**REQUEST NO. 26:**

If the jury finds for the Plaintiff, the Plaintiff is entitled to recover as damages physical pain and suffering, both past and future, Chesapeake & Ohio R. Co. v. Carnahan, 241 U.S. 241, 60 L.Ed. 979, 36 S.Ct. 594, emotional pain and suffering both past and future, Flanigan v. Burlington Northern, 632 F.2d 880, earnings lost since the incident and future lost earnings, Erie R. Co. v. Collins, 253 U.S. 77, 40 S.Ct. 450, Moore v. Chesapeake & Ohio R. Co., 649 F.2d 1004 and Isgett v. Seaboard Coast Line, 332 F. Supp. 1127.

Respectfully submitted,

Robert M. Byrne, Jr.
THORNTON & NAUMES, LLP
100 Summer Street
Boston, MA 02110
(617) 720-1333
BBO#: 068620