Westlaw.

84 S.Ct. 316                                                                                                          Page 1

375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307
**(Cite as: 375 U.S. 253, 84 S.Ct. 316)**

▷

Supreme Court of the United States
EICHEL
v.
NEW YORK CENTRAL RAILROAD CO.
No. 480.

Dec. 16, 1963.

Action by former employee, against railroad, under
the Federal Employers' Liability Act for damages
for an alleged permanently disabling injury. The
United States District Court for the Southern
District of New York entered judgment for plaintiff
and railroad appealed. The Court of Appeals, 319
F.2d 12, reversed in regard to issues of injury and
resulting damages, and certiorari was granted. The
Supreme Court held that evidence of disability
payments which plaintiff was receiving under the
Railroad Retirement Act was inadmissible as
bearing on extent and duration of disability suffered
by plaintiff or on issue of malingering, in view of
fact likelihood of misuse thereof by jury outweighed
value of such evidence, and in view of fact
admission thereof would violate spirit of the federal
statutes.

Judgment of Court of Appeals reversed and case
remanded.

Mr. Justice Harlan dissented in part.

West Headnotes

**[1] Damages 115 ☞60**

115 Damages
    115III Grounds and Subjects of Compensatory
Damages
        115III(B) Aggravation, Mitigation, and
Reduction of Loss
            115k60 k. Benefits Incident to Injury.
Most Cited Cases

Disability pension payments received by a former
railroad employee under the Railroad Retirement
Act could not be considered in mitigation of
damages suffered by such employee, in a suit
brought by him under the Federal Employers'
Liability Act. Federal Employers' Liability Act, § 1
et seq., 45 U.S.C.A. § 51 et seq.; Railroad
Retirement Act of 1937, § 2(a), par. 4, 45 U.S.C.A.
§ 228b(a), par. 4.

**[2] Damages 115 ☞182**

115 Damages
    115IX Evidence
        115k164 Admissibility
            115k182 k. Aggravation, Mitigation, and
Reduction of Loss. Most Cited Cases
Evidence of disability payments which plaintiff was
receiving under the Railroad Retirement Act was
inadmissible in his suit under the Federal
Employers' Liability Act as bearing on extent and
duration of disability suffered by plaintiff or on
issue of malingering. Federal Employers' Liability
Act, § 1 et seq., 45 U.S.C.A. § 51 et seq.; Railroad
Retirement Act of 1937, § 2(a), par. 4, 45 U.S.C.A.
§ 228b(a), par. 4.

**316 *253 Arnold B. Elkind and Richard C.
Machcinski, for petitioner.
Gerald E. Dwyer, for respondent.

PER CURIAM.
Petitioner, who had been employed by respondent
New York Central Railroad for 40 years, brought
this action against respondent under the Federal
Employers' Liability Act, 35 Stat. 65, as amended,
45 U.S.C. s 51 et seq., in the District Court for the
Southern District of New York. The complaint
alleged that in 1960, as a result of respondent's
negligence petitioner suffered a permanently
disabling injury. The jury returned a verdict of
$51,000 for petitioner and the District Court entered
judgment in accordance with that verdict.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

84 S.Ct. 316                                                                                    Page 2

375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307
**(Cite as: 375 U.S. 253, 84 S.Ct. 316)**

Respondent offered evidence that petitioner was receiving $190 a month in disability pension payments under the Railroad Retirement Act of 1937, 50 Stat. 309, as amended, 45 U.S.C. s 228b(a) 4. *254 This evidence was offered for the purpose of impeaching the testimony of petitioner as to his motive for not returning to work and as to the permanency of his injuries. The trial court excluded the evidence in response to the objection of petitioner's counsel. The Court of Appeals **317 for the Second Circuit reversed, holding it prejudicial error to exclude the evidence of the disability pension, and remanded 'for a new trial, limited, however, to the issues of injury and resulting damages * * *.' 2 Cir., 319 F.2d 12, 14. The court affirmed the judgment as to the determination of negligence.' Ibid. We grant certiorari and reverse the judgment of the Court of Appeals.

[1][2] Respondent does not dispute that it would be highly improper for the disability pension payments to be considered in mitigation of the damages suffered by petitioner. Thus it has been recognized that:
'The Railroad Retirement Act is substantially a Social Security Act for employees of common carriers. * * * The benefits received under such a system of social legislation are not directly attributable to the contributions of the employer, so they cannot be considered in mitigation of the damages caused by the employer.' New York, N.H. & H.R. Co. v. Leary, 1 Cir., 204 F.2d 461, 468, cert. denied, 346 U.S. 856, 74 S.Ct. 71, 98 L.Ed. 370.

> FN1. See Sinovich v. Erie R. Co., 3 Cir., 230 F.2d 658, 661; Page v. St. Louis S. Ry. Co., 5 Cir., 312 F.2d 84, 94. See also Gregory and Kalven, Cases and Materials on Torts (1959), pp. 480-482; McCormick, Damages (1935), p. 310, n. 2; Comment, 38 Mich.L.Rev. 1073.

Respondent argues that the evidence of the disability payments, although concededly inadmissible to offset or mitigate damages, is admissible as bearing on the extent and duration of the disability suffered by petitioner. At the trial counsel for respondent argued that the pension would show 'a motive for (petitioner's) not continuing *255 work, and for his deciding not to continue going back to work after the last accident.' On the basis of this argument the Court of Appeals concluded that the disputed evidence should have been admitted because: 'Its substantial probative value cannot reasonably be said to be outweighed by the risk that it will * * * create substantial danger of undue prejudice through being considered by the jury for the incompetent purpose of a set-off against lost earnings.' 319 F.2d, at 20.

We disagree. In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension. Moreover, it would violate the spirit of the federal statutes if the receipt of disability benefits under the Railroad Retirement Act of 1937, 50 Stat. 309, as amended, 45 U.S.C. s 228b(a) 4, were considered as evidence of malingering by an employee asserting a claim under the Federal Employers' Liability Act. We have recently had occasion to be reminded that evidence of collateral benefits is readily subject to misuse by a jury. Tipton v. Socony Mobil Oil Co., Inc., 375 U.S. 34, 84 S.Ct. 1. It has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse. Similarly, we must recognize that the petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact. We hold therefore that the District Court properly excluded the evidence of disability payments.*256 Accordingly, the judgment of the Court of Appeals is reversed and the case remanded for proceedings consistent with this opinion.

> FN2. Cf. McCormick, Evidence (1954), c. 19; 2 Wigmore, Evidence (1940), s 282a.

> FN3. See Kalven, The Jury, the Law, and the Personal Injury Damage Award, 19

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307
**(Cite as: 375 U.S. 253, 84 S.Ct. 316)**

Ohio St.L.J. 158, 169.

FN4. See notes 1-3, supra.

Reversed and remanded.

Mr. Justice DOUGLAS concurs in the result.
**\*\*318** Mr. Justice HARLAN, concurring in part
and dissenting in part.
Once again, I am obliged to record my view that
certiorari should not have been granted in a case of
this kind, involving only a question of the
admissibility of evidence in a suit under the Federal
Employers' Liability Act, 35 Stat. 65, as amended,
45 U.S.C. s 51. See my dissenting opinion in
Tipton v. Socony Mobil Oil Co., Inc., earlier this
Term, 84 S.Ct., p. 3.

On the merits, I agree with the majority that the
judgment below should be reversed, but for
different reasons. Whether or not evidence that the
petitioner was receiving disability pension payments
under the Railroad Retirement Act of 1937, 50 Stat.
307, as amended, 45 U.S.C. s 228a, should have
been admitted depends on a balance between its
probative bearing on the issue as to which it was
offered, in this case the respondent's claim that
petitioner was a malingerer, and the possibility of
prejudice to the petitioner resulting from the jury's
consideration of the evidence on issues as to which
it is irrelevant. When a balance of this sort has to
be struck, it should, except in rare instances, be left
to the discretion of the trial judge, subject to review
for abuse. See Uniform Rules of Evidence, Rule
45; Model Code of Evidence, Rule 303. It is he
who is in the best position to weigh the relevant
factors, such as the value of the disputed evidence
as compared with other proof adducible to the same
end and the effectiveness of limiting instructions.
Believing that **\*257** this rule should have been
followed here, I concur in reversing the judgment
below, which not only held the evidence not
inadmissible as a matter of law but also directed its
admission on retrial.

For the same reasons, however, I dissent from the
majority's holding that the evidence is required to
be excluded. I see no reason why evidentiary
questions should be given different treatment when

they arise in an F.E.L.A. case than when they arise
in other contexts.

U.S.N.Y. 1963.
Eichel v. New York Cent. R. Co.
375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.