UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
                    Plaintiff,

v.                                                    C.A. No.: 04-30189-MAP

CSX TRANSPORTATION, INC.,
                    Defendant.

### CSX TRANSPORTATION, INC., PROPOSED JURY INSTRUCTIONS
**(MASS.  R.  CIV.  P. 51(b))**

CSX Transportation Inc. ("CSX"), Pursuant to Fed. R. Civ. P. 51(b), moves that the jury

in the above-captioned case be instructed in accordance with the attached requested jury

instructions.  CSX reserves its rights to file supplemental jury instruction requests, or

withdraw any of the instructions requested herein, in response to evidence and/or issues

which may arise during the course of trial.

                            Respectfully submitted,
                            CSX TRANSPORTATION, INC.,
                            by its attorneys:

                            /s/ Valerie A. Murphy
                            Michael B. Flynn, BBO #559023
                            Valerie A. Murphy, BBO #661460
                            FLYNN & ASSOCIATES, P.C.
                            400 Crown Colony Drive, Suite 200
                            Quincy, MA 02169
                            (617) 773-5500

Dated:  April 17, 2006

\\SERVER1\Data\F & A\CASE FILES\CSX PI\Papadakis\Pleadings\proposed jury instructions.doc

## **TABLE OF CONTENTS**

I.    **Preliminary Instructions**                                              Jury Inst. No.

    Parties Should Be Treated As Equals                                    1
    Sympathy, Emotion Irrelevant                                           2
    Expert Witness Testimony, Generally                                    3
    The Plaintiff's Theories Of Liability                                  4


II.   **Liability – The Plaintiff's FELA Negligence Claim**

    Negligence Defined                                                     5
    Mere Happening Of Accident Does Not Establish Liability                6
    Burden Of Proof—FELA Negligence                                        7
    Elements Of FELA Negligence Liability                                  8
    FELA Negligence—Duty To Act Reasonably                                 9
    FELA Negligence—Standard Of Care                                       10
    FELA Negligence—Defect Must Be Due To Negligence                       11
    Test Of Liability—Notice of a Defective Condition                      12


III.  **Causation**

    Causation, Generally                                                   13
    Causation Under The FELA                                               14
    Burden To Prove Medical Causation                                      15
    Medical Expertise Required                                             16
    Causation - Probability, Not Possibility Standard                      17


IV.   **Comparative Negligence**

    Plaintiff's Duty To Use Due Care                                       18
    Effect Of Plaintiff's Negligence                                       19
    Violation Of A Safety Rule Or Practice—Evidence Of Negligence          20


V.    **Damages**

    No inference from instructions                                         21
    Speculation impermissible                                              22
    Pre-existing medical conditions/injuries                               23
    Aggravation of injuries                                                24
    Aggravation of injuries                                                25
    Apportionment of Damages                                               26
    Plaintiff is not entitled to recover medical expenses                  27
    Duty of plaintiff to mitigate damages                                  28

Duty of plaintiff to mitigate damages                    29
Malingering - receipt of disability benefits             30
Damages must be reasonable                               31
Wage loss                                                32
Hedonic damages not allowed                              33

VI.   **Jury**

Unanimity of verdict                                     34

**<u>DEFENDANT'S JURY REQUEST NO. 1</u>**

(Parties Should Be Treated As Equals)

This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. A business or a company is entitled to the same fair trial at your hands as is a private individual. The defendant P&W should be given the same fair and equal treatment as you would give to any individual. All persons, including businesses and other corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

See <u>London v. Bay State Street Railway</u>, 231 Mass. 480, 485-486 (1919); 2 Devitt and Blackmar, <u>Federal Jury Practices and Instructions</u>, §71.05 at 587 (3d ed. 1977).

**<u>DEFENDANT'S JURY REQUEST NO. 2</u>**

(Sympathy, Emotion Irrelevant)

Sympathy and emotion should play no part in your deliberations.  You may not decide this case on the basis of the fact that you may feel sorry for the plaintiff or that you feel badly because he may have suffered an injury or illness.  Rather, your deliberations should be well-reasoned, impartial, and unemotional.  You must decide this case by applying the principles of law, which the Court defines for you, to the facts of this particular case, as you objectively find them to be.

See <u>London v. Bay State Street Railway</u>, 231 Mass. 480, 485-486 (1919); 2 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u> §71.02 at 586 (3d ed. 1977).

**<u>DEFENDANT'S JURY REQUEST NO. 3</u>**

(Expert Witness Testimony, Generally)

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those persons whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling may state their opinions as to relevant and material matters in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received into evidence in this case and give it such weight as you may think it deserves.

In determining the weight to be given to such opinion, you should consider the qualifications and credibility of the expert and the reasons given for his or her opinion. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that the opinion is outweighed by other evidence, you may disregard the expert's opinion entirely.

See <u>Commonwealth v. Smith</u>, 357 Mass. 168, 178, 258 N.E.2d 13 (1970); <u>Dodge v. Sawyer</u>, 288 Mass. 402, 408, 93 N.E. 15 (1934).

5

## DEFENDANT'S JURY REQUEST NO. 4

(The Plaintiff's Theory of Liability)

The plaintiff in this case has alleged that the defendant was negligent in causing his alleged accident, pursuant to the *Federal Employers' Liability Act* ("FELA").  I will instruct you on this claim now.  Following my instructions, you will be given a *Special Verdict Form* which will contain questions which you must answer after your deliberations.

**DEFENDANT'S JURY REQUEST NO. 5**

(Negligence Defined)

The defendant's duty under the FELA is to provide a reasonable safe workplace.  The defendant cannot be held liable to the plaintiff unless the plaintiff proves that the defendant, due to its negligence, provided an unreasonable unsafe workplace.  Negligence in this regard means the failure to exercise due care under the circumstances, the failure to do what a reasonable and prudent person ordinarily would have done under the circumstances or doing something that a reasonable person would not have done under the circumstances.   Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54 (1943).

## DEFENDANT'S JURY REQUEST NO. 6

(Mere Happening of Accident Does Not Establish Liability)

The mere fact that an accident may have occurred and that certain parties are now here in

Court should create no inference, and provide no evidence, that they were caused by any

negligence or fault on the part of CSX.

2 Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, §80.07 (3d ed. 1977); <u>Wardwell v. George H. Taylor Co.</u>, 333 Mass. 302, 305, 130 N.E.2d 586 (1955) (mere fact that accident happened is not evidence of negligence); <u>Borysewicz v. Dineen</u>, 302 Mass. 461, 19 N.E.2d 540 (1939); <u>Tallon v. Spellman</u>, 302 Mass. 179, 19 N.E.2d 33 (1939).

**DEFENDANT'S JURY REQUEST NO. 7**

(Burden of Proof—FELA Negligence)

The plaintiff must prove by a preponderance of the evidence that CSX's negligence, if any, caused the plaintiff's alleged injuries. The obligation of a railroad to its employees under the law is to exercise ordinary care, not absolute care, under all of the facts and circumstances.

*See* Robert v. Consolidated Rail Corp., 832 F.2d 3, 6 (1st Cir. 1987); Ellis v. Union Pac. R.R., 329 U.S. 649, 653 (1947); Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525, 527     (1951); cert. denied, 342 U.S. 830 (1951); Raudenbush v. Baltimore and Ohio Railroad,     160 F.2d 363 (3rd Cir. 1947).

**DEFENDANT'S  JURY REQUEST NO. 8**

(Elements of FELA Negligence Liability)

The law "does not impose strict liability on [a railroad like CSX].  Plaintiffs are required

to prove the traditional common law elements of negligence: duty, breach, foreseeability, and

causation."

Robert v. Consolidated Rail Corp., 832 F.2d 3, 6 (1st Cir. 1987).  See also New York,
New Haven & Hartford Railroad Co. v. Dox, 249 F.2d 572, 573 (1st Cir. 1959).

**DEFENDANT'S JURY REQUEST NO. 9**

(FELA Negligence—Duty to Act Reasonably)

CSX should not be regarded as an insurer or guarantor of the safety of their employees, nor of the safety of the places in which they work.  Rather, CSX's duty is merely one of acting reasonably.

Wilkerson v. McCarthy, 336 U.S. 53, 61, 69 S. Ct. 413 (1949); Conway v. Consolidated Rail Corp., 720 F.2d, 221, 223 (1st Cir. 1983) (the FELA, "unlike workmen's compensation ... does not make the employer an insurer"); Kaminski v. Chicago River & Indiana R. Co.,, 200 F.2d, 3 (7th Cir. 1953) (railroad is "not an insurer of plaintiff's safety").

CSX is not required to provide a perfect or absolutely safe workplace.  Rather, CSX must only provide a reasonably safe place to work and reasonably safe equipment.

Shenker v. Baltimore & Ohio R.R. Co., 374 U.S. 1, 7, 83 S. Ct. 1667, 1671 (1963); Peyton v. St. Louis Southwestern Ry. Co., 962 F.2d 832, 833 (8th Cir. 1992).  CSX and Conrail are not obligated to eliminate all risks in the workplace; it is only obligated to eliminate unreasonable risks." Tobin v. National Railroad Passenger Corp., 677 F.Supp. 674, 675 (D. Mass. 1988) (emphasis added).

If you find that CSX provided a reasonably safe place to work at the time the plaintiff was allegedly injured, then you must return a verdict in favor of CSX.

Ellis v. Union Pac. R.R., 329 U.S. 649, 653 (1946), Reese v. Phila. & Reading Ry., 239 U.S. 463, 465 (1915).

**<u>DEFENDANT'S JURY REQUEST NO. 10</u>**

(FELA Negligence—Standard of Care)

The standard of care applied under the FELA is that of a person exercising ordinary care under the same or similar circumstances.  Mere proof of injury or a dangerous workplace is not proof of a railroad employer's negligence.

<u>Tiller v. Atlantic Coastline R. Co.</u>, 318 U.S. 54 (1943); <u>Eaton v. L.I. R.R.</u>, 398 F.2d 738, 741 (2nd Cir. 1968).

12

**<u>DEFENDANT'S JURY REQUEST NO.  11</u>**

(FELA Negligence—Defect Must be Due to Negligence)

CSX may be liable for a defective condition in its equipment, such as the hi-rail equipment on the truck assigned to the plaintiff, only if the defective condition is due to its negligence.  If there is an injury as the result of some defective condition, but if that defective condition was not due to the negligence of the defendant, then the defendant cannot be held responsible.

<u>Seaboard Airline Ry. v. Horton</u>, 233 U.S. 492, 501 (1914); <u>Wilkerson v. McCarthy</u>, 336 U.S. 53 (1949).

13

## DEFENDANT'S JURY REQUEST NO. 12

(Test of Liability – Notice of a Defective Condition)

Under the FELA, defendant-railroads such as CSX "[are] not liable for failing to provide a safe workplace if they have no reasonable way of knowing that the potential hazard exists."

Beeber v. Norfolk Southern Corp., 754 F. Supp. 1364, 1368 (N.D. Ind. 1990); see also  Peyton v. St. Louis Southwestern Railway Company, 962 F.2d 832 (8th Cir. 1992)(judgment notwithstanding the verdict properly entered in FELA action where defendant-railroad "had no reasonable way of knowing about the hazard that caused the employee's injury"); O'Hara v. Long Island R. Co., 665 F.2d 8, 9 (2nd Cir. 1981) (plaintiff-trainman failed to prove unsafe workplace under FELA, as matter of law, where "he furnished no evidence that the Railroad had notice of defect in the tiles" which loosened and thereby caused plaintiff to fall); Perry v. Morgan Guaranty Trust Co. of New York, 528 F.2d 1378, 1379 (5th Cir. 1976) (decided under comparable Jones Act standards and reversing judgment which had been erroneously entered in favor of plaintiff, because "there is absolutely no evidence to show how the grease [on stairs] got there, how long it had been there, or that there had been time enough for the ship owner, in the exercise of due care, to have learned of it and corrected the situation"); Kaminski v. Chicago River & Indiana R. Co., 200 F.2d 1 (7th Cir. 1952)("[b]efore defendant can be charged with negligence in failing to remedy the condition which caused plaintiff's injury, or failed to warn plaintiff of the existence of such a condition, it is necessary to establish that the defendant had actual knowledge of the condition, or, in the exercise of ordinary care, should have known of its existence"); Turner v. Clinchfield Railroad Co., 489 S.W.2d 257 (Tenn. App. 1972) (presence of ice on locomotive steps not actionable in absence of evidence where ice came from or how long it had existed).

In a defective condition case, such as this case, an FELA plaintiff such as Mr. Papadakis:

must show by direct or circumstantial evidence that (1) an officer, employee or agent of the railroad was responsible, through negligence, for the presence of the unsafe condition; or (2) at least one of such persons had actual knowledge of its presence before the accident; or (3) the unsafe condition had continued for a sufficient length of time to justify the inference that failure to know about it and remove it was due to want of proper care.

Brown v. Cedar Rapids and Iowa City Ry. Co., 650 F.2d 159, 161 (8th Cir. 1981).  See also Miller v. Cincinnati, New Orleans & Texas Pacific Ry. Co., 203 F. Supp. 107, 111 (E.D. Tenn. 1962) ("[L]ogic impels one to conclude that so long as liability is predicated upon negligence, as it is under the FELA, no defendant should be held liable for defective equipment of which he neither does nor, in the exercise of reasonable care, should have knowledge").

**DEFENDANT'S JURY REQUEST NO. 12** (*continued*)

Thus, in order to find the defendant CSX liable under the FELA in the circumstances involved, the plaintiff must prove that CSX was negligent either because it: (a) actually created the defective condition of the hi-rail device; (b) had actual knowledge that the hi-rail device was in a defective condition at the time of the plaintiff's accident, or (c) should have known the hi-rail device was in a defective condition because, in the exercise of reasonable care, sufficient time had existed for CSX to have discovered the defective condition of the hi-rail device and to have repaired or replaced it. If you do not find one of these factors existed, then you must return a verdict for CSX.

**DEFENDANT'S JURY REQUEST NO. 13**

(Causation, Generally)

The burden is on the plaintiff to prove by a preponderance of the evidence that the injuries from which he complains were proximately caused by his alleged March 14, 2000 incident.  The plaintiff bears the burden of proof on this issue, and he must prove causation by a fair preponderance of the evidence.  You are not permitted to speculate regarding the cause of the plaintiff's injuries.  Thus, if the plaintiff fails to prove that his injuries resulted from the defendant's negligence with respect to the alleged defective condition of the hi-rail device, he is not entitled to recover damages in this action.

Kuberski v. New York Cent. R. R., 359 F.2d 90 (1966); Dollens v. Public Belt R. R. Commission, 333 F. Supp. 72 (1971); Rose v. Atlantic Coast Line R. R., 277 F. Supp. 913, aff'd, 403 F.2d 204; see also Robert v. Consolidated Rail Corp., 832 F.2d at 5-6 (to be recoverable under FELA, injury must be "result of the negligence of [railroads'] employers or their fellow employees"); Chesapeake & Ohio Ry. v. Carnahan, 241 U.S. 241, 244 (1916) (plaintiff must prove that employer's negligence was actual and proximate cause of his injuries); Buell v. Atchison, Topeka & Santa Fe Ry., 771 F.2d 1320, 1322 (9th Cir.), aff'd and vacated on other grounds, 480 U.S. 557 (1987).

16

## DEFENDANT'S JURY REQUEST NO. 14

(Causation Under the FELA)

If you find that the defendant was negligent you must next determine whether the defendant's negligence caused the plaintiff's injury, in whole or in part. You need not find that the defendant's negligence was the sole cause, but you must find that it was a proximate cause of the plaintiff's injury. In order to find that it was a proximate cause, you must find that the injury was the natural and probable consequence of the defendant's negligence and that the defendant's negligence was a substantial factor in bringing about the injury.

You may not find that the defendant's negligence was a proximate cause if it merely created an incidental condition or situation in which an accident, otherwise caused, resulted in the plaintiff's injury.

Davis v. Wolfe, 263 U.S. 239, 243 (1923); Brady v. Southern Ry., 320 U.S. 476, 483 (1943); Gallick v. Baltimore & Ohio Ry., 372 U.S. 108, 120 n. 8  (1963).

**DEFENDANT'S JURY REQUEST NO. 15**

(Burden to Prove Medical Causation)

The plaintiff must prove by a preponderance of the evidence that any injury he has sustained was proximately caused by CSX's negligence.  CSX is not to be held responsible for any ailments from which the plaintiff may suffer which resulted from any cause other than those related to the alleged accident.

Any physical disability or illness which you find to be attributable to either a prior or subsequent illness or accident which is not a direct result of the June 13, 2001 accident involving the hi-rail device is not a part of this action and should not be considered by you.  You may not speculate or guess about this issue.  It is not sufficient for the plaintiff to show that his condition, injury and disability could or might have been caused by the alleged accident.

Chesapeake v. Ohio Ry. v. Carnahan, 241 U.S. 241, 244 (1916); Bowles v. Zimmer Mfg. Co., 277 F.2d 868 (7th Cir. 1960).  See Moody v. Maine Cent. R. Co., 823 F.2d 693, 695 (1st Cir. 1987) ("Where the conclusion [of medical causation] is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn") (citation omitted); Williams v. Southern Pacific  Transp. Co., 813 F. Supp. 1227, 1229-1231 (S.D. Miss. 1992) (railroad not liable under FELA to engineer for alleged hearing loss in absence of expert medical evidence showing causal connection).

**<u>DEFENDANT'S JURY REQUEST NO. 16</u>**

(Medical Expertise Required)

Issues of medical causation, for example, whether an injury or illness was causally related to an alleged accident, represent subjects requiring specialized medical knowledge and expertise.  Jurors may not speculate or guess about medical causation issues based upon their own common, lay understanding, but rather must rely on the scientific or medical evidence provided by professionals and experts.

See <u>Moody v. Maine Central R. Co.,</u> 823 F.2d 693, 695 (1st Cir. 1987); <u>Maylew v. Bell S.S. Co.</u>, 917 F.2d 961, 963 (6th Cir 1990); <u>Williams v. Southern Pacific Transp. Co.</u>, 813 F.Supp. 1227, 1229-1231 (S.D. Miss. 1992).  See also <u>Haggerty v. McCarthy</u>, 344 Mass. 136, 140-141, 181 N.E.2d 562 (1962).

**DEFENDANT'S JURY REQUEST NO. 17**

(Causation - Probability, Not Possibility Standard)

Medical opinions on the subject of causation are not relevant or of any value unless a physician testifies that a causal relationship between a particular alleged event and a particular injury is probable and reasonably likely, rather than a mere possibility.

See Imbibo v. Ahrens, 360 Mass. 847, 847-848, 274 N.E.2d 349 (1971); Oberlander's Case, 348 Mass. 1, 7, 200 N.E.2d 268 (1964); Berardi v. Mendicks, 340 Mass. 396, 402, 164 N.E.2d 544 (1960).  See also Mayhew v. Bell S. S. Co., 917 F.2d 961, 963 (6th Cir. 1990).

**<u>DEFENDANT'S JURY REQUEST NO. 18</u>**

(Plaintiff's Duty to Use Due Care)

Under the law, all persons are bound to take ordinary and reasonable care for their own safety and are required to use that degree of care and prudence which people of ordinary intelligence and prudence would exercise under the same or similar circumstances.  A person must make a reasonable use of his or her own faculties and use due care to observe and to avoid dangers or hazards which may allegedly exist upon the equipment he or she is using.

<u>Benjamin v. O'Connell & Lee Manufacturing Company,</u> 334 Mass. 646, 649, 138 N.E.2d 126 (1956); <u>Lookner v. New York, New Haven & Hartford Railroad,</u> 333 Mass. 555, 557, 132 N.E.2d 160 (1956); Nolan and Sartorio, <u>Tort Law</u> §208 at 346-347 (2d ed. 1989).  See <u>Allen v. Chance Mfg. Co., Inc.,</u> 873 F.2d 465, 473 (1st Cir. 1989).  See also <u>Hlodan v. Ohio Barge Line, Inc.,</u> 611 F.2d 71 (5th Cir. 1980) (breach of duty which plaintiff has consciously assumed as term of employment will bar recovery for injuries resulting from breach); <u>Beimert v. Burlington Northern, Inc,</u> 726 F.2d 412 (8th Cir. 1984) (no recovery where employee's negligence was sole cause of accident), <u>Higley v. Missouri Pacific R. Co.,</u> 685 S.W.2d 572 (Mo. App. 1985).

**DEFENDANT'S JURY REQUEST NO. 19**

(Effect of Plaintiff's Negligence)

The defendant bears the burden of proving that the plaintiff was negligent.  If you find that the plaintiff was negligent, and that his negligence proximately caused his injuries, then you must assign a percentage of fault to him.  If the plaintiff himself was negligent and such negligence was the sole cause of his accident, then you must find for the defendant CSX.  With respect to his FELA negligence claim, the plaintiff's recovery will be reduced by his percentage negligence.

Carter v. Atlanta & St. A. B. Ry., 338 U.S. 430, 435 (1949).  See Hlodan v. Ohio Barge Line, Inc., 611 F.2d 71 (5th Cir. 1980) (breach of duty which plaintiff has consciously assumed as term of employment will bar recovery for injuries resulting from breach); Beimert v. Burlington Northern, Inc, 726 F.2d 412 (8th Cir. 1984) (no recovery where employee's negligence was sole cause of accident), Higley v. Missouri Pacific R. Co., 685 S.W.2d 572 (Mo. App. 1985).

22

**<u>DEFENDANT'S JURY REQUEST NO. 20</u>**

(Violation of a Safety Rule or Practice—Evidence of Negligence)

You may consider the plaintiff's violation of CSX's *Safety Rules* or standard railroad practices as evidence of the plaintiff's own negligence.

<u>Godrey v. Old Colony Street Railway</u>, 223 Mass. 419, 420 (1916).

23

## DEFENDANT'S JURY REQUEST NO. 21

(Damages - No Inference from Instructions)

The fact that the Court is giving you instructions on the law of damages, standing by itself, is not relevant and should create no inference whether or not the jury should actually award damages in the individual circumstances of this case.  If you decide to award damages in this case, the plaintiff is entitled to that sum of money which will reasonably reimburse him for the cost of the injuries he has suffered as a result of the defendant's negligence.  In this regard, the plaintiff bears the burden of proving that each and every injury or incapacity which he alleges in this case was causally related to CSX's conduct.

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §85.01 at 312 (4th ed. 1987).

**<u>DEFENDANT'S JURY REQUEST NO. 22</u>**

(Speculation Impermissible)

Any damages for which the plaintiff seeks recovery in this action must be proven and not left to guess work or speculation.  You are not permitted to award the plaintiff speculative damages, that is, compensation for a loss or harm which, although possible, is conjectural or not reasonably certain.

<u>Rouse v. Chicago, Rock Island & Pacific R. Co.</u>, 474 F.2d 1180 (8th Cir. 1973); <u>Goldstein v. Kelleher</u>, 728 F.2d 32, 38 (1st Cir. 1984); <u>Dillingham v. Hall</u>, 365 S.E.2d 738 (Va. 1988); Devitt, Blackmar and Wolff, §85.14 at 338 (4th ed. 1987).

## DEFENDANT'S JURY REQUEST NO. 23

(Pre-existing Medical Conditions/Injuries)

If you find from the evidence that the plaintiff was at the time of the alleged incident on June 13, 2001 suffering from a pre-existing medical condition, the plaintiff is not entitled to damages resulting from the pre-existing medical condition.  Instead, he may only recover such damages resulting from the alleged incident of June 13, 2001, if you find that the incident of June 13, 2001 was caused by some act of negligence on the part of the defendant.

Stevens v. Bangor and Aroostook Railroad Company, 97 F.3d 594, 601-602 (1st Cir. 1996); Varhol v. National Railroad Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Sauer v. Burlington Northern Company, 106 F.3d 1490, 1495 (10th Cir. 1996); Akers v. Norfolk and Western Railway Co., 417 F.2d 632 (4th Cir. 1969); Holladay v. Chicago, Burlington and Quincy Railroad Co., 255 F.Supp. 879, 886 (S.D. Iowa 1966).

**<u>DEFENDANT'S JURY REQUEST NO. 24</u>**

(Aggravation of Injuries)

If you find that the plaintiff had a pre-existing medical condition or injury prior to the alleged incident of June 13, 2001, you should not consider any pecuniary loss caused by the pre-existing condition which would have resulted independently of the alleged incident of June 13, 2001. You should also not consider any medical or hospital expenses or loss of earning capacity incurred by reason of the pre-existing condition which would have occurred independently of the alleged incident of June 13, 2001. If CSX's negligence aggravated the plaintiff's pre-existing health condition, the defendant is liable only for the additional increment caused by its negligence and not for the pain and impairment that the plaintiff would have suffered even if the accident had never occurred.

<u>Stevens v. Bangor and Aroostook Railroad Company</u>, 97 F.3d 594, 601-602 (1st Cir. 1996); <u>Varhol v. National Railroad Passenger Corp.</u>, 909 F.2d 1557, 1564-1565 (7th Cir. 1990); <u>Holladay v. Chicago, Burlington and Quincy Railroad Co.</u>, 255 F.Supp. 879, 886 (S.D. Iowa 1966); <u>Akers v. Norfolk and Western Railway Co.</u>, 417 F.2d 632 (4th Cir. 1969).

**<u>DEFENDANT'S JURY REQUEST NO. 25</u>**

(Aggravation of Injuries)

The plaintiff has the burden of proving to a reasonable degree of certainty that any alleged future disability of which he complains is a result of an aggravation of injuries caused by CSX's conduct, rather than the result of the natural development of a pre-existing condition. If you find CSX was negligent, it is only liable for the damages which cause an aggravation of a pre-existing condition, but it is not liable for the pre-existing condition itself.

<u>Stevens v. Bangor and Aroostook Railroad Company</u>, 97 F.3d 594, 601-602 (1st Cir. 1996); <u>Varhol v. National Railroad Passenger Corp.</u>, 909 F.2d 1557, 1564-1565 (7th Cir. 1990); <u>Akers v. Norfolk and Western Railway Co.</u>, 417 F.2d 632 (4th Cir. 1969); <u>Holladay v. Chicago, Burlington and Quincy Railroad Co.</u>, 255 F.Supp. 879, 886 (S.D. Iowa 1966).

**DEFENDANT'S JURY REQUEST NO. 26**

(Apportionment of Damages)

If you find that there was an aggravation of the plaintiffs pre-existing health condition, you should determine what portion of the plaintiff's present condition resulted from the aggravation and make allowance in your verdict only for the aggravation.

Stevens v. Bangor and Aroostook Railroad Company, 97 F.3d 594, 601-602 (1st Cir. 1996); Varhol v. National Railroad Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Sauer v. Burlington Northern Company, 106 F.3d 1490, 1495 (10th Cir. 1996).

**<u>DEFENDANT'S JURY REQUEST NO. 27</u>**

(Plaintiff is Not Entitled to Recover Medical Expenses)

The plaintiff is not entitled to recover damages for medical expenses covered by the

plaintiff's insurance policy, the premiums for which were paid by CSX.

<u>Rogers v. Chicago & Northwestern Transportation Co.</u>, 375 N.E.2d 952 (1978); <u>Nelson v. Pennsylvania Central Railroad Co.</u>, 415 F.Supp 225 (1976); <u>Brice v. National Railroad Passenger Corporation</u>, 664 F.Supp. 20 (1987) (The plaintiff may not recover for medical expenses paid pursuant to the plaintiff's insurance policy covered by the railroad, but may introduce evidence concerning the amount of medical bills or expenses; defendant railroad may thereafter introduce evidence regarding the expenses that have been paid.).

30

## DEFENDANT'S JURY REQUEST NO. 28

(Duty of Plaintiff to Mitigate Damages)

An injured party is under a legal obligation to mitigate his damages, that is, to minimize the economic loss resulting from his injury, by resuming gainful employment as soon as such can reasonably be done.  If he does not resume employment even though he is physically able to do so, then the plaintiff may not recover damages for earnings lost after the date on which he was or reasonably could have been able to return to some form of gainful employment.

Young v. American Export Lines, 291 F. Supp. 447, 450 (S.D. N.Y. 1968); Holladay v. Chicago,  B. &  Q. R. R., 255 F. Supp. 879, 886-887 (S.D. Iowa 1966); Alexander v. Meija Kasom K. K., 195 F. Supp. 831, 835 (E.D. Ca. 1961), aff'd, 311 F.2d 385 (5th Cir. 1962).

**<u>DEFENDANT'S JURY REQUEST NO. 29</u>**

(Duty of Plaintiff to Mitigate Damages)

"One who is injured by the wrongdoing of another [should the jury find that any wrongdoing has, in fact, occurred in this case] owes to that other the duty to make every reasonable effort to repair the injury and lessen the damages.  If he does not, the cause of any injury which such effort would have prevented is to be found in the neglect of the person injured, and not in the original wrong."

<u>Degener v. Gray Line</u>, 331 Mass. 133, 134, 117 N.E.2d 641 (1954).

32

## DEFENDANT'S JURY REQUEST NO. 30

(Malingering - receipt of disability benefits)

You may consider the plaintiff's receipt of disability benefits as evidence of his malingering (i.e. feigning physical disability to avoid work and to continue receiving disability payments) or his lack of motivation to return to work and on the issue of the plaintiff's credibility.  However, you are to consider such evidence only on these issues; any such evidence or references to collateral sources of income are not to reduce any compensation the plaintiff may receive here or to increase it, but only on the issue of his motivation to go back to work.

McGrath v. Consolidated Rail Corporation, 136 F.3d 838 (1st. Cir. 1998); see also Santa Maria v. Metro-North Commuter R.R., 81 F.3d 265, 273 (2d. Cir. 1996) (holding collateral source evidence admissible if plaintiff puts financial status at issue);  Moses v. Union Pac. R.R., 64 F.3d 413, 416 (8th Cir. 1995)(allowing collateral source evidence where the plaintiff's case itself has made the existence of such evidence of probative value); DeMedeiros v. Koehring Co., 709 F.2d 734, 739-741 (1st Cir. 1983); Simmons v. Hoegh Lines, 784 F.2d1234, 1236 (5th Cir. 1986) (finding collateral source evidence admissible for limited purpose of proving another matter if little likelihood of prejudice and no strong potential for improper use, and a careful qualifying jury instruction is given); Corsetti v. Stone Co., 396 Mass. 1, 16-21, 483 N.E.2d 793 (1985) (collateral source evidence admissible where plaintiff has affirmatively pled poverty).

"Collateral" sources of income are only those which the plaintiff has received from sources other than CSX.  For instance, wage continuation paid to the plaintiff is not a collateral source.

33

## **DEFENDANT'S JURY REQUEST NO. 31**

(Damages Must Be Reasonable)

If you find for the plaintiff, the damages which you award must be reasonable.  You may award only that amount of damages as will reasonably compensate the plaintiff for his injury.  In this regard, the plaintiff has the burden of proving, by the evidence in the case, that the damages which he alleges or claims were sustained as a direct result of the accident.

Nolan and Sartorio, Tort Law §240 at 405 (2d ed. 1989).

## DEFENDANT'S JURY REQUEST NO. 32

(Wage Loss)

Net wage loss is the proper measure of damages.  Only after tax, or "net" income, is the proper measure of damages.

Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523 (1983); Norfolk & Western Railway Co. v. Liepelt, 444 U.S. 490 (1980); Cazad v. Chesapeake & Ohio Railway Co., 404 N.E.2d 320 (Ill.App. 1980); Norfolk & Western Railway Co. v. Liepelt, 444 U.S. 490 (1980).

Not only must federal income tax be deducted from any future wage loss calculation, but social security tax or railroad retirement tax must also be deducted, along with any state income tax.

Pickel v. International Oilfield Divers, Inc., 791 F.2d 1237 (5th Cir. 1986); Matador v. Ingram Tank Ships, Inc., 732 F.2d 475 (5th Cir. 1985).

Plaintiff is required to deduct from his gross earnings not only taxes, but also the business costs and expenses he will not incur as a result of his alleged injuries.  These costs and expenses include union dues, transportation expenses, and special work clothing or safety equipment.

Jones & Laughlin Steel Corp. v. Pfeifer, 732 F.2d 475 (5th Cir. 1985).

35

**<u>DEFENDANT'S JURY REQUEST NO. 33</u>**

(Hedonic or Loss of Pleasure of Life Damages)

You may not include in your award of damages in this case, if any, any compensation for the plaintiff's so-called "loss of pleasure of life" or any compensation for alleged injury to the plaintiff's ability to enjoy life.  Such alleged damages may not be recovered under the applicable law.

See generally 15 A.L.R.3d 506, "Damages — Loss of Enjoyment of Life."

**<u>DEFENDANT'S JURY REQUEST NO. 34</u>**

(Unanimity of Verdict)

Your verdict in this case must be unanimous.  In order to return a verdict, it is necessary

that each juror agree.  In order for the plaintiff to satisfy his burden of proof that CSX was

negligent under the FELA, you must all come to agreement on each element of this theory.

Specifically, you must all unanimously agree that the plaintiff has met his burden of proving that

the hi-rail device was unreasonably unsafe, that CSX knew or should have known of the

condition of the hi-rail device to the plaintiff's alleged accident, CSX failed to exercise ordinary

care under the circumstances and that the unsafe condition was due to CSX's negligence.  If you

find that the plaintiff has met his burden of proof under this theory, you must also all

unanimously agree that the plaintiff has met his burden of proving that the unreasonably unsafe

condition on the hi-rail device proximately caused the plaintiff's injuries.  If you do not all

unanimously agree on this theory of liability, or on the issue of causation, your verdict would not

be unanimous, and you would be required to return a verdict in favor of CSX.

See Fed. R. Civ. P. 48; 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, sec. 74.01 (4th ed. 1987 and 1996 Supp.); Wright & Miller, <u>Federal Practice and Procedure</u>, sec. 2492 at 143-147 (2d ed. 1994).  See generally <u>Brochu v. Ortho Pharmaceutical Corp.</u>, 642 F.2d 652, 662 (1st Cir. 1981) ("Ordinarily, to submit two counts for general verdict where the evidence does not justify recovery on both, constitutes error, since it cannot be told that the jurors did not take the wrong route"), and cases cited therein.