UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
                  Plaintiff,

          v.                                          C.A. No.: 04-30189-MAP

CSX TRANSPORTATION, INC.,
                  Defendant.

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES

The defendant CSX Transportation, Inc. ("CSX") hereby moves, *in limine*, for this

Honorable Court to preclude plaintiff from making any reference to and/or introducing evidence

of any post-accident remedial measures regarding the operation of hy-rail devices which were

instituted following the plaintiff's accident.  The plaintiff intends to introduce testimony of

subsequent remedial measures that were taken by CSX.  Such testimony and evidence, however,

should be precluded under Fed. R. Evid. Rule 407.

### I.  FACTUAL BACKGROUND:

The plaintiff claims he was injured on June 13, 2001 when the hy-rail device he was

operating malfunctioned. The plaintiff alleges that this malfunction was at least in part due to the

use of an improper bar to raise and lower the hy-rail device.  The bar the plaintiff used on June

13, 2001 was designed for a different hy-rail model.  Subsequent to the plaintiff's accident, CSX

issued a *Memorandum* warning of the dangers of using the improper bar that each operator was

to verify that they were indeed using the proper bar for their hy-rail model, and that any improper

bars were to be discarded.  *See Memorandum* attached as Exhibit "A."

CSX requests an Order precluding the plaintiff from introducing any evidence concerning these subsequent remedial measures, including the *Memorandum*, as well as any evidence of CSX's efforts to recall any improper bars being used by hy-rail operators.  Evidence of these measures is irrelevant and inadmissible since evidence of subsequent remedial measures cannot be admitted to prove CSX's negligence or culpable conduct.

Even if it is somehow relevant, allowing Plaintiff to introduce such evidence would clearly prejudice CSX.  The plaintiff seeks to introduce this evidence to demonstrate that: (1) CSX could have and should have instituted such a program before this accident; (2)  its failure to do so was negligent; (3) the hy-rail device was defective if used with the wrong bar; and/or (4) the defendant should have warned its hy-rail operators about the dangers of using the wrong bar. The Court must preclude the introduction of this evidence of subsequent remedial measures, as unfairly prejudicial to CSX and of little probative value.

## II.     DISCUSSION OF LAW:

Fed. R. Evid. 407 governs the admissibility of subsequent remedial measures:

When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.  This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control or feasibility of precautionary measures, if controverted, or impeachment.

Fed R. Evid. 407 bars evidence of remedial measures taken "after the occurrence of an event," which, if taken before the event, would have lessened the likelihood of its occurrence.  The purpose of the rule is to further encourage the development of safer products.  Raymond v. Raymond Corp., 938 F.2d 1518, 1523 (1$^{st}$Cir. 1991.)  It is well-established that evidence of

post-accident safety improvements are not admissible to prove negligence.  doCanto v. Ametek, Inc., 367 Mass 776, 779, (1975).  Evidence of remedial measures is excluded not because it lacks relevancy, but because admission of said testimony might discourage corrective action and induce perpetuation of the damage and condition that gave rise to the lawsuit.  Id.  The Supreme Court has held that "the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create prejudice against the defendant." P.S.R. v. Hawthorne, 144 U.S. 202, 207-08 (1892).  Evidence of subsequent remedial measures are only admissible, where such evidence is offered to show feasibility or control, and only where these issues are controverted, or  for impeachment.  Cameron et. al. v. Otto Bock Orthopedic Industry Inc., 43 F.3d 14, 17 (1994).   None of these exceptions apply in this case.  The defendant does not dispute that it was possible to have removed the improper bars from service or that it had control over its equipment and equipment operators.

Generally, there are three basic grounds for the exclusion of such evidence: (1) the taking of subsequent repairs is only slightly relevant to prove prior negligence because such measures are often taken to improve a condition not in bad repair at the time of the accident, (2) the minimal probative value is clearly outweighed by the prejudicial effect it would have, and (3) those in control of the premises, property or instrumentality would be discouraged from making improvements were such evidence admissible against them.  *See* 2 Wigmore on Evidence § 283, at 151.

Furthermore, cases which have admitted subsequent remedial measures for impeachment purposes tend to involve a great nexus between the statement sought to be impeached and the remedial measure.  Harrison v. Sears Roebuck & Co., 981 F.2d 25, 31 (1992) (appellants wished

3

to impeach testimony and diminish qualifications of witness by introducing evidence that he re-designed a jointer machine; the court ruled that to allow same would in effect enable them to impeach his claim the product was not defective and the appellees were not negligent).  Rule 407's impeachment exception must not be used as a subterfuge to prove negligence or culpability. Id.

To guard against using the impeachment exception as a loophole to bring in evidence to prove negligence under Rule 407, trial judges should not abandon their discretionary authority under Fed. R. Evid. 403 to exclude the use of such evidence.  Id.  Fed R. Evid. 403 provides that, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, it would be highly prejudicial to permit the plaintiff to introduce evidence of any recalls or warnings about the improper bars subsequent to the accident.

### III.    CONCLUSION:

WHEREFORE, for all the above stated reasons the plaintiff's *Motion in Limine* should be allowed.

Respectfully submitted,
The Defendant
CSX TRANSPORTATION, INC.,
by its attorneys,

 /s/   Valerie A. Murphy
Michael B. Flynn,     BBO #559023
Valerie A. Murphy,    BBO #661460
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

DATED:  April 21, 2006
G:\F & A\CASE FILES\CSX PI\Papadakis\Pleadings\MIL\mil excl. subs remedial measures.doc