UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. PAPADAKIS,<br>        Plaintiff,<br><br>   v.<br><br>CSX TRANSPORTATION, INC.,<br>        Defendant. | C.A. No.: 04-30189-MAP |

**DEFENDANT'S MOTION IN LIMINE TO ADMIT
EVIDENCE CONCERNING APPORTIONMENT OF DAMAGES**

The defendant CSX Transportation, Inc. ("CSX"), hereby moves, *in limine*, for the admission of evidence concerning the apportionment of the plaintiff's damages, on the grounds that an FELA defendant is entitled, as a matter of law, to present evidence of plaintiff's pre-existing medical conditions and to have the jury instructed on the apportionment of damages between the pre-existing condition and the extent to which the accident in question aggravated and/or exacerbated the pre-existing condition. As further grounds, the defendants states as follows:

**I. FACTUAL BACKGROUND:**

Since at least 1978, the plaintiff suffered from a back injury and/or condition. *See* report of Dr. Franklyn Carrington, dated August 15, 1978, a copy of which is attached as Exhibit "A." On December 16, 1985, the plaintiff complained to Dr. Carrington of persistent discomfort in his back. *See* report of Dr. Carrington, a copy of which is attached as Exhibit "B." In addition, emergency room records from Mercy Hospital dated December 10, 1993, as well as physical therapy notes from MVA Center for Rehabilitation, show the plaintiff was involved in a motor vehicle accident and suffered serious cervical strain and post traumatic cervical syndrome. *See*

medical records, copies of which are attached as Exhibit "C." The plaintiff now claims to have suffered a similar injury with nearly identical symptoms and findings as a result of an incident which took place on June 13, 2001. Moreover, the plaintiff's own treating doctors as well as the defendant's medical expert, are expected to testify that post-accident test results revealed that the plaintiff suffers from pre-existing degenerative conditions rather than any traumatically caused injuries. These doctors are also expected to testify that any injuries the plaintiff did incur as a result of his June 13, 2001 accident should have and/or did resolve no later than three (3) months post-accident, and that the plaintiff's alleged current disability is due entirely to his pre-existing conditions.

## II.    DISCUSSION OF LAW:

**A.    An FELA Defendant is Entitled to Present Evidence Regarding a Plaintiff's Pre-existing Medical Condition and is also Entitled to a Jury Instruction on the Apportionment Between the Pre-existing Conditions and the Injuries Allegedly Caused By the Incident Which is the Subject of the Plaintiff's Lawsuit:**

It is a longstanding tenant of FELA jurisprudence that a railroad defendant is entitled, as a matter of law, to present evidence on a plaintiff's pre-existing medical conditions and prior accidents, and also to have the jury be instructed that it is to apportion the damages by allocating a percentage to the plaintiff's pre-existing conditions and prior accidents, and to have the plaintiff's damages reduced by the amount of this allocation. *See, e.g*. Stevens v. Bangor and Aroostook Railroad Company, 97 F.3d 594, 601-602 (1st Cir. 1996); Harris v. Illinois Central Railroad Co., 58 F.3d 1140, 1144-1145 (6th Cir. 1995); Sauer v. Burlington Northern Company, 106 F.3d 1490, 1495 (10th Cir. 1996); Varhol v. National Railroad Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Akers v. Norfolk and Western Railway Co., 417 F.2d 632 (4th Cir. 1969); Holladay v. Chicago, Burlington and Quincy Railroad Co., 255 F. Supp. 879, 886

(S.D. Iowa, 1966). It is established FELA law in the First Circuit that "when a defendant's negligence aggravates a plaintiff's pre-existing health condition, the defendant is liable only for the additional increment caused by the negligence and not for the pain and impairment that the plaintiff would have suffered even if the accident had never occurred." Stevens, 97 F.3d at 601. Several circuit courts of appeal have upheld jury instructions requiring the apportionment of pre-existing injuries. *See, e.g.* Stevens, 97 F3d at 601 (the plaintiff in Stevens suffered from degenerative disc disease similar to the plaintiff's condition here); Varhol, 909 F.2d at 1565 (the jury instruction read, in part, "if you find that there was such an aggravation, you should determine what portion of plaintiff's present condition resulted from the aggravation and make allowance in your verdict only for the aggravation."); Sauer, 106 F.3d at 1495 ("one of the pre-existing condition instructions told the jury to reduce the damages by the likelihood that Sauer would eventually have suffered the injury even if the accident had not occurred…. [this instruction] was a correct statement of the law."); Akers, 417 F.2d at 632 (instruction protecting the defendant against any award of damages "for any condition existing prior to the alleged injury for which [the railroad] was not in any way responsible in causing or aggravating" was upheld); *see also* Holladay, 255 F. Supp. at 886 (An injured party is entitled to recover all of the damages proximately caused by the negligence of another, including "damages for aggravation of a pre-existing condition. He is not, however, entitled to recover for damages which would have resulted from his previous condition without the aggravation.").

    The plaintiff here suffered from pre-existing conditions which were not only disabling but also were likely to have a cumulative effect and continue to get progressively worse over time, and in fact did. Upon review of the plaintiff's MRI after the alleged incident, there was evidence of a degenerative condition present that develops over time. The defendant expects to

elicit testimony in this regard not only from his own expert, Dr. Edward Feldman, but also from the plaintiff's experts and treating physicians Drs. Franklyn Carrington, and Lawrence Field. Given these circumstances, the defendant is clearly entitled to present evidence on apportionment, to have the jury instructed on this issue, and, further, have any award in favor of the plaintiff be reduced by the percentage of damages which are due solely to pre-existing conditions.

### III.  CONCLUSION:

WHEREFORE, for all the above-stated reasons the defendant's *Motion in Limine* should be allowed.

Respectfully submitted,
The defendant,
CSX TRANSPORTATION, INC.,
by its attorneys,

/s/Valerie A. Murphy
Michael B. Flynn           BBO #559023
*mbflynn@flynnassoc.com*
Valerie A. Murphy          BBO #661460
*vmurphy@flynnassoc.com*
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA  02169
(617) 773-5500

DATED:  April 21, 2006
G:\F & A\CASE FILES\CSX PI\Papadakis\Pleadings\MIL\mil adm apportionment.doc