UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
        Plaintiff,

v.

CSX TRANSPORTATION, INC.,
        Defendant.

C.A. No.: 04-30189-MAP

**DEFENDANT'S MOTION IN LIMINE
TO ADMIT EVIDENCE OF THE PLAINTIFF'S RECEIPT
OF COLLATERAL SOURCE BENEFITS**

    The defendant CSX Transportation, Inc. ("CSX") moves, *in limine*, that this Honorable Court admit evidence of the plaintiff's: (1) receipt of a disability annuity from the Railroad Retirement Board ("RRB"); (2) receipt of supplemental income benefits pursuant to a policy with Provident Life & Accident Insurance Company; and (3) receipt of the dollar amount of such benefits, under an applicable and well established exception to the "collateral source" rule. *See* McGrath v. Consolidated Rail Corporation, 136 F.3d 838 (1st Cir.1998); *See also* Corsetti v. Stone Co., 396 Mass. 1, 16-21, 483 N.E.2d 793 (1985).

    The defendant states that such evidence is necessary and appropriate in the unique circumstances of this case in order for the jury to assess more fully the believability of the plaintiff, whose credibility represents a sharply contested issue at the trial and a major factor among the defendant's defenses.

    In the McGrath case, a copy of which is attached as Exhibit "A", the First Circuit Court expressly recognized that the collateral source rule "is not absolute and courts have carved out

1

exceptions to the collateral source doctrine." Id. at 840.  The First Circuit, in upholding the trial judge's decision to allow into evidence the plaintiff's receipt of disability benefits, acknowledged that the plaintiff's receipt of such benefits was relevant on the issue of malingering/credibility under a Rule 403 balancing analysis:  "Conrail offered the evidence of [the plaintiff]'s disability payments on the issue of [the plaintiff]'s credibility.  Specifically, Conrail presented collateral source evidence to show [the plaintiff's] lack of motivation for returning to work." Id. at 841.  Under these particular circumstances, collateral source evidence should be admitted where it presents little likelihood of prejudice to the plaintiff: "'if there is little likelihood of prejudice and no strong potential for improper use, and a careful qualifying jury instruction is given, then receipt of compensation benefits may be admissible for the limited purpose of proving another matter.'" Id. at 841 *quoting* Simmons v. Hoegh Lines, 784 F.2d 1234, 1236 (5th Cir.1986); *see also*, Moses v. Union Pacific Railroad, 64 F.3d 413 (8th Cir.1995)(allowing collateral source evidence where plaintiff's case itself has made the existence of such evidence of probative value); Santa Maria v. Metro-North Commuter Railroad, 81 F.3d 265 (2nd Cir.1996)(holding collateral source evidence admissible if plaintiff puts financial status at issue).

The First Circuit, in McGrath also distinguished the Supreme Court's decision in an earlier, seemingly conflicting  FELA case, Eichel v. New York Central R.R., 375 U.S. 253 (1963), as pre-dating the adoption of the Federal Rules of Evidence and as not mandating a rule that collateral source evidence should be treated as being per se inadmissible.  McGrath 136 F.3d. at 841; *see also* DeMedeiros v. Koehring Co., 709 F.2d 734, 740 (1st Cir.1983) ("[I]n Eichel, moreover, as Justice Harlan pointed out in his concurrence, the narrower question was simply whether or not to uphold the district court's discretionary ruling");  Gates v. Shell Oil,

812 F.2d 1509, 1513 and n.3 (5th Cir. 1987) (citing "[o]ther courts [which] have carved out exceptions to … Eichel," and concluding that "the decision to admit or exclude evidence of [collateral] LHWCA benefits under Rule 403, Fed. R. Evid., rarely is beyond the trial court's discretion"). In McGrath, the First Circuit concluded that the Supreme Court in Eichel "simply determined that the district court abused its discretion because the prejudicial impact of the evidence outweighed its probative value. Here, we come to the opposite conclusion." McGrath, 136 F.3d, at 841.

Applicable Massachusetts law is consistent with the federal law in the First Circuit; Massachusetts case law has "long recognized that in some circumstances, evidence of collateral source income may be admissible, in the discretion of the trial judge, 'as probative of a relevant proposition, say 'control' or credibility of a particular witness.'" Corsetti v. Stone Co., 396 Mass. 1, 17 (1985)(emphasis in original, citation omitted).[1]

In Corsetti, the Supreme Judicial Court reasoned that "evidence of collateral source income is admissible where a plaintiff in a personal injury action has volunteered testimony as to penurious circumstances allegedly resulting from his injury." Id. at 20 (citation omitted). *See also* id. at 31-32 n.2 (Abrams, J., dissenting) (citing six Federal and state cases, including railroad cases, admitting evidence of collateral source benefits where plaintiff volunteered

---

[1] See also McElwain v. Capotosto, 332 Mass. 1, 2-3, 122 N.E.2d 901(1954) ("within the trial judge's discretion to admit evidence that the plaintiff was being paid while he was out of work because, even though the sums paid to the plaintiff would not properly reduce the recoverable damages for actual loss of earning capacity due to the accident, the evidence nevertheless was relevant to the plaintiff's motive for staying out of work"); Centola v. Driscoll, 4 Mass. App. Ct. 817, 348 N.E.2d 442 (1976) (evidence of collateral source income properly admitted where limited to question of whether plaintiff's absence from work had been prolonged by reason of his receipt of insurance payments); Nassif v. Smith, 4 Mass. App. Ct. 814, 348 N.E.2d 443 (1976) ("Whether [the collateral source income] evidence was admissible for the limited purpose of affecting the weight of the plaintiff's testimony that he was unable to work on account of the accident was within the discretion of the judge ... as an exception to the 'collateral-source' rule").

evidence of "penurious circumstances"). Accordingly, the court in Corsetti concluded that the trial judge's exclusion of collateral source evidence in that case constituted an abuse of discretion and reversible error, requiring a new trial. Id. at 20-21.

Collateral source benefits are admissible to prove the plaintiff lacked the motivation to return to work, and in effect was malingering, that is feigning [sickness or any] physical disability to avoid work and to continue receiving disability payments. *See e.g.,* McGrath, 136 F.3d 838. In this case, it is undisputed that the plaintiff is currently (and for several years been) receiving at least $2,000.00 per month in disability annuity benefits from the RRB. *See* transcript of the plaintiff's May 16, 2005 deposition, copies of the relevant portions of which are attached as Exhibit "B," at p. 209. He was also receiving additional benefits from Provident Life and Accident Insurance Company. Id. at p.209. The plaintiff has also admitted that he has made no attempt to return to work since his accident, even though the RRB notified the plaintiff more than four years ago that he has a significant work capacity.[2] *See Railroad Retirement Notice*, a copy of which is attached as Exhibit "C." Moreover, the defendant has invited and encouraged the plaintiff to participate in its Vocational Rehabilitation Program, but he has refused and admitted that he has no interest nor intention of participating in same. *See* letter dated December 18, 2002, a copy of which is attached as Exhibit "D;" *see also* Exh. B at p.279.

Perhaps most importantly, the plaintiff's treating physicians agree with the defendant's medical expert that the only injury, if any, he suffered as a result of his accident should have disabled him for no more than three (3) months. Yet the plaintiff persists in claiming that he is

---

[2] Specifically, the RRB determined that the plaintiff can "lift or carry 50 pounds occasionally, 25 pounds frequently; stand, walk or sit at least six hours in an eight hour workday; climb stairs frequently, climb ladders occasionally, stoop occasionally; and kneel, crouch or crawl frequently." *See* Exh. D. The RRB did reconsider the plaintiff's request for a disability freeze, and granted same on November 22, 2002.

permanently and totally disabled.

Given that the plaintiff has a significant work capacity (in direct contradiction of his claim that he is permanently and totally disabled), that he has refused for whatever reason to even attempt to return to any type of work, that he has refused CSX's offer of vocational retraining and the medical evidence that he is not significantly injured, the defendants are entitled to introduce evidence of the plaintiff's receipt of collateral source benefits in order to impeach his total disability claim and to prove he is malingering.

WHEREFORE, for all the above-stated reasons, the defendant's *Motion in Limine* should be allowed.

                                  Respectfully submitted,
                                  The Defendants,
                                  CSX TRANSPORTATION, INC.,
                                  by its attorneys,

                                   /s/   Valerie A. Murphy
                                  Michael B. Flynn,    BBO #559023
                                  Valerie A. Murphy,   BBO #661460
                                  FLYNN & ASSOCIATES, P.C.
                                  400 Crown Colony Drive, Suite 200
                                  Quincy, MA 02169
                                  (617) 773-5500

DATE: April 21, 2006
G:\F & A\CASE FILES\CSX PI\Papadakis\Pleadings\MIL\mil adm Collateral Source Benefits 4-13-06.doc