UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------X   CIVIL ACTION
PAUL T. PAPADAKIS,                                        NO.: 04-30189-MAP
        PLAINTIFF
        :
VS.
        :
CSX TRANSPORTATION,
        :
        DEFENDANT
------------------------------------------------------X

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE ON SUBSEQUENT REMEDIAL MEASURES**

Now comes the Plaintiff in opposition to the Defendant's Motion in Limine for an order excluding evidence of subsequent remedial measures and for reasons set forth below respectfully asks that the motion be denied.

The document in question was created several weeks after the Plaintiff was injured while attempting to affect an emergency repair to the hy-rail equipment on his company vehicle. D.J. Evers, CSX's division engineer and /or his office issued the bulletin. Excerpted testimony from Evers depositions, Attached hereto as Exhibit A. It was distributed to employees in the division. Interestingly, in it, CSX attributes the "root cause" of the Plaintiff's injury to the Plaintiff's use of the incorrect hand lever bar which according to the bulletin allowed the "gear to rotate past center". The bulletin goes on to describe the proper hand lever bar and instructs all hy-rail operators to verify that they have used the correct bars. The bulletin refers to both "gears" and "hy-rail wheels". Finally, it describes a procedure the operator is to follow in order to "easily raise the hy-rail wheels".

Federal Rule of Evidence 407 prohibits the use of remedial measures to support a theory

of negligence. However, the rule provides for its own exceptions which include use of the remedial measure evidence to establish control, feasibility of precautionary measures, or for purposes of impeachment. The Plaintiff suggests that the initial inquiry should be whether the rule applies at all, as not all subsequent measures are remedial and not all remedial measures are inadmissible. Stevens v. Bangor & Aroostook Railroad Company, 97 F.3d 594 (1st Cir. 1996).

The Plaintiff takes the position that the document is an admission by the Defendant that the Plaintiff's injuries were caused by his use of the wrong hand lever bar. Consequently, if during the trial any of the Defendant's witnesses should testify that the incident occurred in a manner inconsistent with the memo, or for reasons unconnected to the wrong hand lever bar, or that the Plaintiff knew or should have known that he was using the wrong bar, or the that Plaintiff knew or should have known of procedures to easily raise the hy-rail wheel, then the Plaintiff respectfully says that the document should be admissible for purposes of striking the inconsistent testimony and/or impeaching the witness.

Since at this stage of the case it is unknown how these witnesses may testify, the Plaintiff respectfully says that the Court should reserve on the Motion pending the testimony of the witnesses.

Respectfully submitted,

Paul T. Papadakis
By his attorney,

Robert M. Byrne Jr.
BBO# 028620
Thornton & Naumes LLP
100 Summer St. 30th Fl.
Boston, MA. 02110
(617)-720-1333