UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------X        CIVIL ACTION
PAUL T. PAPADAKIS,                                          NO.: 04-30189-MAP

      PLAINTIFF

VS.

CSX TRANSPORTATION,

      DEFENDANT
---------------------------------------------------X

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO ADMIT EVIDENCE CONCERNING APPORTIONMENT OF DAMAGES**

Now comes the Plaintiff in opposition to the Defendant's Motion in Limine to admit evidence concerning apportionment of damages and for reason set forth herein respectfully says the motion must be denied.

The Defendant apparently intends to argue in the alternative that if the Plaintiff sustained in injury to his back on June 13, 2001 which caused him pain and/or disability then the jury should hear testimony or receive evidence in the form of Dr. Carrington's medical records documenting several instances of back pain pre-dating the alleged incident. The Defendant suggests that the jury should be permitted to apportion the damages as pre-existing or caused by the events of June 13, 2001. The Plaintiff says the motion is without merit and should be denied.

**Law**

The Plaintiff cites that the case of <u>Stevens v. Bangor & Aroostook Railroad Company</u>, 97 F.3d 594 (1ST Cir. 1996) is the controlling case in the First Circuit on the issues raised by the Defendant's Motion.

In <u>Stevens</u>, the Court ruled that the jury instruction given on the issue of pre-existing injury or condition correctly stated the law:

> "There is evidence in this case that Plaintiff has a pre-existing injury or condition which existed prior to February 19, 1994. The railroad is only liable for damages you find to be caused by the occurrence of February 19, 1994. If you find that Plaintiff's pre-existing condition made him more susceptible to injury than a person in good health, the Defendant is responsible for all injuries suffered by the Plaintiff as a result of the Defendant's negligence, even if those injuries are greater than would have been suffered by a person in good health under the same circumstances.
> If you find the Defendant negligently caused further injury or aggravation to Plaintiff's pre-existing condition, Plaintiff is entitled to compensation for all of Plaintiff's damages caused by the incident, including that further injury or aggravation. If you cannot separate the pain or disability caused by the preexisting condition from that caused by the occurrence of February 19, 1994, then the Defendant is liable for all of Plaintiff's injuries."

The <u>Stevens</u> case also provides instruction concerning apportionment and burden of proof. The Court essentially adopted the Restatement (Second) of Torts § 433A(2) position which gives "the benefit of apportionment of harm only if there is a reasonable basis for determining the contribution of each cause to a single harm," <u>Stevens</u>, 97 F.3d at 602. Most importantly according to <u>Stevens</u>, the burden of proof on apportionment rests with the Defendant and if the fact finder cannot separate injuries caused or exacerbated by the accident from those resulting from a pre-existing condition, the Defendant is liable for all injuries. <u>Id.</u>

Here there is no evidence that the back complaints noted by Dr. Carrington are in any way related to the Plaintiff's current condition. The Defendant's only medical expert witness, Dr. Edward Feldmann referring to the Plaintiff's pre-existing back condition testified that "those abnormalities much more likely than not, have been present for years and years. Yet, if you look at his medical records and ask him, he didn't have a lot of low back pain problems before…"

Later with reference to his review of the Plaintiff's medical records, Dr. Feldmann testified that

> "He had films of his low back done in 1969; we don't know why." One of his doctors placed in a note his having relatively minor low back symptoms at some point in the past, which quickly resolved. I think the answer to your question is, no, I didn't see persistent low back symptoms that limit his function."

Dr. Feldmann also testified that the events of June 13, 2001 did not exacerbate the pre-existing condition of Mr. Papadakis's back, and his Fed. R. Civ. P. 26 disclosure makes no comment concerning pre-existing injury of apportionment. See excerpts of Dr. Feldmann deposition, Attached hereto as Exhibit A.

Clearly, the Defendant has no evidence that causally relates the Plaintiff's pre-existing back condition to his post-June 13, 2001 complaints. More importantly, even if some evidence causally relating the pre-existing condition to the Plaintiff's current complaints exist, the Defendant has no evidence to place before the jury which would permit them to apportion his damages between pre-existing and accident related causes. In the absence of such evidence the Plaintiff says it would be improper and prejudicial to admit evidence concerning apportionment or to instruct the jury on this issue.

Therefore, the Plaintiff respectfully says the motion should be denied.

Respectfully submitted,
Paul Papadakis
By his attorney,

Robert M. Byrne Jr.
BBO# 028620
Thornton & Naumes LLP
100 Summer St. 30th Fl.
Boston, MA 02110