UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------X

PAUL T. PAPADAKIS,
      Plaintiff,

                                            C.A. No. 04-30189-MAP

v.

CSX TRANSPORTATION, INC.,
      Defendant.

-------------------------------------------------------X

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A VIEW

      Now comes the Plaintiff in opposition to the Defendant's Motion For a View. The Defendant has moved the Court for leave to conduct a "view" of the subject hy-rail vehicle and for demonstrative purposes. The Plaintiff therefore infers that the Defendant is requesting leave to conduct both a view of the subject vehicle as well as a demonstration of the operation of the hy-rail equipment.

      In response to both, the Plaintiff says that the Motion should be denied.

### I.    Discussion of For A View

      The determination if a jury view is appropriate in a particular situation is a matter committed to the trial court's informed discretion. U.S. v. Gray, 199 F.3d 547 (1st Cir. 1999). It has also been declared that a view should not be granted unless it appears to be reasonably certain or the Court is satisfied that it will be of some aid to the jury in reaching their verdict. A Defendant's motion for a view should be denied if it would be time consuming and cumulative. U.S. v. Drougas, 748 F.2d 8, 30-31 (1st Cir. 1984).

      It should not go unnoted that the alleged incident occurred in June 2001, and that during the subsequent five year period this vehicle, and therefore the hy-rail gear (which

for purposes of argument will be assumed to be the same as was on the vehicle in June 2001), has been operated over countless miles. Moreover, the hy-rail gear is subject to periodic maintenance during which numerous adjustments are made to the equipment. Consequently, there is no way to know with certainty that the vehicle will be in the same condition as it was on June 13, 2001. On the other hand, both parties have taken photographs of the truck and hy-rail equipment. The manual which contains numerous diagrams and photographs of the hy- rail equipment has also been produced during discovery and are available. Finally, each side has a copy of a videotape created by the hy-rail manufacturer in which the equipment depicted and its operation explained.

The Plaintiff respectfully says in light of the availability of the voluminous photographic and video evidence of the equipment a view of the vehicle will add nothing to the jurys' understanding of the truck or hy-rail equipment. Indeed the probability of changes to the truck and/or the hy-rail equipment since the incident raises the possibility that the jury could be confused by what they might observe during a view compared to the photographic exhibits. Certainly from a convenience point the exhibits are a more appropriate method of introducing and explaining the evidence.

## II.    Discussion of Law on Demonstrative Evidence

The Defendant also indicates a desire to conduct the view "during the testimony of a witness for demonstrative purposes". A party that introduces evidence that attempts to reconstruct an accident, that party must how a "substantial similarity in circumstances" between the reconstruction and the original accident. Fusco v. General Motors Co., 11 F.3d 259, 264 (1st Cir. 1993).

The Defendant has made no showing to satisfy any of the foundational requirements necessary for the Court to exercise its judgment on this Motion. That may be because the Defendant recognizes that demonstrating the operation of the hy-rail equipment "at or in the vicinity of the Court house" five years after the event and after it has been operated and adjusted countless times may have no similarity to the condition of the vehicle at the time alleged. This is particularly true with respect to the setting of the stop arm assembly, and the extent of the gauging of the stop channel that existed on June 13, 2001.

More importantly, since the Defendant contends that the hy-rail derailed into the gauge, the space between the track rails, any attempt to demonstrate or replicate the conditions and events of June 13, 2001 would require that the demonstration take place at the scene of the incident where the clearance between the hy-rail wheel and the crossing and/or track bed can be observed and replicated. There are additional factors that may affect the operation of the hy-rail equipment such as the weights on the wheels, the load on the vehicle. There is no evidence about these conditions as of June 13, 2001, and therefore no way to replicate them during a demonstration or test. Consequently, any "demonstration" creates the very real potential that the jury will hear or see irrelevant evidence, or evidence that is incomplete and therefore misleading all of which would be to the Plaintiff potential prejudice.

In light of the Defendant total failure to satisfy the burden it bears on this Motion, the Plaintiff respectfully asks that it be denied.

Respectfully submitted,

Paul T. Papadakis
By his attorney,

Robert M. Byrne Jr.
BBO# 028620
Thornton & Naumes LLP
100 Summer St. 30th Fl.
Boston, MA. 02110
(617)-720-1333