UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. PAPADAKIS,<br>　　　　Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br>　　　　Defendant. | C.A. No.: 04-30189-MAP |

**DEFENDANT, CSX TRANSPORTATION, INC.'S SUPPLEMENT TO THE JOINT PRE-TRIAL MEMORANDUM**

The Defendant hereby supplements Section VI(B)(ii)(a) of the Joint Pre-Trial Memorandum, by the inclusion of the last paragraph as set forth herein; said section to read as follows:

**VI.　ISSUES OF LAW INCLUDING EVIDENTIARY QUESTIONS TOGETHER WITH SUPPORTING AUTHORITY**

　　**B.　Defendant's Statement of the Law:**

　**ii. Causation Under the FELA:**

　　**a. The United States Supreme Court Has Established That A Railroad May Only Be Liable Under The FELA If Its Conduct Was The Proximate Cause In Whole Or In Part Of The Employee's Injury.**

Section 1 of the Federal Employers' Liability Act ("FELA") makes "[e]very common carrier by railroad ... liable in damages" for the injury or death of any employee employed in interstate commerce that "result[s] in whole or in part from the [railroad's] negligence."  45 U.S.C. § 51.  Absent an express statutory departure, the requisite elements of a FELA cause of

action are determined by the common law "'as established and applied in the federal courts.'" *Urie v. Thompson*, 337 U.S. 163, 174 (1949).

The long-established standard of causation under FELA, set forth in numerous precedents of the United States Supreme Court, is proximate cause: the plaintiff must prove that the railroad's "negligence was the proximate cause in whole or in part" of the employee's injury. *Tennant v. Peoria & Pekin Union Ry.*, 321 U.S. 29, 32 (1944). Because the statute provides that a railroad may be liable if the employee's injury or death "resulted … in part from the [railroad's] negligence," 45 U.S.C. § 51, the jury may find the railroad liable even if there were other causes of the employee's injury or death. However, the Supreme Court has emphasized that the requirement of proximate causation must still be met: the railroad's conduct must be either "the sole or a contributory proximate cause." *Coray v. Southern Pac. Co.*, 335 U.S. 520, 523 (1949). Accordingly,

> "to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act."

*Brady v. Southern Ry.*, 320 U.S. 476, 483 (1943). The Supreme Court has reiterated the federal proximate cause rule under FELA in case after case.[1]

The Supreme Court further elaborated the federal proximate-cause rule in *Davis v. Wolfe*, 263 U.S. 239 (1923). In that case, which involved a FELA claim based on the railroad's

---

[1] *See, e.g., Lang v. New York Cent. R.R.*, 255 U.S. 455, 461 (1921) (reversing for lack of evidence of proximate cause); *St. Louis-S.F. Ry. v. Mills*, 271 U.S. 344, 347 (1926) (same); *Northwestern Pac. R.R. v. Bobo*, 290 U.S. 499, 503 (1934) (same); *see also, e.g., St. Louis, Iron Mountain & S. Ry. v. McWhirter*, 229 U.S. 265, 280 (1913); *Davis v. Kennedy*, 266 U.S. 147, 148 (1924); *Minneapolis, St. Paul & Sault Ste. Marie Ry. v. Goneau*, 269 U.S. 406, 409-10 (1926); *New York Cent. R.R. v. Ambrose*, 280 U.S. 486, 489 (1930); *Swinson v. Chicago, St. Paul, Minneapolis & Omaha Ry.*, 294 U.S. 529, 531 (1935); *Brady v. Terminal R.R. Ass'n*, 303 U.S. 10, 15 (1938); *Tiller v. Atlantic Coast Line R.R.*, 318 U.S. 54, 67 (1943); *Coray*, 335 U.S. at 523 (1949); *Urie*, 337 U.S. at 195; *O'Donnell v. Elgin, Joliet & E. Ry.*, 338 U.S. 384, 390 (1949); *Carter v, Atlantic & St. Andrews Bay Ry.*, 338 U.S. 430, 434-35 (1949); *Brown v. Western Ry. of Ala.*, 338 U.S. 294, 297-98 (1949).

violation of the Safety Appliance Act,[2] the Court held that "an employee cannot recover" if the railroad's unlawful conduct "is not a proximate cause of the accident which results in his injury, *but merely creates an incidental condition or situation in which the accident, otherwise caused, results in such injury.*" *Id*. at 243 (emphasis added). On the other hand, the employee may recover if such conduct was "a proximate cause of the accident, resulting in injury to him while in the discharge of his duty." *Id.*

Notwithstanding this overwhelming precedent, some lower courts have held that the Supreme Court *sub silentio* overruled decades of its prior causation precedents in *Rogers v. Missouri Pacific Railroad*, 352 U.S. 500 (1957). *See*, *e.g.*, *Oglesby v. Southern Pac. Transp. Co.*, 6 F.3d 603, 607 (9th Cir. 1993) ("'proximate cause' is not required under the FELA"); *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 606 (10th Cir. 1997) (holding that *Rogers* "definitively abandoned" proximate causation). These decisions cannot be followed for two reasons. First, they are based on a patent misreading of *Rogers*. Second, and most fundamentally, the Supreme Court has held that it has the exclusive prerogative to declare its precedents overruled, and lower courts must continue to follow those prior precedents, even if they believe them to be inconsistent with later Supreme Court decisions. *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989).

The First Circuit, even after *Rogers,* continues to require FELA plaintiffs to prove proximate cause: "the general rule is that where negligence is charged, to justify a recovery it must be shown that the alleged negligence was the proximate cause of the damage." *Moody v.*

---

[2] Violations of the Boiler Inspection Act and the Safety Appliance Act are actionable under FELA even in the absence of negligence, but the same "test of causal relation" applies in those cases as in negligence cases. *Carter*, 338 U.S. at 434; *Louisville & Nashville R.R. v. Layton*, 243 U.S. 617, 621 (1917) ("carriers are liable to employees in damages whenever the failure to obey these safety appliance laws is the proximate cause of injury to them when engaged in the discharge of duty").

*Boston & Maine Railroad*, 921 F2d 1, 10-11 (1990). In support of this proposition, the First Circuit cited to a pre-*Rogers* case, *St. Louis & Iron Mt. Ry. v. McWhirter*, clearly evidencing the continued vitality of the proximate cause requirement. 229 U.S. 265 (1913). The First Circuit in *Moody* also cited *Rogers* with approval for other purposes. *Moody,* 921 F2d at 11.

                          Respectfully submitted,

                          The Defendant,
                          CSX TRANSPORTATION, INC.,
                          By its attorneys,

                          /s/ Valerie A. Murphy
                          Michael B. Flynn, Esq., BBO# 559023
                          Valerie A. Murphy, Esq., BBO# 661460
                          FLYNN & ASSOCIATES, P.C.
                          400 Crown Colony Drive, Suite 200
                          Quincy, MA 02169
                          (617) 773-5500

Dated: May 15, 2006