UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------X
PAUL T. PAPADAKIS,
    Plaintiff,

v.

CSX TRANSPORTATION, INC.,
    Defendant.
---------------------------------------------------------X

C.A. No. 04-30189-MAP

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF RICHARD SANDERSON

Now comes the Plaintiff's Opposition to the Defendant's Motion in Limine to exclude the expert testimony of Richard Sanderson. Mr. Richard Sanderson is a retired Amtrak/Conrail New York, New Haven/Penn Central work equipment mechanic, with 41 years experience in the field of railroad equipment repair. Mr. Sanderson's expertise is derived from his experience as a mechanic, especially in the field of maintaining and installing hy-rail equipment, the type of equipment that is directly at issue in this case.

For the purposes of this opposition the Plaintiff accepts the Defendant's description of the equipment at issue, but not the Defendant's version of the events. The Plaintiff's claim of liability is that the cam (not the wheel) went over center. This would not have happened if the Plaintiff had used the bar the manufacturer provided because the bar would have struck the bumper before the Plaintiff could have exerted on the bar sufficient force to stop the arm assembly set screw by the mounting channel. See deposition testimony of Peter Ebert and Joseph Kent, Attached hereto as Exhibit A and B, respectively.

According to Richard Sanderson, once the cam goes over the center it becomes an obstruction to the engaging mechanism and will prevent the gear from locking in the stored position. Report of Richard Sanderson, Attached hereto as Exhibit C. Consequently, when the Plaintiff attempted to raise the gear, after completing his hy-rail inspection, it refused to lock. He was compelled to affect an emergency repair by leveraging the wheel into the stored position using a lining bar. His intent was to use the lining bar to leverage the wheel to the stored position and then support it with a block of wood until he could wrap a chain around the wheel and the truck frame, thereby securing it, before returning to his base. The Plaintiff claims that he was reaching for the block of wood when he experienced the onset of back pain.

Some of the facts needed to support the Plaintiff's claim are undisputed. For instance, the Defendant's own expert agrees that the use of the correct bar to lock the hy-rail gear in the down position minimizes the possibility of over because the bar will strike the bumper before over can occur. See Exhibit A. Whereas the type of bar of the Plaintiff says he was using, the bumper does have a bend configuration to limit the amount of rotation on the bar. Exhibit A. There is also agreement that when properly gauged the stop arm set screw will contact the mounting channel and alert the operator that he should not exert any further on the bar. See Exhibit B.

The Plaintiff has consistently stated and testified that he never derailed the hy-rail gear. This is born out by the reports he signed after the incident, the statement he gave to the Defendant's claims agent, his deposition testimony and also the deposition testimony of the person to whom he first reported the incident, Superior Dick Ross. See Rebecca Savoie Examination, attached hereto as Exhibit D, and See Incident Report, Attached hereto as Exhibit E.

The Plaintiff has repeatedly said that the hy-rail wheel was in its normal orientation vis a vis the truck body but simply refused to automatically lock when he raised it to the stored position.

**Discussion of Law**

Mr. Richard Sanderson, a railroad work equipment mechanic with 41 years of experience and training in installing, servicing, repairing, and maintaining hy-rail equipment will opine that if the cam was forced over center it can be an obstacle to the operation of the component of the locking mechanism to the extent that the lock will not engage, and the wheel will refuse to stay in the up or stored position. Mr. Sanderson has no opinion regarding the reasonableness of the hy-rail design, but he does believe based upon his experience as a railroad worker, work equipment mechanic and work equipment superintendent that non-mechanical railroad employees who regularly operated hy-rail equipped vehicle should be instructed on the way to safety reposition the over centered cam if the problem should occur while in remote locations or when a mechanic is otherwise unavailable.

In support of its Motion to Exclude Mr. Sanderson, the Defendant suggests that because Mr. Sanderson is not an engineer and has no experience designing hy-rail equipment, he is not qualified to offer an opinion. The fault of this argument is that Mr. Sanderson will not offer any opinion concerning the reasonableness of the design or alternative designs. The Defendant further argues that Mr. Sanderson has no advanced degrees that would qualify him as an expert. This argument would have merit if Fed. R. Evid. 702 required an advanced degree in order to qualify as an expert. But it has been repeatedly held that an advanced degree is not necessary to qualify.

Fed. R. Evid. 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The qualifications required for expert testimony are in the alternative. It should also be noted that Rule 702 is a flexible one. See Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579, 594 (1993). The proposed expert must merely have one of the requirements not all of them to qualify and although Mr. Sanderson may not hold an advanced degree, he certainly has considerable experience in installing, inspection, maintaining, operating and repairing hy-rail equipment. Daubert makes clear that the factors it mentions do not constitute a "definitive checklist or test." Daubert, 509 U.S. at 593. And Daubert, adds that the gatekeeping inquiry must be " 'tied to the facts' " of a particular "case." Daubert, 509 U.S. at 591. The fact that Mr. Sanderson has not previously testified or been retained as an expert may make for cross examination, but it does not preclude him from qualifying here. Also in an FELA case in the Third Circuit a trackman was allowed to testify as an expert despite his lack of formal training, based upon his twenty year experience with track equipment. Lauria v. Nattional Railroad Passenger Corporation, 145 F.3d 593 (3rd Cir. 1998). Some of the Defendant's factual claims are simply untrue such as where it is asserted that Mr. Sanderson has never "studied the operation" of hy-rail devices.

Mr. Sanderson based his opinion on 41 years of work experience in the railroad industry, reading the depositions of CSX mechanics, reading the deposition of Peter Ebert, direct conversations with Mr. Papadakis, talking to representatives from the Tamper Fairmont Company, reviewing the hy-rail service manual, a test of a hy-rail vehicle, and personal

maintainence on hy-rail equipment. He is more than qualified to testify about hy-rail repair and operation. His testimony is based upon the facts and data available to him. The Defendant claims that Mr. Sanderson has not read Paul Papadakis's Deposition, yet fails to mention that Mr. Sanderson has spoken directly with Mr. Papadakis about the incident. He will support his testimony with photographs of the Fairmont Hy-Rail, the Fairmont Service manual, video instruction in the use of the Fairmont Hy-Rail procedures and various working components of the unit.

### Conclusion

The Defendant's Motion to Exclude the Testimony of Richard Sanderson should be denied. He has attained a level of expertise through his experience as a mechanic in the railroad industry. His opinion is based upon reliable data, therefore Mr. Sanderson qualifies as an expert under Fed. R. Evid. 702, and his testimony should be heard.

Respectfully submitted,
Paul T. Papadakis
By his attorney,

_____
Robert M. Byrne Jr.
BBO# 028620
Thornton & Naumes LLP
100 Summer St. 30th Fl.
Boston, MA. 02110
(617)-720-1333