UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------X   CIVIL ACTION
PAUL T. PAPADAKIS,                                     NO.: 04-30189-MAP

      PLAINTIFF

VS.

CSX TRANSPORTATION,

      DEFENDANT
---------------------------------------------------X

## MOTION IN LIMINE

Now comes the Plaintiff in the above entitled action and respectfully moves the Court for an Order excluding the testimony of Defendant's designated expert, Joseph Kent. In support thereof, the Plaintiff says that the factual assumption underlying Mr. Kent's opinion has been denied by the Defendant pursuant to F.R.Civ.P. 36, Request for Admissions. Consequently, Mr. Kent's opinion cannot be supported by the evidence and must be excluded.

### Claims of Fact

The Plaintiff says he injured his back while reaching to place a block of wood under the left front hy-rail wheel of his CSX supplied I&R truck. He says that he was compelled to use the block to support the wheel because the gear refused to lock in the stored or high way position. According to the Plaintiff's expert witness, this mechanical problem was the result of over camming the pivot arm which obstructed the locking mechanism from engaging and supporting the wheel in the hy-way position. (Report of Richard Sanderson, Exhibit A) All parties agreed that the over center rotation would not have occurred if the Plaintiff had used an operating bar with a single bend at each end. The Plaintiff claims to be unaware of the significance of the bend

configuration and says he used the bar provided to him by the Defendant.

The Defendant claims that the Plaintiff has "fabricated his story". The Defendant contends that the left front hy-rail wheel rotated in opposite direction (forward) and away from the stored position. The Defendant says that "it expects to establish that this could only happened (sic) by the Plaintiff's derailing the vehicle, and/or his improper operation of the hi-rail device". To support this claim the Defendant proposes to offer the testimony of Joseph Kent, its designated expert witness. Mr. Kent's report is attached hereto. (Exhibit B) Mr. Kent will reportedly opine that "The vehicle was then either derailed or raised to allow the arm to rotate forward and go over center angled toward the front of the vehicle. The arm and guide wheel were then chained up on this configuration…" (See Kent deposition testimony, Exhibit C.) Mr. Kent contends that Peter Ebert of TNT, Inc., CSX's contract mechanic, unchained the arm and raised the vehicle such that the arm and wheel could be rotated back to the proper rear position and it then locked in the raised position. (Kent report) However, Mr. Ebert testified that, "The only thing I remember about a chain is they said this wheel was chained up, but I don't remember us taking a chain off". (Ebert deposition, Exhibit D).

There is simply no evidence to support the factual predicate to this opinion. The Plaintiff was alone at the time of the incident and denies derailing the wheel. Richard Ross, Mr. Papadakis's supervisor and the person to whom Mr. Papadakis first reported the incident and also someone who saw the vehicle the following day has testified that Mr. Papadakis did not "derail". (Ross deposition testimony, Exhibit E) More conclusively the Defendant has responded to the Plaintiff's F.R. Civ. P. Rule 36, Request for Admissions by saying that "the wheel did not 'pass over center' at the time of Plaintiff's accident". (Responses numbers 17, 18, 21, 36 and 40, Exhibit F) The Defendant's admissions that "the wheel did not pass over center" are conclusive

on the issue and in direct conflict with opinion Mr. Kent proposes to offer.

In the absence of an admissible opinion, Mr. Kent's testimony concerning his inspection of the vehicle and his review of the records provided to him by the Defendant is irrelevant. His appearance would provide no new evidence to the jury and would be an unnecessary use of judicial time.

The Plaintiff respectfully moves that Mr. Kent be precluded from testifying.

Respectfully submitted,

Robert M. Byrne, Jr.
THORNTON & NAUMES, LLP
100 Summer Street
Boston, MA 02110
(617) 720-1333
BBO#: 068620

## Certificate of Service

I hereby certify that on November 29, 2006, I served the foregoing Plaintiff's Motion in Limine electronically, to:

> Michael B. Flynn, Esq.
> Flynn & Associates, PC
> 400 Crown Colony Drive, Suite 200
> Quincy, MA 02169

_____
Robert M. Byrne, Jr., Esq.