UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
       Plaintiff,

v.

CSX TRANSPORTATION, INC.,
       Defendant.

C.A. No.: 04-30189-MAP

### DEFENDANT CSX TRANSPORTATION, INC.'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

**REQUEST NO. 1:**

At all times material hereto, the Defendant, CSX Transportation, Inc., has been a railroad within the meaning of 45 USC §51 et seq. Federal Employers' Liability Act.

**RESPONSE NO. 1:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. Without waiving this objection, the defendant admits that it is a railroad within the meaning of the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq.

**REQUEST NO. 2:**

At the time and place alleged in the Plaintiff's Complaint's he was employed by CSX Transportation, Inc. as a track inspector.

**RESPONSE NO. 2:**

Admitted.

**REQUEST NO. 3:**

At all times material hereto, the Defendant CSX Transportation, Inc., has been engaged in interstate commerce.

**RESPONSE NO. 16:**

Denied.

**REQUEST NO. 17:**

If the socket passes over center when lowering and locking the type of hy-rail gear that was at the left front corner of truck #TC 500285 on June 13, 2001, the operator would nonetheless be able to operate the vehicle over the rail.

**RESPONSE NO. 17:**

Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REQUEST NO. 18:**

If the clearance between the pivot stop arm assembly screw and the cross channel on the hy-rail gear of truck #TC 500285 is more than ¼" then the socket may pass over center when lowering and locking the guide wheels in the rail position.

**RESPONSE NO. 18:**

Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REQUEST NO. 19:**

The proper hand lever bar for use with the hy-rail gear on truck #TC 500285 on June 13, 2001 had a single bend on each end.

6

**RESPONSE NO. 19:**

Objection. The defendant objects to this request on the grounds that it is vague. The defendant also objects to this request on the grounds that it is irrelevant to the issues in this case since the plaintiff was using the single-bend end of the hand lever bar at the time of his accident and since he did not leverage the bar past the bumper at the time of his incident.

**REQUEST NO. 20:**

Use of an improper hand lever bar to lower and lock the guide wheel on truck #TC 500285 in the rail position creates the potential that the operator may leverage the bar past the bumper.

**RESPONSE NO. 20:**

Objection. The defendant objects to this request on the grounds that it is vague. The defendant also objects to this request on the grounds that it is irrelevant to the issues in this case since the plaintiff was using the single-bend end of the hand lever bar at the time of his accident and since he did not leverage the bar past the bumper at the time of his incident.

**REQUEST NO. 21:**

Use of an improper bar to lower and lock the pilot wheel in the rail position on truck #TC 500285 creates the potential of causing the socket to pass over center.

**RESPONSE NO. 21:**

Objection. The defendant objects to this request on the grounds that it is vague and that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**RESPONSE NO. 35:**

Objection. The defendant objects to this request on the grounds that it is overly broad in time and vague. The defendant also objects to this request on the grounds that this request pertains to evidence of subsequent remedial measures which are inadmissible at trial. Without waiving these objections, the defendant admits this request.

**REQUEST NO. 36:**

The single bend at each end hand lever bar for 0307 hy rail gear of the type on truck #TC 500285 on June 13, 2001 will be stopped during use by the truck's bumper before the socket can be forced over center.

**RESPONSE NO. 36:**

Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REQUEST NO. 37:**

There are no medical, psychological, psychiatric or emotional conditions known to the Defendant that the Plaintiff may have had on June 12, 2001 which would have disqualified him from his employment as a CSX Transportation, Inc. track inspector.

**RESPONSE NO. 37:**

Admitted.

**REQUEST NO. 38:**

The Defendant is unaware of any individual other than the Plaintiff who has knowledge concerning the types of hand lever bar which were actual on truck #TC 500285 on June 13, 2001.

12

**RESPONSE NO. 38:**

Denied.

**REQUEST NO. 39:**

The defendant is unaware of any individual, other than the Plaintiff who has first hand knowledge concerning whether or not truck #TC 500285 derailed at any time on June 13, 2001.

**RESPONSE NO. 39:**

Admitted.

**REQUEST NO. 40:**

The Defendant is unaware of any individual who has first hand knowledge that prior to June 14, 2001 the Plaintiff had been instructed that should the hy-rail gear go passed over the center then he should drive the vehicle onto a wood block and then rotate the hy-rail mechanism back into its normal position.

**RESPONSE NO. 40:**

Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, as the wheel did not "pass over center" at the time of the plaintiff's accident.

**REQUEST NO. 41:**

Plaintiff's Exhibit B is a true and accurate statement of the 2000 monthly cost for fringe benefits that Mr. Paul Papadakis was entitled to receive as a CSX track inspector.

**RESPONSE NO. 41:**

Denied. The defendant is unaware of the origin of Exhibit B and therefore cannot truthfully admit that it is a true and accurate statement of the 2000 monthly cost for fringe benefits that Mr. Papadakis was entitled to receive as a CSX track inspector.

Gary M. Baker deposes and says that: he is a Manager of Field Investigations, CSX Transportation, Inc., and that he signs these responses for and on behalf of CSX and is authorized to do so; that the matters stated in the foregoing responses are not all within the personal knowledge of the deponent and that the deponent is informed that there is no officer of CSX who has personal knowledge of all such matters; that such facts as stated in said answers which are not within the personal knowledge of the deponent have been assembled by authorized employees with personal knowledge or agents of CSX and he is informed and believes that the facts stated in and answers are true and so states under the pains and penalties of perjury this 2nd day of August, 2005.

Gary M. Baker
Manager of Field Investigations
CSX Transportation, Inc.

As to Objections,
CSX TRANSPORTATION, INC.,
by its attorneys:

Michael B. Flynn, BBO #559023
Bethany M. Machacek, BBO #657237
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: August 3, 2005
G:\F & A\CASE FILES\CSX FI\Papadakis\Pleadings\CSX's Resp. to Pltff's Req. For Admissions 7-15-05.doc

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by hand/mail delivering same, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED August 3, 2005