UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------X          CIVIL ACTION
PAUL T. PAPADAKIS,                                               NO.: 04-30189-MAP
                                                     :
            PLAINTIFF
                                                     :
VS.
                                                     :
CSX TRANSPORTATION,
                                                     :
            DEFENDANT
-----------------------------------------------------X
```

## MOTION IN LIMINE

Now comes the Plaintiff and respectfully moves the Court for an order precluding the

Defendant from mentioning to the jury or offering evidence concerning the Plaintiff's pre-

existing health conditions including any mention of prior back injuries, treatment for carpal

tunnel syndrome, anxiety disorder and hearing loss.

### Law

In the context of a claim brought pursuant to the Federal Employers' Liability Act 45

U.S.C. § 51 et seq, the Defendant bears the burden of proof on the defense of appointment of

harm. "If the factfinder cannot separate injuries caused by the accident from those resulting from

a pre-existing condition, the Defendant is liable for all injuries." Stevens v. Bangor & Aroostook

Railroad, 97 F.3d 594.

### Claim of Fact

Over the course of his life, the Plaintiff has experienced some low back and neck pain.

He received medical care for these problems, but was symptom free at the time of the alleged

incident. His medical history also includes prior railroad related injuries to his arm and carpal

tunnel syndrome. These conditions had also resolved before the incident alleged here.

### Discussion

The Defendant has designated Dr. Edward Feldman as its medical expert. Dr. Feldman's medical report has been provided and is attached hereto as Exhibit I. Dr. Feldman has also been deposed. Portions of his deposition testimony are attached as Exhibit II. Dr. Feldman testified that he has reviewed the Plaintiff medical records and conducted a thorough medical examination of the Plaintiff. He went on to testify, that the events of June 13, 2001 did not exacerbate or aggravate the Plaintiff's pre-existing back problem.

In light of this testimony and the total absence of any disclosure by Dr. Feldman in his narrative report of any opinion supporting an appointment of harm any mention or claim by the Defendant to the jury that Plaintiff's injuries were pre-existing would be unsupported by the evidence and prejudicial.

Similarly, any claim that the Plaintiff's anxiety disorder and/or carpal tunnel syndrome are a cause of his current complaints or have motivated him to seek an early retirement is not supported by any evidence. Statements by the Defendant and/or questions before the jury suggesting otherwise are without a good faith factual basis.

Plaintiff would be severely prejudicial if the Defendant were permitted to suggest that these conditions have motivated him to initiate this FELA claim or to seek a disability pension from the Railroad Retirement Board.

The Plaintiff respectfully moves the Court for an Order precluding the Defendant from introducing any evidence concerning his pre-existing health or past FELA claim.

Respectfully submitted,

_____
Robert M. Byrne, Jr.
THORNTON & NAUMES, LLP
100 Summer Street
Boston, MA 02110
(617) 720-1333
BBO#: 068620

Certificate of Service

I hereby certify that on November 29, 2006, I served the foregoing Plaintiff's Motion in Limine electronically, to:

Michael B. Flynn, Esq.
Flynn & Associates, PC
400 Crown Colony Drive, Suite 200
Quincy, MA 02169

_____
Robert M. Byrne, Jr., Esq.