UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

PAUL T. PAPADAKIS,
        Plaintiff,

v.

CSX TRANSPORTATION, INC.,
        Defendant.

C.A. No.: 04-30189-MAP

### THE DEFENDANT, CSX TRANSPORTATION, INC.'S, OPPOSITION TO MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JOSEPH KENT

The defendant, CSX Transportation, Inc. ("CSX") hereby submits this *Opposition to the Plaintiff, Paul T. Papadakis' Motion in Limine* ("*Motion*") to exclude the testimony of Joseph Kent. As grounds therefore, the defendant states as follows:

### FACTS

This is a personal injury case which has been brought pursuant to the Federal Employers' Liability Act (the "FELA"). The plaintiff claims that he was injured while operating a "hi-rail" device which was affixed to his company-issued pickup truck, which he claims was caused by CSX's negligence.

Mr. Joseph Kent has been specially retained as an expert, and the defendant plans to elicit from him a number of expert opinions at trial, all of which are expected to be based on Mr. Kent's qualifications; including but not limited to his masters in engineering, membership to the Society of Automotive Engineers and the American Society of Mechanical Engineers, and 23 years experience providing mechanical failure analysis and accident reconstruction, and review of the record. *See* copy of *Curriculum Vitae* of Joseph Kent, attached as Exhibit "A." More specifically, it is expected that Mr. Kent will testify that, in his opinion:

- The sequence of events described by the plaintiff were not possible if the mechanical condition of the truck was as described by Mr. Ebert following his inspection or as observed during his inspection;
- The plaintiff, when lowering the left front hy-rail gear at the beginning of his on-rail travel, he continued to rotate the upper socket after the locking pawl handle had snapped into position, causing overtravel of the stop arm. During this overtravel, the plaintiff had to apply increasing and excessive force above and beyond the normal amount required;
- As an experienced operator, the plaintiff should have observed, felt and heard the locking pawl handle engage at the proper point; and should have observed the additional rotation of the socket beyond normal and felt the additional and excessive force he was applying after the locking pawl handle engaged;
- The overtravel of the socket caused the stop bolt to wedge against the cross channel, causing the left front guide wheel to be stuck in the down position;
- When the plaintiff tried to raise the left front hy-rail gear at the end of his on-rail travel, he could not move the upper socket to release the load on the gear;
- The plaintiff either derailed his vehicle or raised the left front to the point where the arm and wheel rotated forward beyond vertical;
- The plaintiff chained the arm and wheel in the forward position and returned to headquarters; and
- The sole cause of the incident was the negligent operation of the hy-rail gear by Mr. Papadakis.

*See* Report of Joseph Kent, attached hereto as Exhibit "B."

Mr. Kent was deposed by the plaintiff's counsel on December 21, 2005. During his deposition, Mr. Kent testified as to his opinion on a number of issues pertaining to the plaintiff's accident.

**ARGUMENT:**

Mr. Kent is a qualified expert, and his testimony is necessary to assist the trier of fact in understanding the mechanical workings of the hi-rail vehicle involved in this alleged accident. The mechanics and the operation of hi-rail vehicles are complicated and difficult for anyone who doesn't work with them on a routine basis to understand, and an expert is absolutely necessary to the understanding of the facts in this case.

> Fed. R. Evid 702 states:
>
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 is flexible, and the factors do not constitute a checklist or test. *See* <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 594 (1993). The plaintiff has not challenged Mr. Kent's qualifications as an expert, or his methodology, or the basis for his opinions. Instead, his only basis to exclude Mr. Kent's testimony is that Mr. Kent's opinion conflicts with *Defendant's Responses to Plaintiff's Requests for Admissions* ("Admissions"), specifically that the defendant stated that "the wheel did not pass over center," and the plaintiff alleges Mr. Kent testified the wheel did pass over center, thereby making Mr. Kent's testimony inadmissible. This is inaccurate and false, and does not support exclusion of Mr. Kent's testimony in any event.

There is no conflict between the defendant's *Admissions* and Mr. Kent's testimony.  One of the central factual issues of this case is what happened with the hi-rail device, given that the plaintiff's version was mechanically impossible according to all the experts.  The plaintiff himself hired <u>two</u> "experts"[1] to determine and explain what happened with the hi-rail mechanism during the plaintiff's alleged accident.  His first expert, Ernest Gailor, testified that the alleged accident could not have happened as the plaintiff stated, and testified in his deposition that he completely disregarded the plaintiff's testimony in order to reach his opinion.  *See* Excerpt from Deposition of Ernest Gailor, attached hereto as Exhibit "C."  The plaintiff then disclosed Mr. Richard Sanderson as their "expert" who also stated that the plaintiff's version of the events could not have happened as the plaintiff says it did.  *See* Excerpts from Deposition of Richard Sanderson, attached hereto as Exhibit "D."[2]

Further, *Defendant's Responses to Plaintiff's Requests for Admissions* ("Admissions") are not inconsistent with Mr. Kent's testimony.  The defendant's *Admissions* stated that "the wheel did not pass over center."  Mr. Kent's report specifically stated that "the left-front arm would not rotate forward enough to 'go over center.'"  *See* Exh. B, p. 3.  Mr. Kent's testimony in his deposition is consistent with his report, and in fact, the alleged quotation by Mr. Kent in

---

[1] The defendant has filed a *Motion to Exclude Richard Sanderson*, the plaintiff's second expert, as he does not qualify as an expert.

[2] There is no question the wheel had been chained up.  The plaintiff told Mr. Sanderson he chained the wheel up.  Mr. Ebert stated that while he didn't remember taking off the chain, the wheel would have to have been secured and then released by someone during the inspection in order for the wheel to be returned to the proper position:

> Right.  I mean if I'm writing down here, and again I'm just telling what I'm writing, but I only write, like I said, just enough to get by here.  If I said I jacked this truck up and put it back into position, that means it had to come in some kind of a limping stage, something is wrong with this thing.  Because if it was a high-rail inspection, this would have been in its holsters locked in place, and we would have had to drop it ourself.  But I'm saying in this thing that I had to jack it up and drop it down.  That means that this thing had to be held up with something that I don't remember.  I don't remember.  It could have been chained, roped, or whatever, but in order to get that gear back.

Deposition of Peter Ebert, p. 110.

4

the plaintiff's *Motion*, where he alleges Mr. Kent testified that "the vehicle was then either derailed or raised to allow the arm to rotate forward and go over center angled toward the front of the vehicle…" is inaccurate, and cannot be found anywhere in Exhibit C of his *Motion in Limine*.

Further, terminology concerning the parts, mechanics, and operation of the hi-rail vehicles are not uniform. Almost every person who has testified in this case has referred to the parts and mechanics of the hi-rail using different terms or phrases. When the defendant completed its *Admissions,* it had not yet retained Mr. Kent as its expert, and thus, the terminology the defendant used in its *Admissions* is somewhat different than Mr. Kent's report and testimony. However, there is no material conflict of theory between the defendant's *Admissions* and Mr. Kent's opinion sufficient to make his testimony inadmissible.

Finally, even if the *Admissions* are inconsistent with Mr. Kent's deposition testimony, this inconsistency does not represent sufficient grounds for excluding Mr. Kent's testimony. At best this is an issue which goes to the weight, not the admissibility of his testimony.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that its *Motion* be GRANTED and that the Court dismiss plaintiff's *Motion in Limine*.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), the defendant respectfully states that oral argument may assist the Court and requests a hearing on its *Opposition to Motion in Limine to Exclude Testimony of Joseph Kent.*

                                          Respectfully submitted,

                                          CSX TRANSPORTATION, INC.,
                                          By its attorneys,

                                           /s/ Valerie A. McCormack
                                          Michael B. Flynn, BBO #559023
                                          *mbflynn@flynnassoc.com*
                                          Valerie A. McCormack, BBO #661460
                                          *vmccormack@flynnassoc.com*
                                          FLYNN & ASSOCIATES, P.C.
                                          400 Crown Colony Drive, Suite 200
                                          Quincy, MA 02169
                                          (617) 773-5500

## CERTIFICATE OF SERVICE

I, Valerie A. McCormack, attorney for the defendant, CSX Transportation, Inc., hereby certifies that I have served true and correct copies of the *Defendant's Opposition to Motion in Limine to Exclude Joseph Kent* upon all counsel of record electronically via *CM/ECF* this 11th day of December, 2006.

Dated:  December 11, 2006
G:\F & A\CASE FILES\CSX PI\Papadakis\Pleadings\Motions in Limine\Opp to MIL excl kent.doc